**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **National Housing Trust Community Development Fund** )<br>c/o Joel W. Ruderman, Esq. )<br>Watt, Tieder, Hoffar & Fitzgerald, )<br>L.L.P. )<br>1765 Greensboro Station Place )<br>McLean, VA 22102 )<br> )<br>        Plaintiff, )<br> )<br>    vs. )<br> )<br>**North East Housing Initiative, Inc.** )<br>5307 Belair Road )<br>Baltimore, MD 21206 )<br> )<br>        Defendant ) | 1:26-CV-76<br><br>Case No. _____ |

**COMPLAINT FOR BREACH OF CONTRACT**
**AGAINST NORTH EAST HOUSING INITIATIVE, INC.**

The National Housing Trust Community Development Fund ("Plaintiff"), by counsel, submits this Complaint against North East Housing Initiative, Inc. ("Defendant") (collectively, Plaintiff and Defendant are the "Parties"). In support of the Complaint, Plaintiff states:

**PARTIES, JURISDICTION, AND VENUE**

1.       Plaintiff is a District of Columbia nonprofit corporation, with a primary place of business located at 1101 Connecticut Avenue, NW, Suite 700, Washington, DC 20036. Plaintiff's mission is to promote the long-term preservation of quality housing for low- and moderate-income individuals.

2.       Defendant is a Maryland nonprofit corporation located at 5307 Belair Road, Baltimore, MD 21206. Defendant seeks to provide affordable housing and supportive services leading to homeownership in northeast Baltimore, Maryland.

3.      This Court has jurisdiction over this action based upon diversity of citizenship and amount pursuant to 28 U.S.C. § 1332.  Each issue of law and fact is between citizens of different states, and the amount in controversy exceeds the sum of $75,000.

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because this action concerns certain promissory notes wherein the Parties consented to venue in this jurisdiction.

## GENERAL ALLEGATIONS

5.      Prior to January 25, 2022, Defendant approached Plaintiff for the purpose of obtaining a $675,000 revolving line of credit to support Defendant's efforts to acquire, rehabilitate, and sell single family homes in northeast Baltimore, Maryland.  The proposed loan (the "Loan") was intended to advance Defendant's work and support Plaintiff's mission to preserve long-term affordable homeownership options.

6.      Defendant informed Plaintiff that it would repay the Loan primarily from a grant from the City of Baltimore of $750,000.

### COUNT I
Breach of Contract for the Initial Loan

7.      On or about March 7, 2022, Defendant, by Garrick R. Good, as its executive director, executed a Loan Agreement (the "Loan Agreement") and Revolving Line of Credit Promissory Note (the "Note") in favor of the Plaintiff in the principal amount of $675,000, with interest accruing at a non-default rate of 5.5% per annum (the Loan Agreement and the Note are collectively referred herein as the "Loan Documents").  A true and correct copy of the Loan Documents including subsequent modifications and amendments thereto are attached and incorporated herein by reference as Exhibit A.

8.      Under the Note, the Parties agreed that the Note would mature on September 7, 2023. On the maturity date, all unpaid principal, accrued and unpaid interest, and other obligations incurred under the Loan Agreement were due. *See* Exhibit A.

9.      Under the Note, the Parties agreed that upon default the entire unpaid balance and interest under the Note becomes immediately due and payable and that while such event of default is continuing, the Note shall bear interest equal to the maximum statutory rate allowable by the District of Columbia (or the maximum rate allowable by law). *Id.*

10.     Under the Note, the Parties also agreed that Plaintiff may recover all reasonable costs of collecting or attempting to collect the Note, including all reasonable attorneys' fees and disbursements. *Id.*

11.     On or about September 1, 2022, the Parties entered into a Loan Modification Agreement wherein the Parties agreed to  reduce the interest rate to 5.125%. *Id.*

12.     On or about May 11, 2023, the Parties entered into a (i) Second Loan Modification Agreement and (ii) Amended and Restated Revolving Line of Credit Promissory Note (the "Amended and Restated Note) wherein the Parties agreed to amend the Loan Documents to increase the principal sum of the loan by $30,000 for a total of $705,000. *Id*.

13.     Under the Amended and Restated Note, similar to the initial Note, the Parties agreed that upon default the entire unpaid balance under the Note becomes immediately due and payable, that while such event of default is continuing, the Note shall bear interest equal to the maximum statutory rate allowable by the District of Columbia. (or the maximum rate allowable by law), and that Plaintiff may recover all reasonable costs of collecting or attempting to collect the Note, including all reasonable attorneys' fees and disbursements. *Id*.

14.     Under the Amended and Restated Note, the Parties agreed to reduce the interest rate

of the loan to 5.125%. *Id.*

15.  On or about September 7, 2023, the Parties entered into a Third Loan Modification Agreement wherein the Parties agreed to extend the maturity of the Loan to November 6, 2023. *Id.*

16.  On or about November 6, 2023, the Parties entered into a Fourth Loan Modification Agreement wherein the Parties agreed to extend the maturity of the Loan to January 5, 2024. *Id.*

17.  On or about January 5, 2024, the Parties entered into a Fifth Loan Modification Agreement wherein the Parties agreed to: (i) extend the maturity date of the Loan, (2) convert the Loan from a revolving line of credit to a term loan, and (3) provide that Borrower shall execute and deliver to Plaintiff a Collateral Assignment and Pledge Agreement assigning and pledging Defendant's rights to and interest in the award to Defendant from the City of Baltimore of certain Affordable Housing Trust Grant Funds. *Id.*

18.  Contemporaneously with the Fifth Loan Modification, the Parties executed a Collateral Assignment wherein Defendant granted a security interest in and assigned to Plaintiff all of Defendant's rights to the disbursement of the Affordable Housing Trust Grant Funds. *Id.*

19.  On or about July 5, 2024, the Parties entered into a Sixth Loan Modification Agreement wherein the Parties agreed to extend the maturity date of the Loan to January 5, 2025. *Id.*

20.  On or about November 7, 2024, Defendant delivered to Plaintiff a check in the amount of $464,187.94 for the purported purpose of paying down the Loan. However, payment of the check to Plaintiff was denied for insufficient funds.

21.  On or about January 5, 2025, the Parties entered into a Seventh Loan Modification Agreement wherein the Parties agreed to extend the maturity of the Loan to May 15, 2025. *Id.*

22.  On or about September 7, 2025, the Parties entered into an Eighth Loan Modification Agreement wherein the Parties agreed to amend the Loan Documents to extend the maturity of the Loan

to August 15, 2025. *Id.* Under the Eighth Loan Modification Agreement, the Parties also agreed to amend the Note, as previously amended by the Amended and Restated Note, so that the principal amount of the Loan shall bear interest at the rate of 6%. *Id.*

23.    Plaintiff granted Defendant multiple extensions of the maturity date of the Loan. After the Eighth Loan Modification Agreement, the Parties did not agree to any further extension of the maturity date of the Loan.

24.    On August 15, 2025, the entire balance of the Loan and accrued interest was due to Plaintiff.

25.    On October 2, 2025, Plaintiff sent to a Notice of Default to Defendant informing Defendant that all sums advanced to Defendant under the Loan were immediately due and payable and that the outstanding principal balance of the Loan including accrued interest was $570,782.30. *See* Exhibit B.

26.    Defendant entered a valid, binding contract with the Plaintiff to pay all the indebtedness under the Loan Documents.

27.    Defendant has an unconditional, absolute, and irrevocable duty to pay all the monetary obligations due under the Loan Documents.

28.    Plaintiff has not received any payment for the outstanding balance of the Loan.

29.    Defendant breached the Loan Agreement by failing to make payments owed under the Loan Documents when due, and without regard to Plaintiff's demand for payment.

30.    Defendant's failure to make said payments is without merit or defense and caused Plaintiff to suffer damages in an amount of not less than $563,828.32, plus costs, expenses, and attorneys' fees. Plaintiff reserves the right to amend the amount owed at the time of the entry of the judgment to reflect all sums then due and owing.

WHEREFORE, the Plaintiff, National Housing Trust Community Development Fund, demands judgment against the Defendant, North East Housing Initiative, Inc., for compensatory damages in the amount not less than $563,828.32, or such greater amount as may be determined at trial, plus pre-judgment interest, costs, attorneys' fees and such other and further relief as this Court deems just and proper.

## COUNT II
### Breach of Contract for the Enterprise Loan

Plaintiff repeats, re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 6 as if same were fully set forth herein.

31.      Prior to May 5, 2023, Defendant requested from Plaintiff a $60,000 enterprise level loan to provide cash to the Defendant to cover Defendant's operating expenses.  In making the request, Defendant informed Plaintiff that it would repay the debt from a previously awarded grant to Defendant by the State of Maryland scheduled to close in June 2023.

32.      On or about May 11, 2023, Defendant, by Garrick R. Good, as its executive director, executed a loan agreement (the "Enterprise Loan Agreement") and promissory note (the "Enterprise Note") in favor of the Plaintiff in the principal amount of $60,000, with interest accruing at a non-default rate of 5.5% per annum (the Enterprise Loan Agreement and the Enterprise Note are collectively referred herein as the "Enterprise Loan Documents").  A true and correct copy of the Enterprise Loan Documents including subsequent modifications thereto are attached and incorporated herein by reference as Exhibit C.

33.      Under the Enterprise Note, the Parties agreed that upon default of the Enterprise Note the entire unpaid balance and interest under the Enterprise Note becomes immediately due and payable and that while such event of default is continuing, the Enterprise Note shall bear interest equal to the lesser of (i) the Interest Rate plus 5 percent (5.0%) or (ii) the

6

maximum rate allowable by law. *Id.*

34.    Under the Enterprise Note, the Parties also agreed that Plaintiff may recover all reasonable costs of collecting or attempting to collect the Enterprise Note, including all reasonable attorneys' fees and disbursements. *Id.*

35.    On or about September 30, 2023, the Parties entered into a Loan Modification Agreement wherein the Parties agreed to extend the maturity of the Enterprise Loan to November 29, 2023. *Id.*

36.    On or about November 29, 2023, the Parties entered into a Second Loan Modification Agreement wherein the Parties agreed to extend the maturity of the Enterprise Loan to January 28, 2024. *Id.*

37.    On or about January 28, 2024, the Parties entered into a Third Loan Modification Agreement wherein the Parties agreed to extend the maturity of the Enterprise Loan to July 28, 2024. *Id.*

38.    On or about July 28, 2024, the Parties entered into a Fourth Loan Modification Agreement wherein the Parties agreed to extend the maturity of the Enterprise Loan to January 28, 2025. *Id.*

39.    On or about January 28, 2025, the Parties entered into a Fifth Loan Modification Agreement wherein the Parties agreed to extend the maturity of the Enterprise Loan to July 28, 2025. *Id.*

40.    Plaintiff granted Defendant multiple extensions of the maturity date of the Enterprise Loan.  After the Fifth Loan Modification, the Parties did not agree to any further extension of the maturity date of the Enterprise Loan.

41.    On July 28, 2025, the entire balance of the Enterprise Loan and accrued interest

was due to the Defendant.

42.    On October 2, 2025, Plaintiff sent a Notice of Default to Defendant informing Defendant that all sums advanced to Defendant under the Enterprise Loan were immediately due and payable and that the outstanding balance of the Enterprise Loan including accrued interest was $61,072.59. *See* Exhibit D.

43.    Plaintiff has not received any payment for the outstanding balance of the Enterprise Loan.

44.    Defendant entered a valid, binding contract with the Plaintiff to pay all the indebtedness under the Enterprise Loan Documents.

45.    Defendant has an unconditional, absolute, and irrevocable duty to pay all the monetary obligations due under the Enterprise Loan Documents.

46.    Defendant breached the Enterprise Loan Agreement by failing to make payments owed under the Enterprise Loan Documents when due, and without regard to Plaintiff's demand for payment.

47.    Defendant's failure to make said payments is without merit or defense and has caused Plaintiff to suffer damages in an amount of not less than $61,072.59 plus costs, expenses, and attorneys' fees. Plaintiff reserves the right to amend the amount owed at the time of the entry of the judgment to reflect all sums then due and owing.

WHEREFORE, the Plaintiff, National Housing Trust Community Development Fund, demands judgment against the Defendant, North East Housing Initiative, Inc., for compensatory damages in the amount not less than $60,000, or such greater amount as may be determined at trial, plus pre-judgment interest, costs, attorneys' fees and such other and further relief as this Court deems just and proper.

Dated: January 12, 2026                    Watt, Tieder, Hoffar & Fitzgerald, L.L.P


                                            */s/ Joel W. Ruderman*
                                            Joel W. Ruderman
                                            Federal Bar No.  479385
                                            Jennifer L. Kneeland
                                            Federal Bar No. 490522
                                            1765 Greensboro Station
                                            Place, Suite 1000
                                            McLean, Virginia, 22102
                                            (703) 749-1080 (telephone)
                                            (facsimile)
                                            E-Mail: jruderman@watttieder.com
                                            E-Mail: jkneeland@watttieder.com

                                            *Counsel for Plaintiff,*
                                            *National Housing Trust Community*
                                            *Development Fund.*