**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

NATIONAL HOUSING TRUST
COMMUNITY DEVELOPMENT FUND

      Plaintiff,

      v.

NORTH EAST HOUSING INITIATIVE, INC.,

      Defendant.

Civil Action No.  1:26-CV-76

**NATIONAL HOUSING TRUST COMMUNITY**
**DEVELOPMENT FUND'S MEMORANDUM OF LAW**
**IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Plaintiff, National Housing Trust Community Development Fund ("Plaintiff"), by undersigned counsel, submits its Memorandum of Law in Support of its Motion for Summary Judgment (the "Motion"), pursuant to Federal Rule of Civil Procedure 56, against North East Housing Initiative ("Defendant") (collectively, Plaintiff and Defendant shall be referred to herein as the "Parties") and states:

**PRELIMINARY STATEMENT**

Plaintiff entered into two loan agreements and related promissory notes with Defendant (the "Loans").  Plaintiff's Complaint (ECF 1) (the "Complaint") ¶¶ 7 and 32, Exhibits A and C attached to the Complaint, Defendant's Answer to Complaint (ECF 10) (the "Answer") ¶¶ 7 and 32.  Pursuant to the Loans, Plaintiff loaned Defendant approximately $735,000. *Id.*  Defendant failed to make most of the payments owed under the Loans when due, and without regard to Plaintiff's demand for payment.  Complaint ¶¶ 28, 29 and 46, Answer ¶¶ 28, 29 and 46.  Defendant does not deny that it received the loaned funds, that it is obligated to repay the Loan in full and that it failed to do so. *Id.* Because no material dispute of fact exists, Plaintiff requests summary

judgment and entry of a monetary judgment in its favor in the amount of $631,854.89, plus pre-judgment interest, costs, and attorneys' fees.

**STATEMENT OF UNDISPUTED MATERIAL FACTS**

**Count I – Breach of Contract for the Initial Loan**

1.      On or about March 7, 2022, Defendant, by Garrick R. Good, as its executive director, executed a loan agreement (the "Initial Loan") and note (the "Initial Note") in favor of the Plaintiff in the principal amount of $675,000, with interest accruing at a non-default rate of 5.5% per annum. Complaint ¶ 7 and Ex. A attached to the Complaint, Answer ¶ 7.

2.      The Initial Note originally matured on September 7, 2023.  Complaint ¶ 8 and Ex. A attached to the Complaint, Answer ¶ 8.

3.      On the maturity date, all unpaid principal and unpaid interest, and other obligations incurred under the Loan Agreement became due. *Id.*

4.      The parties executed eight loan modifications and an amended and restated note (the "Amended and Restated Note"). Complaint ¶¶ 12-22 and Ex. A attached to the Complaint, Answer ¶¶ 12-22.

5.      Under the Amended and Restated Note, the Parties agreed that upon default the entire unpaid balance under the Initial Note becomes immediately due and payable, that while such event of default is continuing, the Initial Note shall bear interest equal to the maximum statutory rate allowable by the District of Columbia (or the maximum rate allowable by law), and that Plaintiff may recover all reasonable costs of collecting or attempting to collect the Initial Note, including all reasonable attorneys' fees and disbursements.  Complaint ¶ 13 and Ex. A attached to the Complaint, Answer ¶ 13.

6.      Under the Eighth Loan Modification Agreement, the Parties agreed to amend the Initial Note so that the principal amount of the loan shall bear interest of 6%.  Complaint ¶ 22 and Ex. A attached to the Complaint, Answer ¶ 22.

7.      On October 2, 2025, Plaintiff sent a Notice of Default to Defendant informing Defendant that all sums advanced to Defendant under the Initial Loan were immediately due and payable and that the outstanding principal balance of the Initial Loan including accrued interest was $570,782.30.  Complaint ¶ 25 and Ex. B attached to the Complaint, Answer ¶ 25.

8.      Defendant failed to pay Plaintiff the outstanding balance of the Initial Loan. Complaint ¶ 28, Answer ¶ 28.

9.      Because Defendant breached the Initial Loan by failing to make payments owed under the Initial Loan Documents when due, and without regard to Plaintiff's demand for payment, Defendant is liable to Plaintiff for damages caused by Defendant of not less than $570,782.30, plus pre-judgment interest, costs and attorneys' fees.  Complaint ¶¶ 29-30 and Exhibit A to the Complaint, Answer ¶¶ 29-30, and Declaration of Alice Hamilton Evert ("Evert Declaration"), ¶¶ 5-6.

**Count II – Breach of Contract for the Enterprise Loan**

10.      On May 11, 2023, Defendant, through Mr. Good executed a second loan agreement (the "Enterprise Loan") and note (the "Enterprise Note") in favor of Plaintiff in the principal amount of $60,000 with interest accruing at a non-default rate of 5.5% per annum.  Complaint ¶ 32 and Exhibit C to the Complaint.

11.      Under the Enterprise Note, the Parties agreed that upon default of the Enterprise Note the entire unpaid balance and interest under the Enterprise Note becomes immediately due and payable and that while such event of default is continuing, the Enterprise Note shall bear

interest equal to the lesser of: (i) the Interest Rate plus 5 percent (5.0%) or (ii) the maximum rate allowable by law.  Complaint ¶ 33, Answer ¶ 33 and Exhibit C.

12.    The parties executed five loan modifications agreements for the Enterprise Loan. Complaint ¶¶ 35-40 and Exhibit C to the Complaint, Answer ¶ 35-40.

13.    Under the Fifth Loan Modification, the entire balance of the Enterprise Loan and accrued interest was due Plaintiff on July 28, 2025.  Complaint ¶ 39 and Exhibit C to the Complaint, Answer ¶ 39.

14.    On October 2, 2025, Plaintiff sent a Notice of Default to Defendant informing Defendant that all sums advanced to Defendant under the Enterprise Loan were immediately due and payable and that the outstanding principal balance of the Enterprise Loan including accrued interest was $61,072.59.  Complaint ¶ 42 and Exhibit D to the Complaint.

15.    Defendant failed to pay Plaintiff the outstanding balance of the Enterprise Loan. Answer ¶ 43 and Complaint ¶ 43.

16.    Because Defendant breached the Enterprise Loan by failing to make payments owed under the Enterprise Loan Documents when due, and without regard to Plaintiff's demand for payment, Defendant is liable to Plaintiff for damages of not less than $61,072.59 plus pre-judgment interest, costs, and attorneys' fees, caused by Defendant.  Complaint ¶¶ 46-47, Answer ¶ 46 and Evert Declaration, ¶¶ 5 and 7.

**Total Damages Under Counts I and II**

17.    Plaintiff is entitled to a judgment against Defendant of $631,854.89, plus pre-judgment interest, costs, and attorneys' fees.  Evert Declaration, ¶ 8.

**STANDARD OF REVIEW**

Summary judgment is appropriate when the movant meets its initial burden to establish that there is no genuine issue of material fact and the moving party is entitled to judgment as a

4

matter of law.  *See* Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986).  Motions for summary judgment should be granted when the court, having reviewed all the evidence offered by both parties and resolving all factual disputes in favor of the non-moving party, determines that there is no genuine triable issue of fact.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  Summary judgment should be granted where the dispute involves enforcement of an unambiguous contract.  *SAS Institute, Inc. v. World Programming Ltd.*, 874 F.3d 370 (4th Cir. 2017); *U.S. v. Turner Constr. Co.*, 946 F.3d 201 (4th Cir. 2019).  In such instances, courts will enforce contracts as written and must refrain from rewriting the agreement to save a party from the express terms to which it agreed.  *ACA Fin. Guar. Corp. v. City Buena Vista*, 917 F.3d 206, 216 (4th Cir. 2019); *U.S. v. Race*, 632 F.2d 1114, 1119 (4th Cir. 1980).

## ARGUMENT

No genuine dispute of material fact exists as to Defendant's liability under the contracts. Under District of Columbia law, the party alleging breach of a contract must prove: (1) a valid contract between the parties; (2) an obligation or duty arising of the contract;  (3) a breach of that duty; and (4) damages caused by that breach.  *Moini v. LeBlanc,* 456 F. Supp. 3d 34, 50 (D. D.C. 2020); *Tsintolas Realty v. Mendez*, 984 A.2d 181, 187 (2009).

All four elements of Defendant's breach of the Contract claim are fully established by the Complaint, the Declaration, and the exhibits attached thereto:

(1)      Defendant entered into two separate agreements to pay Plaintiff the indebtedness under the Initial Loan Documents and the Enterprise Loan Documents.  Plaintiff's Complaint (ECF 1) (the "Complaint") ¶¶ 7 and 32, Exs. A and C attached to the Complaint, Defendant's Answer to Complaint (ECF 10) (the "Answer") ¶¶ 7 and 32.

(2)    Defendant has an unconditional, absolute, and irrevocable duty to pay the monetary obligations due under the Initial Loan Documents and the Enterprise Loan Documents.  *Id.*

(3)    Defendant materially breached its obligations under the Initial Loan Documents and the Enterprise Loan Documents when it failed to make payments owed under these loan documents when due, and without regard to Plaintiff's demand for payment.  Complaint ¶¶ 29 and 46, Answer ¶¶ 29 and 46, and Evert Declaration ¶ 5.  Defendant did not pay Plaintiff for the amounts due under the Initial Loan Documents and the Enterprise Loan Documents. Plaintiff did not receive any payment for the outstanding balance of the Initial Loan.  Complaint ¶¶ 28 and 43, Answer ¶ 28 and 43.

(4)    Defendant's failure to make said payments owed under the Initial Loan Documents and the Enterprise Loan Documents caused Plaintiff to suffer damages in an amount of not less than $631,854.89, plus pre-judgment interest, costs, and attorneys' fees.  Complaint ¶¶ 30 and 48, Answer ¶¶ 30 and 48, and Evert Declaration, ¶6, 7 and 8.  Despite demand and notice, Defendant failed to abide by its obligations under the Initial Loan Agreement and the Enterprise Loan Agreement to pay all outstanding indebtedness due.  Complaint ¶¶ 25, 29 and 30, Answer ¶¶ 42 and 46, and Evert Declaration, ¶ 5.

None of these facts are in dispute.  Therefore, the Initial Loan Agreement and Initial Note, and the Enterprise Loan Agreement and Enterprise Note should be enforced in accordance with their plain, unambiguous terms, and summary judgment should be entered on Counts I and II.

**Plaintiff is Entitled to Summary Judgment Against Defendant in the Amount of $631,854.89, Plus Additional Accruing Pre-Judgment Interest, Costs, and Attorneys' Fees.**

As a result of Defendant's breach of the Loans, Plaintiff is entitled to a judgment against Defendant of not less than $631,854.89, plus pre-judgment interest, costs, and attorneys' fees.  *See* Evert Decl., ¶ 8.

**CONCLUSION**

The Plaintiff requests that this Court grant its Motion for Summary Judgment as to all Counts in its Complaint against Defendant, and that the Court enter an Order in favor of Plaintiff and against Defendant, providing for: (a) a money judgment against Defendant Northeast Housing Initiative, Inc. in the amount of not less than $631,854.89, plus pre-judgment interest, costs, and attorneys' fees; (b) plus interest accruing pursuant to 28 U.S.C. § 1691; (c) reserving Plaintiff's right to pursue any and all further relief available under the Initial Loan Agreement and the Enterprise Loan Agreement; and (d) any such other and further relief to which Plaintiff may show itself justly entitled.

March 17, 2026                                        Respectfully submitted,


                                                     */s/ Joel W. Ruderman*
                                                     Joel W. Ruderman
                                                     Federal Bar No. 479385
                                                     Jennifer L. Kneeland
                                                     Federal Bar No. 490522
                                                     1765 Greensboro Station
                                                     Place, Suite 1000
                                                     McLean, Virginia, 22102
                                                     (703) 749-1080 (telephone)
                                                     E-Mail: jruderman@watttieder.com
                                                     E-Mail: jkneeland@watttieder.com

                                                     Counsel for Plaintiff, National Housing Trust
                                                     Community Development Fund.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY certify that I caused the foregoing to be served via CM/ECF on March 17, 2026 on the following:

Danya C. Cooper, Esquire
Cooper Legal, LLC
1 Olympic Place, Suite 900
Towson, MD 21204
dayna@cooperlegalsolutions.com


Marc Shach, Esquire
1301 York Road, Suite 400
Lutherville, MD 21093
mes@cooncolelaw.com

/s/ Joel W. Ruderman
Joel W. Ruderman