**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

NATIONAL HOUSING TRUST
COMMUNITY DEVELOPMENT FUND

Plaintiff,

v.

NORTH EAST HOUSING INITIATIVE, INC.,

Defendant.

Civil Action No.  1:26-CV-76

**STATEMENT OF UNDISPUTED MATERIAL FACTS**

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 7(h), Plaintiff, National Housing Trust Community Development Fund ("Plaintiff"), by undersigned counsel, submits its Statement of Undisputed Material Facts in support of its Motion for Summary Judgment (the "Motion") against North East Housing Initiative ("Defendant") (collectively, Plaintiff and Defendant shall be referred to herein as the "Parties") and sets forth the following undisputed material facts:

**STATEMENT OF UNDISPUTED MATERIAL FACTS**

**Count I – Breach of Contract for the Initial Loan**

1.      On or about March 7, 2022, Defendant, by Garrick R. Good, as its executive director, executed a  loan agreement (the "Initial Loan") and note (the "Initial Note") in favor of the Plaintiff in the principal amount of $675,000, with interest accruing at a non-default rate of 5.5% per annum. Complaint ¶ 7 and Ex. A attached to the Complaint, Answer ¶ 7.

2.      The Initial Note originally  matured on September 7, 2023.  Complaint ¶ 8 and Ex. A attached to the Complaint, Answer ¶ 8.

3.      On the maturity date, all unpaid principal and unpaid interest, and other obligations incurred under the Loan Agreement became due. *Id.*

4.      The parties executed eight loan modifications and an amended and restated note (the "Amended and Restated Note"). Complaint ¶¶ 12-22 and Ex. A attached to the Complaint, Answer ¶¶ 12-22.

5.      Under the Amended and Restated Note, the Parties agreed that upon default the entire unpaid balance under the Initial Note becomes immediately due and payable, that while such event of default is continuing, the Initial Note shall bear interest equal to the maximum statutory rate allowable by the District of Columbia (or the maximum rate allowable by law), and that Plaintiff may recover all reasonable costs of collecting or attempting to collect the Initial Note, including all reasonable attorneys' fees and disbursements.  Complaint ¶ 13 and Ex. A attached to the Complaint, Answer ¶ 13.

6.      Under the Eighth Loan Modification Agreement, the Parties agreed to amend the Initial Note so that the principal amount of the loan shall bear interest of 6%.  Complaint ¶ 22 and Ex. A attached to the Complaint, Answer ¶ 22.

7.      On October 2, 2025, Plaintiff sent a Notice of Default to Defendant informing Defendant that all sums advanced to Defendant under the Initial Loan were immediately due and payable and that the outstanding principal balance of the Initial Loan including accrued interest was $570,782.30.  Complaint ¶ 25 and Ex. B attached to the Complaint, Answer ¶ 25.

8.      Defendant failed to pay Plaintiff the outstanding balance of the Initial Loan. Complaint ¶ 28, Answer ¶ 28.

9.      Because Defendant breached the Initial Loan by failing to make payments owed under the Initial Loan Documents when due, and without regard to Plaintiff's demand for

2

payment,  Defendant is liable to Plaintiff for damages caused by Defendant of not less than $570,782.30, plus pre-judgment interest, costs and attorneys' fees.  Complaint ¶¶ 29-30 and Exhibit A to the Complaint, Answer ¶¶ 29-30, and Declaration of Alice Hamilton Evert ("Evert Declaration"), ¶¶ 5-6.

**Count II – Breach of Contract for the Enterprise Loan**

10.    On May 11, 2023, Defendant, through Mr. Good executed the  a second loan agreement (the "Enterprise Loan") and note (the "Enterprise Note") in favor of Plaintiff in the principal amount of $60,000 with interest accruing at a non-default rate of 5.5% per annum. Complaint ¶ 32 and Exhibit C to the Complaint.

11.    Under the Enterprise Note, the Parties agreed that upon default of the Enterprise Note the entire unpaid balance and interest under the Enterprise Note becomes immediately due and payable and that while such event of default is continuing, the Enterprise Note shall bear interest equal to the lesser of: (i) the Interest Rate plus 5 percent (5.0%) or (ii) the maximum rate allowable by law.  Complaint ¶ 33, Answer ¶ 33 and Exhibit C.

12.    The parties executed five loan modifications agreements for the Enterprise Loan. Complaint ¶¶ 35-40 and Exhibit C to the Complaint, Answer ¶ 35-40.

13.    Under the Fifth Loan Modification, the entire balance of the Enterprise Loan and accrued interest was due Plaintiff on July 28, 2025.  Complaint ¶ 39 and Exhibit C to the Complaint, Answer ¶ 39.

14.    On October 2, 2025, Plaintiff sent a Notice of Default to Defendant informing Defendant that all sums advanced to Defendant under the Enterprise Loan were immediately due and payable and that the outstanding principal balance of the Enterprise Loan including accrued interest was $61,072.59.  Complaint ¶ 42 and Exhibit D to the Complaint.

15.    Defendant failed to pay Plaintiff the outstanding balance of the Enterprise Loan. Answer ¶ 43 and Complaint ¶ 43.

16.    Because Defendant breached the Enterprise Loan by failing to make payments owed under the Enterprise Loan Documents when due, and without regard to Plaintiff's demand for payment, Defendant is liable to Plaintiff for damages of not less than $61,072.59 plus pre-judgment interest, costs, and attorneys' fees, caused by Defendant.  Complaint ¶¶ 46-47, Answer ¶ 46 and Evert Declaration, ¶¶ 5 and 7.

**Total Damages Under Counts I and II**

17.    Plaintiff is entitled to a judgment against Defendant of $631,854.89, plus pre-judgment interest, costs, and attorneys' fees.  Evert Declaration, ¶ 8.

March 17, 2026                                          Respectfully submitted,


                                                       */s/ Joel W. Ruderman*
                                                       Joel W. Ruderman
                                                       Federal Bar No. 479385
                                                       Jennifer L. Kneeland
                                                       Federal Bar No. 490522
                                                       1765 Greensboro Station
                                                       Place, Suite 1000
                                                       McLean, Virginia, 22102
                                                       (703) 749-1080 (telephone)
                                                       E-Mail: jruderman@watttieder.com
                                                       E-Mail: jkneeland@watttieder.com

                                                       Counsel for Plaintiff, National Housing Trust
                                                       Community Development Fund

**CERTIFICATE OF SERVICE**

I HEREBY certify that I caused the foregoing to be served via CM/ECF on March 17, 2026 on the following:

Danya C. Cooper, Esquire
Cooper Legal, LLC
1 Olympic Place, Suite 900
Towson, MD 21204
dayna@cooperlegalsolutions.com


Marc Shach, Esquire
1301 York Road, Suite 400
Lutherville, MD 21093
mes@cooncolelaw.com

/s/ Joel W. Ruderman
Joel W. Ruderman