IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL HOUSING TRUST
COMMUNITY DEVELOPMENT FUND

        Plaintiff,

    v.

NORTH EAST HOUSING INITIATIVE, INC.,

        Defendant.

Civil Action No.  1:26-CV-76

**RULE 26(F) JOINT REPORT**

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.3, Plaintiff, National Housing Trust

Community Development Fund ("Plaintiff"), and Defendant North East Housing Initiative, Inc.

("Defendant") (collectively, "Defendant" and "Plaintiff" are the "Parties"), submit this Rule 26(f)

Joint Report, and state:

**I.      Conference of the Parties**

On March 10, 2026, the Parties, by counsel, met to discuss the matters set forth in Local

Rule 26.3, to arrange for disclosures required by Fed. R. Civ. P. 26(a)(1), and develop a discovery

plan.

**II.     Plaintiff's Position**

Plaintiff entered into two loan agreements and related promissory notes with Defendant

(the "Loans").[1]  Pursuant to the Loans, Plaintiff loaned Defendant approximately $735,000.[2]

Defendant failed to make most of the payments owed under the Loans when due, and without

---

[1] Plaintiff's Complaint (ECF 1) (the "Complaint") ¶¶ 7 and 32, Exhibits A and C attached to the Complaint, Defendant's Answer to Complaint (ECF 10) (the "Answer") ¶¶ 7 and 32.

[2] *Id.*

regard to Plaintiff's demand for payment.[3]  Defendant does not deny that it received the loaned funds, that it is obligated to repay the Loans in full and that it failed to do so.[4] Because no material dispute of fact exists, on March 17, 2026, Plaintiff filed a motion for summary judgment and requests entry of a monetary judgment in its favor against Defendant in the amount of $631,854.89, plus pre-judgment interest, costs, and attorneys' fees.

### III.   Defendant's Position

Repayment of Plaintiff was to be from grant funds from Baltimore City.  Baltimore City paused funding based upon factors beyond the control of Defendant, making repayment of the loan from Plaintiff commercially impracticable.

Baltimore City's pause in funding frustrated the source of repayment which was relied upon by the Plaintiff in making the loan to Defendant.  Because the principal source of repayment was through public funds, and was frustrated by an unforeseen sovereign act, performance by Defendant should be excused.

### IV.   Discovery Plan

The Parties agree that there is no need for any discovery in this case.  However, subject to the Court's ruling on Plaintiff's Summary Judgment Motion, the Parties reserve the right to conduct discovery regarding any affirmative defenses raised by Defendant.

### V.   Agreements with respect to items set forth in Local Rule 26.3(c)

At the Rule 26(f) conference, the Parties discussed each of the matters required under Local Rule 26.3 and agreed as follows:

---

[3] Complaint ¶¶ 28, 29 and 46, Answer ¶¶ 28, 29 and 46.

[4] *Id.*

(1)    Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.

**Response:**    On March 17, 2026, Plaintiff filed a Motion for Summary Judgment.  The Parties agree that there is no need for any discovery in this matter, thus there is no need for any matters to wait a decision on the motion.

(2)    The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.

**Response:**    The Parties do not intend to join any other parties or amend the pleadings but reserve their right to do so in accordance with the rules of this Court.

(3)    Whether the case should be assigned to a magistrate judge for all purposes, including trial.

**Response:**    The Parties are amenable to assigning this matter to a magistrate judge for all purposes including trial.

(4)    Whether there is a realistic possibility of settling the case.

**Response:**    Because Plaintiff does not believe Defendant has any valid defenses to the Complaint, Plaintiff does not believe there is a realistic possibility to settle this case before a judgment is entered.

(5)    Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients. In assessing the above, counsel shall consider:

(i) the client's goals in bringing or defending the litigation;

(ii) whether settlement talks have already occurred and, if so, why they did not produce an agreement

(iii) the point during the litigation when ADR would be most appropriate, with special consideration given to:

(aa) whether ADR should take place after the informal exchange or production through discovery of specific items of information; and

(bb) whether ADR should take place before or after the judicial resolution of key legal issues;

(iv) whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and

(v) whether cost savings or any other practical advantages would flow from a stay of discovery or of other pre-trial proceedings while an ADR process is pending.

**Response:** The Parties do not believe that this case could benefit from the Court's alternative dispute resolution procedures.

(6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

**Response:** Plaintiff believes that this case can be resolved by summary judgment. Plaintiff filed its Motion for Summary Judgment on March 17, 2026. The parties propose that Defendant file a cross-motion or opposition by April 14, 2026, and Plaintiff file any reply by April 21, 2026. The parties request a decision on the motion for summary judgment on a date as soon as practicable and no later than May 8, 2026.

(7) Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1), and if not, what if any changes should be made in the scope, form or timing of those disclosures.

**Response:** The Parties have agreed to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1).

(8) The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

**Response:** The Parties have agreed that there is no need for discovery in this case. However, subject to the Court's ruling on Plaintiff's Summary Judgment Motion, the Parties reserve the right to conduct discovery regarding any affirmative defenses raised by Defendant.

4

(9)    Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.

**Response:**    No issues exist regarding disclosure, discovery, or preservation of electronically stored information.

(10)    Any issues about claims of privilege or of protection as trial-preparation materials, including- if the parties agree on a procedure to assert these claims after production- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.

**Response:**    No issues exist regarding claims of privilege or of protection as trial-preparation materials.

(11)    Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2), should be modified, and whether and when depositions of experts should occur.

**Response:**    Neither party intends to present expert witnesses.

(12)    In class actions, appropriate procedures for dealing with Rule 23, Fed .R. Civ. P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

**Response:**    N/A.

(13)    Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

**Response:**    The Parties agree that there is no need to bifurcate this case.

(14)    The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

**Response:**    The Parties request that a pretrial conference be scheduled as soon as possible after the Court decides dispositive motions.

(15)    Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

**Response:**    The Parties agree that a trial date can be scheduled at the first scheduling conference.

(16)    Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

**Response:**    There are no other items that the Parties believe are appropriate for inclusion in the scheduling order.

## VI.    Joint Scheduling Report

The Parties propose the Joint Scheduling Order attached hereto as Exhibit A.

March 24, 2026                                    Respectfully submitted,


                                    /s/ Joel W. Ruderman
                                    Joel W. Ruderman
                                    Federal Bar No. 479385
                                    Jennifer L. Kneeland
                                    Federal Bar No. 490522
                                    1765 Greensboro Station
                                    Place, Suite 1000
                                    McLean, Virginia, 22102
                                    (703) 749-1080 (telephone)
                                    E-Mail: jruderman@watttieder.com
                                    E-Mail: jkneeland@watttieder.com

                                    Counsel for Plaintiff, National Housing Trust
                                    Community Development Fund

                                    and


                                    /s/ Marc E. Shach
                                    Marc E. Shach (admitted Pro Hac Vice)
                                    Coon & Cole, LLC
                                    1301 York Road, Suite 400
                                    Lutherville, Maryland 21093
                                    E-Mail: mes@cooncolelaw.com
                                    410-630-4428
                                    410-825-5941 (fax)

                                    Counsel for Defendant North East Housing
                                    Initiative, Inc

6

**CERTIFICATE OF SERVICE**

I HEREBY certify that I caused the foregoing to be served via CM/ECF on March 24, 2026 on the following:

Danya C. Cooper, Esquire
Cooper Legal, LLC
1 Olympic Place, Suite 900
Towson, MD 21204
dayna@cooperlegalsolutions.com


Marc Shach, Esquire
1301 York Road, Suite 400
Lutherville, MD 21093
mes@cooncolelaw.com

_/s/_ Joel W. Ruderman
       Joel W. Ruderman