**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

NATIONAL HOUSING TRUST
COMMUNITY DEVELOPMENT FUND,

    *Plaintiff*,

v.

NORTH EAST HOUSING INITIATIVE INC,

    *Defendant*.

No. 26-cv-76-MAU

**SUMMARY JUDGMENT PROCEDURES ORDER**

The Court strictly enforces Federal Rules of Civil Procedure 56(c)(1) and Local Civil Rule 7(h)(1), and the Parties must comply with those rules.  In addition to the rules above, the Parties must abide by the following guidelines in complying with the rules. Failure to comply with the procedures below may result in the Court denying the motion or striking a submission and ordering a Party to conform its filing to this Order:

1.      When resolving motions for summary judgment, the Court will "assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion."  LCvR 7(h); *see also* Fed. R. Civ. P. 56(e).

1

## Movant's Statement of Facts

2.      The movant's statement of facts, as described in LCvR 7(h)(1), must be a separate document from the motion or memorandum.

3.      The movant's statement of facts must be a short and concise statement, in numbered paragraphs, of all material facts that the movant claims there is no genuine dispute.  Each paragraph must contain only one factual assertion.  Headings and sub-headings between paragraphs to divide and organize the facts are encouraged and need not be numbered.

4.      Each paragraph must include precise citations (i.e., to the relevant pages, paragraph numbers, or lines of deposition testimony) to the evidentiary support in the record.  Supporting exhibits should be filed in a separate appendix, and any such exhibits must be admissible or able to be converted to admissible evidence under the Federal Rules of Evidence.  The Parties must use optical character recognition or an analogous technology to convert all exhibits and scanned images (including handwritten, typewritten, or printed text) into machine-encoded text.

5.      The Court, in its discretion, may disregard any fact: (a) that is not supported by a reference to evidence in the record, including depositions, documents, electronically-stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials; (b) that is supported by a citation to a pleading rather than to competent, admissible evidence; (c) that states a legal conclusion; or (d) that is asserted in a brief and not in the movant's statement of material facts.

2

**Opponent's Response to Movant's Statement of Facts**

6.      The opposition to a motion for summary judgment must be accompanied by a separate document that contains a response to each paragraph of the movant's statement of facts.  *See* LCvR 7(h)(1).

7.      The opposing party must restate each of the movant's facts verbatim and then, underneath each of movant's paragraphs, state whether the opponent admits, disputes, or admits in part and disputes in part that fact.  The opponent must respond to each numbered paragraph in the movant's statement of facts.  For example, if the movant's statement of facts contains five paragraphs, with an alleged undisputed material fact in each paragraph, the opposing party's statement must also contain five paragraphs that either admit, dispute, or admit in part and dispute in part the movant's corresponding fact.  When disputing only a portion of the paragraph, the opposing party must expressly identify the facts that are disputed and admit the rest.  An example of the required format is below:

1.      It was raining on the day of the accident, January 5, 2020.  *See* Ex. 5 at p.3.

**Response**: Admitted.

2.      On the day of the accident, Defendant had perfect vision.  *See* Ex. 4 at p.10.

**Response**: Disputed.  Defendant suffered from cataracts that impaired the vision in her right eye.  *See* Ex. 2 at p.3.

8.      For each fact that the opponent disputes, the response should contain (in the appropriately numbered individual paragraph) a concise, non-argumentative response and

3

a precise citation to the contradictory or competing evidence supporting that response. Supporting exhibits should be filed in a separate appendix and must be admissible or able to be converted to admissible evidence under the Federal Rules of Evidence.

9.      The response may also state an objection to the admissibility of the evidence on which the movant relies, an objection stating that the movant's evidence does not support the factual assertion, or an objection that the factual assertion is not material.  Even if an objection is made, the response must still indicate whether the movant's factual assertion is disputed and set forth any competing or contradictory evidence in case the Court overrules the objection.  Any evidentiary objection requiring lengthy argument must be summarized in the opposing party's statement, and the full basis and legal authority for the objection must be made in a separate motion in limine filed simultaneously with the response.

10.     The Court, in its discretion, may deem each of the movant's facts admitted unless the opposing party: (a) directly refutes the movant's fact with concise responses supported by specific citations to evidence (including page or paragraph number); (b) states a valid objection to the admissibility of the evidence in support of the movant's fact; (c) points out that the movant's citation does not support the movant's fact; or (d) points out that the movant's fact is not material or otherwise has failed to comply with the Federal Rules, the Local Rules, or an Order of this Court.

11.     The opposition to a motion for summary judgment may also include a separate statement of genuine issues described in LCvR 7(h)(1) that lists any additional facts that the opponent contends are material and present a genuine issue for trial.  The

opponent must list each additional material fact in numbered paragraphs, beginning with the next consecutive number following the last paragraph in the movant's statement.  For example, if the movant's last fact was enumerated at paragraph nine, the opposing party's separate statement of genuine issues should begin at paragraph ten.  The opposing party's statement must comply with the guidelines in paragraphs 2–5 above.  Absent prior leave of Court, an opposing party to a summary judgment motion may not file more than 40 separate facts (e.g., 40 paragraphs).

### **Reply Brief and Ultimate Combined Statement of Facts**

12.    If an opposing party provides a statement of additional material facts that are in dispute, then, within the time permitted for a reply, the movant may file a separate document containing a concise and supported response to each of the opposing party's facts, that corresponds to the enumerated facts in the opponent's statement.  The range of acceptable responses is limited to: (a) an objection to the admissibility of the evidence on which the opponent relies; (b) an objection pointing out that the opponent's evidence does not support the opponent's fact; (c) an objection on the ground that the opponent's fact is not material or does not otherwise comply with the Federal Rules, the Local Rules, or an Order of this Court; or (d) an admission that the Court can properly consider the opponent's factual assertion for purposes of the summary judgment motion.  Any evidentiary objection requiring lengthy argument must be summarized in the movant's reply statement, and the full basis and legal authority for the objection must be made in a separate motion in limine filed simultaneously with the reply.  The Court, in its discretion, may deem each of the opponent's facts admitted unless the movant specifically controverts that fact in its reply.

13.    Upon the filing of the Parties' statements, responses, and replies, the movant must integrate all such statements (copied verbatim) into a single document entitled the "Compiled Statement of Material Undisputed Facts, Responses, and Replies."  This document will contain each of the movant's numbered paragraphs with the opponent's responses underneath each paragraph (as shown in Paragraph 7 above) followed, if applicable, by each of the opponent's facts with the movant's response underneath each paragraph.  The moving party must file the Compiled Statement of Material Undisputed Facts, Responses, and Replies no later than 7 days after the filing of its reply brief.

14.    The Parties must exchange their statements in Microsoft Word, WordPerfect, or similar format at the time of each filing to facilitate this process.  A joint appendix of the Parties' supporting exhibits is not required to be filed unless requested by the Court.

**SO ORDERED**.

Date:  May 6, 2026

_____
MOXILA A. UPADHYAYA
UNITED STATES MAGISTRATE JUDGE

6