**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

NATIONAL HOUSING TRUST
COMMUNITY DEVELOPMENT FUND

        Plaintiff,

    v.

NORTH EAST HOUSING INITIATIVE, INC.,

        Defendant.

Civil Action No.  1:26-CV-76

**PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS**

Pursuant to Federal Rule of Civil Procedure 56, Local Civil Rule 7(h)(1), and the Court's

Summary Judgment Procedures Order (ECF No. 20), Plaintiff National Housing Trust Community

Development Fund ("Plaintiff"), by undersigned counsel, respectfully submits this Statement of

Undisputed Material Facts in support of its Motion for Summary Judgment against Defendant

North East Housing Initiative, Inc. ("Defendant").

**Count I – Breach of Contract for the Initial Loan**

1.    On or about March 7, 2022, Defendant, by Mr. Good, as its executive director,

executed a Loan Agreement (the "Initial Loan Agreement") and Revolving Line of Credit

Promissory Note (the "Initial Note") in favor of Plaintiff in the principal amount of $675,000. Ex.

2 (Ex. A to Compl., ECF No. 1-1), at 3 (Loan Agreement, Art. I, § 1.2).[1]

2.    Section 3.1 of the Initial Loan Agreement provides that "Borrower shall make all

payments of principal and interest under the [Initial] Note as and when the same become due and

---

[1] Underlined Exhibit Numbers in this statement reference Exhibit Numbers set forth in the
Appendix of Supporting Exhibits to National Housing Trust Community Development Fund's
Motion for Summary Judgment, filed contemporaneously herewith.

payable without notice or demand." Ex. 5 (Good Dep. Tr.), 51:2-10; Ex. 2 (Ex. A to Compl., ECF No. 1-1), at 5 (Loan Agreement, § 3.1).

3.      Section 8.1 of the Initial Loan Agreement provides that "[n]o provision or term of this Agreement may be amended, modified, revoked, supplemented, waived or otherwise changed except by a written instrument duly executed by Borrower and Lender and designated as an amendment, supplement or waiver." Ex. 2 (Ex. A to Compl., ECF No. 1-1), at 9 (Loan Agreement, § 8.1); Ex. 5 (Good Dep. Tr.), 93:13-94:9.

4.      Section 8.4 of the Initial Loan Agreement provides that the Initial Loan Agreement and Initial Note "constitute and incorporate the entire agreement between Lender and Borrower concerning the subject matter of this Agreement, and supersede any prior agreements between Lender and Borrower concerning the subject matter thereof." Ex. 2 (Ex. A to Compl., ECF No. 1-1), at 10 (Loan Agreement, § 8.4); Ex. 5 (Good Dep. Tr.), 94:11-95:4.

5.      The Initial Note originally bore interest at a non-default rate of 5.5% per annum. Ex. 2 (Ex. A to Compl., ECF No. 1-1), at 19 (Promissory Note, § 3).

6.      Pursuant to the First Loan Modification Agreement dated September 1, 2022, the interest rate was reduced to 5.125%, which rate was carried forward in the Amended and Restated Note. Ex. 2 (Ex. A to Compl., ECF No. 1-1), at 26 (First Loan Modification Agreement, ¶ 2); Ex. 2 (Ex. A to Compl., ECF No. 1-1), at 34 (Amended and Restated Note, § 3).

7.      Under the Amended and Restated Note dated May 11, 2023, the loan matured on September 7, 2023. Ex. 2 (Ex. A to Compl., ECF No. 1-1), at 34-35 (Amended and Restated Note, § 4).

8.    On the maturity date, all unpaid principal, accrued and unpaid interest, and other obligations incurred under the Loan Agreement became due. Ex. 2 (Ex. A to Compl., ECF No. 1-1), at 35 (Amended and Restated Note, § 4).

9.    The Parties executed eight loan modification agreements and an Amended and Restated Revolving Line of Credit Promissory Note (the "Amended and Restated Note"). Ex. 2 (Ex. A to Compl., ECF No. 1-1), at 25–99 (executed modification agreements and Amended and Restated Note); Ex. 5 (Good Dep. Tr.), 65:18–83:5 (Good confirmed executing each modification).

10.    Under the Second Loan Modification Agreement dated May 11, 2023, the principal sum of the loan was increased by $30,000 to a total of $705,000, reflecting the amount of unpaid interest through June 30, 2023. Ex. 2 (Ex. A to Compl., ECF No. 1-1), at 30-31 (Second Loan Modification Agreement, ¶ 2); Ex. 5 (Good Dep. Tr.), 25:9-13 and 32:3-8.

11.    Under the Amended and Restated Note, the Parties agreed that upon default the entire unpaid balance under the Initial Note becomes immediately due and payable. Ex. 2 (Ex. A to Compl., ECF No. 1-1), at 37 (Amended and Restated Note, § 7(j)).

12.    While such event of default is continuing, the Initial Note bears interest at the maximum statutory rate allowable by the District of Columbia (or the maximum rate allowable by law). Ex. 2 (Ex. A to Compl., ECF No. 1-1), at 37 (Amended and Restated Note, § 7(j)).

13.    The Amended and Restated Note further provides that if the Note is placed in the hands of attorneys for collections or is collected through legal proceedings, Defendant must pay all reasonable costs of collecting or attempting to collect the Note, including all reasonable attorneys' fees and disbursements. Ex. 2 (Ex. A to Compl., ECF No. 1-1), at 37 (Amended and Restated Note, § 7(h)).

14.     Under the Eighth Loan Modification Agreement, effective June 1, 2025, the Parties agreed to amend the Initial Note so that the principal amount of the loan shall bear interest at the rate of 6%. Ex. 2 (Ex. A to Compl., ECF No. 1-1), at 98 (Eighth Loan Modification Agreement, ¶ 3).

15.     On or about November 7, 2024, Defendant delivered to Plaintiff a check in the amount of $464,187.94 for the purported purpose of paying down the Initial Loan. Payment of the check was denied for insufficient funds. Ex. 1 (Compl., ECF No. 1), ¶ 20; Ex. 4 (Answer, ECF No. 10), ¶ 20 (admitted).

16.     On October 2, 2025, Plaintiff sent a Notice of Default to Defendant informing Defendant that all sums advanced to Defendant under the Initial Loan were immediately due and payable and that the outstanding principal balance of the Initial Loan including accrued interest was $570,782.30. Ex. 6 (Notice of Default for Initial Loan, ECF No. 1-2), at 2; Ex. 5 (Good Dep. Tr.), 33:10-17.

17.     Defendant has not paid Plaintiff the outstanding balance of the Initial Loan. Ex. 4 (Answer, ECF No. 10), ¶ 28 (admitted).

18.     Mr. Good testified that Defendant understands it owes the funds under the Initial Loan, while asserting that mitigating factors prevented Defendant from making payments in accordance with the loan agreement. Ex. 5 (Good Dep. Tr.), 115:16-116:11.

**Count II – Breach of Contract for the Enterprise Loan**

19.     On May 11, 2023, Defendant, by Mr. Good as its executive director, executed a Loan Agreement (the "Enterprise Loan Agreement") and Promissory Note (the "Enterprise Note") in favor of Plaintiff in the principal amount of $60,000. Ex. 3 (Ex. C to Compl., ECF No. 1-3), at 3, 15 (Enterprise Loan Agreement, Art. I, § 1.2); Ex. 5 (Good Dep. Tr.), 23:11-22.

4

20. The Enterprise Note bore interest at a non-default rate of 5.5% per annum. Ex. 3 (Ex. C to Compl., ECF No. 1-3), at 16 (Enterprise Note, ¶ 2).

21. The Parties executed five loan modification agreements for the Enterprise Loan. Ex. 3 (Ex. C to Compl., ECF No. 1-3), at 21–35 (executed modification agreements).

22. Under the Enterprise Note, the Parties agreed that upon default the entire unpaid balance and interest under the Enterprise Note becomes immediately due and payable. Ex. 3 (Ex. C to Compl., ECF No. 1-3), at 18 (Enterprise Note, § 7(j)).

23. While such event of default is continuing, the Enterprise Note bears interest at the lesser of (i) the Interest Rate plus 5% or (ii) the maximum rate allowable by law. Ex. 3 (Ex. C to Compl., ECF No. 1-3), at 18-19 (Enterprise Note, § 7(j)).

24. The Enterprise Note provides that if the Enterprise Note is placed in the hands of attorneys for collection or is collected through legal proceedings, Defendant must pay all reasonable costs of collecting or attempting to collect the Note, including all reasonable attorneys' fees and disbursements. Ex. 3 (Ex. C to Compl., ECF No. 1-3), at 18 (Enterprise Note, § 6(h)).

25. Under the Fifth Loan Modification Agreement for the Enterprise Loan, the maturity date of the Enterprise Loan was extended to July 28, 2025. Ex. 3 (Ex. C to Compl., ECF No. 1-3), at 34 (Fifth Loan Modification Agreement, ¶ 2); Ex. 5 (Good Dep. Tr.), 38:11-15.

26. On October 2, 2025, Plaintiff sent a Notice of Default to Defendant informing Defendant that all sums advanced under the Enterprise Loan were immediately due and payable and that the outstanding principal balance including accrued interest was $61,072.59. Ex. 7 (Notice of Default for Enterprise Loan, ECF No. 1-4), at 2; Ex. 5 (Good Dep. Tr.), 37:5–38:2.

27. Defendant has not paid Plaintiff the outstanding balance of the Enterprise Loan. Ex. 4 (Answer, ECF No. 10), ¶ 43 (admitted).

28.     Mr. Good testified that Defendant understands it owes the funds under the Enterprise Loan. Ex. 5 (Good Dep. Tr.), 115:16–116:2.

**Total Damages**

29.     Plaintiff disbursed a total of $675,000 under the Initial Loan in four advances. Ex. 5 (Good Dep. Tr.), 18:19-19:20.

30.     Plaintiff disbursed $60,000 under the Enterprise Loan. Ex. 5 (Good Dep. Tr.), 23-11-24:4.

31.     As of October 2, 2025, the date of the notices of default, the outstanding balance owed to Plaintiff under the Loans, including accrued interest, was not less than $631,854.89. Ex. 6 (Notice of Default for Initial Loan, ECF No. 1-2), at 2 ($570,782.30 under the Initial Loan); Ex. 7 (Notice of Default for Enterprise Loan, ECF No. 1-4), at 2 ($61,072.59 under the Enterprise Loan); Ex. 8 (Evert Decl.), ¶ 6.

32.     Default interest has continued to accrue on the Loans since October 2, 2025, pursuant to the terms of the respective Notes. Ex. 2 (Ex. A to Compl., ECF No. 1-1), at 36 (Amended and Restated Note, § 7(j)); Ex. 3 (Ex. C to Compl., ECF No. 1-3), at 18 (Enterprise Note, § 7(j)); Ex. 8 (Evert Decl.), ¶ 7.

33.     Plaintiff placed the Loans in the hands of counsel for collection and commenced this action to recover the unpaid indebtedness. Ex. 8 (Evert Decl.), ¶ 8.

34.     As of May 31, 2026, Plaintiff has incurred attorneys' fees in the amount of $55,449.63 in connection with such collection efforts. Ex. 8 (Evert Decl.), ¶ 8.

6

June 26, 2026                          Respectfully submitted,


                                       */s/ Joel W. Ruderman*
                                       Joel W. Ruderman
                                       Federal Bar No. 479385
                                       Jennifer L. Kneeland
                                       Federal Bar No. 490522
                                       1765 Greensboro Station
                                       Place, Suite 1000
                                       McLean, Virginia, 22102
                                       (703) 749-1080 (telephone)
                                       E-Mail: jruderman@watttieder.com
                                       E-Mail: jkneeland@watttieder.com

                                       Counsel for Plaintiff, National Housing Trust
                                       Community Development Fund

**CERTIFICATE OF SERVICE**

I HEREBY certify that I caused the foregoing to be served via CM/ECF on June 26, 2026 on the following:

Danya C. Cooper, Esquire
Cooper Legal, LLC
1 Olympic Place, Suite 900
Towson, MD 21204
dayna@cooperlegalsolutions.com

/s/ Joel W. Ruderman
Joel W. Ruderman

21108814.1 104882.00001

8