**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

NATIONAL HOUSING TRUST COMMUNITY *
DEVELOPMENT FUND

                                         *

       *Plaintiff*

                                       *      **Case No.:** 1:26-cv-00076-MAU

v.

                                       *

NORTH EAST HOUSING INITIATIVE, INC.

                                       *

       *Defendant*

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

**REPLY IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL OF RECORD**

Undersigned counsel respectfully submits this Reply in further support of the Motion to Withdraw as Counsel of Record and in response to Plaintiff's Opposition.

**ARGUMENT**

**I.　　PLAINTIFF'S OPPOSITION IS ADDRESSED TO THE WRONG MOTION.**

Plaintiff's Opposition devotes the majority of its pages to arguing the merits of Defendant's affirmative defenses. By doing so, Plaintiff's Opposition functions as an extension of the arguments advanced in its pending Motion for Summary Judgment before Defendant has had an opportunity to respond. The question before the Court is narrow — whether withdrawal is appropriate under Local Civil Rule 83.6 and whether Plaintiff has established any basis for denying that relief under Rule 83.6(d). The merits of Defendant's legal defenses are simply not at issue here.

While Plaintiff understandably opposes withdrawal, its preference that undersigned counsel remain in the case does not define the Rule 83.6 inquiry. The attorney-client relationship exists between undersigned counsel and Defendant, not Plaintiff, and the Court's task is to determine whether the standards governing withdrawal have been satisfied, not whether

maintaining the existing attorney-client relationship would better serve Plaintiff's litigation interests.

Plaintiff's suggestion that the Court should deny withdrawal because Defendant's defenses are unlikely to succeed inverts the proper inquiry. Whether NEHI will prevail on its affirmative defenses is a question for the Court on the merits, not a threshold for determining whether counsel may withdraw. Plaintiff cites no authority suggesting that a court should evaluate the merits of a client's defenses in deciding whether counsel should be permitted to withdraw. Nor does Plaintiff cite any authority establishing that the grounds stated in the Motion to Withdraw are legally insufficient under Local Civil Rule 83.6.

## II.     THE MOTION FULLY COMPLIES WITH LOCAL CIVIL RULE 83.6(C).

Undersigned counsel's Motion to Withdraw fully complies with Local Civil Rule 83.6(c). The Rule provides that an attorney may withdraw an appearance only by order of the Court upon motion served on all parties and accompanied by a certificate of service listing the client's last known address and certifying that the client has been served with both the motion and notice to obtain substitute counsel. The Motion satisfied each of these requirements. Local Civil Rule 83.6(c) does not require counsel to disclose the specific reasons for withdrawal; rather, it requires only compliance with these procedural requirements and certifications. Plaintiff cites no authority establishing otherwise.

## III.    PLAINTIFF HAS FAILED TO ESTABLISH ANY OF THE THREE GROUNDS FOR DENIAL UNDER LOCAL CIVIL RULE 83.6(d).

Local Civil Rule 83.6(d) authorizes denial of a motion to withdraw only if the withdrawal would: (1) unduly delay trial of the case; (2) be unfairly prejudicial to a party; or (3) otherwise not

2

be in the interest of justice. Plaintiff's Opposition neither establishes nor meaningfully addresses any of the three grounds for denying withdrawal under Rule 83.6(d). None are present here.

First, withdrawal will not unduly delay trial. No trial date has been set in this matter. *See*, ECF No. 20. The case is presently at the dispositive-motion stage, and no trial date has been scheduled. Courts in this District have consistently recognized that where no trial date has been set, withdrawal will not unduly delay the proceedings. *See*, *Nasreen v. Capitol Petroleum Grp., LLC*, No. 20-1867, 2021 WL 5310565, at *2 (D.D.C. Nov. 15, 2021) ("No trial date has been set, so withdrawal will not delay the trial in any way.")(quoting *Rehab Auf v. Medford*, No. 20-cv-0815 (ABJ), 2021 WL 3025216, at *1 (D.D.C. Jan. 5, 2021)(granting withdrawal although case had been pending sixteen months); *Hudson v. Am. Fed'n of Gov't Emps.*, 391 F. Supp. 3d 71, 75 (D.D.C. 2019) (finding "no possibility for undue delay" where no trial date had been set and no major looming deadlines existed). Indeed, the court in *Nasreen* granted withdrawal and extended the discovery schedule even though the case had already been pending for approximately sixteen months. *Nasreen*, 2021 WL 5310565, at *3-4. Likewise, in *Honda Power Equipment Manuf'g, Inc. v. Woodhouse*, 219 F.R.D. 2, 6 (D.D.C. 2003), the court permitted withdrawal where the litigation had been pending for nearly three years. This action, by contrast, has been pending only approximately six months.

Second, Plaintiff has not demonstrated unfair prejudice. The prejudice identified by Plaintiff is not the type of prejudice contemplated by Rule 83.6(d). The Rule is concerned with unfair prejudice resulting from counsel's withdrawal, not the loss of a strategic litigation advantage. Rather than identifying prejudice arising from counsel's withdrawal, Plaintiff devotes substantial portions of its Opposition to the purported merits of Defendant's affirmative defenses,

the characterization of deposition testimony, and Plaintiff's pending Motion for Summary Judgment. Those arguments seek to preserve Plaintiff's strategic litigation position rather than demonstrate that withdrawal itself would result in unfair prejudice. Plaintiff cites no authority suggesting that an opposing party's interest in maintaining its strategic litigation position constitutes the type of "unfair prejudice" that justifies compelling counsel to continue a representation that has become unreasonably difficult.

As courts in this District have recognized, "" [u]nfair prejudice' in this context is a hefty standard[.]"*Hudson*, 391 F. Supp. 3d at 75 (citation omitted). "The fact that finding new counsel may require time, effort, and funding is a burden[] facing every litigant and do[es] not constitute undue prejudice." *Id.* (quoting *Banneker Ventures, LLC*, 2016 WL 1304834, at *3). It is likewise well established that "[i]nconvenience or additional cost to a defendant is not necessarily undue prejudice." *City of Moundridge v. Exxon Mobil Corp.*, 250 F.R.D. 1, 6–7 (D.D.C. 2008); *accord Bronner v. Duggan*, 324 F.R.D. 285, 291 (D.D.C. 2018). The mere cost of litigation does not constitute unfair prejudice. *Randall v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 110 F.R.D. 342, 345 (D.D.C. 1986). Likewise, the possibility that Defendant's response deadline may require adjustment while it addresses its representation is an ordinary consequence of withdrawal, not a cognizable harm rising to the level of unfair prejudice. Moreover, Plaintiff itself negotiated eight loan modifications over a period of approximately three years,[1] repeatedly extending NEHI's repayment obligations. Against that backdrop, a temporary period of thirty (30) or even sixty (60) days to permit Defendant to address its representation cannot fairly be characterized as causing unfair prejudice**.**

---

[1] Compl. ¶¶ 7, 22-23. ECF. No. 1

Finally, granting withdrawal is in the interest of justice. Compelling counsel to continue a representation under circumstances that have rendered continued representation unreasonably difficult serves neither the client nor the orderly administration of justice. The decision whether to permit withdrawal rests within the Court's sound discretion. *Hudson*, 391 F. Supp. 3d at 73. That discretion is not served by requiring counsel to remain in a representation where the circumstances giving rise to the request for withdrawal persist.

Accordingly, because Plaintiff has failed to establish any of the three grounds that would authorize denial under Local Civil Rule 83.6(d), the Motion to Withdraw should be granted.

**IV.    PLAINTIFF'S OPPOSITION IMPROPERLY ATTEMPTS TO LITIGATE THE MERITS AND RELIES ON A ONE-SIDED CHARACTERIZATION OF THE RECORD.**

Undersigned counsel does not intend to engage in merits briefing in response to a motion to withdraw. Doing so would be procedurally improper, as the issues raised in Plaintiff's pending Motion for Summary Judgment will be addressed, in the ordinary course. The Court need not and should not resolve those issues in deciding the present Motion. However, because Plaintiff's Opposition relies on a one-sided characterization of the record to argue that this Motion is merely another attempt by Defendant to delay these proceedings, the limited discussion that follows is offered solely to protect the integrity of the record by demonstrating that Plaintiff's narrative omits significant factual context and presents disputed factual and legal issues as though they were undisputed. It is not offered to litigate the merits, but to ensure that Plaintiff's characterization of the underlying dispute does not influence the Court's determination of whether withdrawal is appropriate under Local Civil Rule 83.6.

Plaintiff repeatedly equates Defendant's acknowledgment that the loan obligations remain outstanding with a concession that Defendant has no viable affirmative defenses. The two are not synonymous, and the legal significance of the underlying facts is a question properly reserved for summary judgment, not a motion to withdraw.

Plaintiff also portrays this Motion as merely the latest in a pattern of delay by Defendant. In doing so, however, Plaintiff presents a one-sided narrative of the parties' relationship by characterizing Defendant's nonpayment as though it resulted solely from unilateral delay. That narrative omits the undisputed purpose of the Initial Loan — to provide bridge financing pending delayed DHCD reimbursements and the parties' subsequent course of dealing, including eight negotiated loan modifications executed against that backdrop. Compl. ¶¶ 7, 22-23 (ECF. No. 1); Pl. Opp. at 2 (ECF No. 28). Whether those facts ultimately support Defendant's affirmative defenses is not before the Court.[2] They do, however, demonstrate that Plaintiff's characterization of Defendant's conduct as nothing more than serial delay rests on an incomplete presentation of the factual record and should not influence the Court's resolution of this procedural motion.. Undersigned counsel raises this limited point not to litigate the merits, but because Plaintiff relies on that incomplete narrative to argue that the Motion to Withdraw is itself merely another effort to delay these proceedings.

---

[2] Plaintiff also emphasizes that Defendant's Answer asserted affirmative defenses in general terms. ECF No. 28 at 2. If Plaintiff believed those defenses were inadequately pleaded, the Federal Rules provided an appropriate procedural mechanism to challenge them at the outset of this litigation. Plaintiff did not do so. Instead, Plaintiff proceeded through discovery, took Defendant's Rule 30(b)(6) deposition, filed its Motion for Summary Judgment, and now attempts to challenge the sufficiency of those defenses in opposition to a motion to withdraw. The adequacy of Defendant's pleading is not before the Court on this Motion.

Plaintiff repeatedly relies on isolated excerpts from Mr. Good's testimony while disregarding the testimony that followed, asserting that Defendant's corporate designee failed to articulate those defenses during his Rule 30(b)(6) deposition. What Plaintiff omits is equally significant. Mr. Good did not dispute that the loan obligations remain outstanding. *See*, ECF No. 28, Ex. 1 (Good Dep. Tr.) at 115:10–11. Rather, he testified that "there were mitigating factors that prevented us from being able to make the payments in accordance with the outlined agreement," *id*. at 115:12–15 — including the City of Baltimore's suspension of more than $3 million in AHTF grant reimbursements, id. at 134:1–10, the resulting disruption to NEHI's operations and financing, *id.* at 116:17–22; 134:1–16, and the parties' repeated loan modifications in response to those circumstances, ECF No. 28 at 2; *id*. at, Ex. 1 (Good Dep. Tr.) at 72:15–22. Whether those facts ultimately support Defendant's affirmative defenses is a question for summary judgment after full briefing, not for resolution in the context of a motion to withdraw.

Further, Plaintiff's apparent expectation that a lay corporate representative should articulate legal theories during a deposition misapprehends the purpose of Rule 30(b)(6) testimony. Courts have rejected precisely this argument. In *Am. Nat'l Red Cross v. Travelers Indemnity Co. of Rhode Island*, the plaintiff sought summary judgment because the defendant's Rule 30(b)(6) designee could not identify the facts and documents supporting several affirmative defenses. 896 F. Supp. 8, 13–14 (D.D.C. 1995). The court rejected that contention, holding that requiring a corporate designee to marshal the evidence supporting affirmative defenses improperly intruded upon counsel's work product because it sought "insight into Travelers' defense plan." *Id.* at 14 (quoting *SEC v. Morelli*, 143 F.R.D. 42, 47 (S.D.N.Y. 1992)). A Rule 30(b)(6) witness's inability to articulate counsel's legal theories therefore does not render affirmative defenses unprovable.

The same principle governs here, though the procedural posture differs in a way that only strengthens Defendant's position. In *Red Cross*, the deponent invoked the work-product doctrine and attorney-client privilege and refused to answer. Here, Mr. Good did not refuse to answer; he testified extensively regarding the factual circumstances underlying Defendant's position. Undersigned counsel objected throughout on the ground that Plaintiff's questions called for legal conclusions. *See*, ECF No. 28, Ex. 1 (Good Dep. Tr.) at 51:21–22; 52:19–20; 56:17–19; 58:3–8; 59:9–11; 62:15–17; 64:16–17; 67:21–22; 68:15–20. Work-product protection and the legal-conclusion limitation protect the same underlying principle – a 30(b)(6) deponent cannot be used to force a party to do counsel's work, whether that means revealing how counsel plans to marshal evidence or articulating how facts translate into legal theories. Mr. Good testified at length about the factual circumstances that, in Defendant's view, prevented performance, including the City of Baltimore's suspension of over $3 million in AHTF grant reimbursements and the parties' repeated loan modifications in response to those circumstances. *See*, ECF No. 28, Ex. 1 (Good Dep. Tr.) at 116:21–22; 134:1–10. What Mr. Good could not do, and cannot fairly be expected to do, is translate those facts into the legal framework of the defenses counsel intends to present. That translation is the province of counsel. *See also*, *Neponset Landing Corp. v. Nw. Mut. Life Ins. Co.*, 279 F.R.D. 59, 62 (D. Mass. 2011) (a "lay witness should not be expected to testify as to how any such facts form the basis of a legal affirmative defense"; depositions "are designed to discover facts, not legal theories"). Plaintiff's attempt to equate Mr. Good's inability to articulate counsel's legal theories with the absence of viable affirmative defenses therefore fails as a matter of law. Whether Defendant's affirmative defenses ultimately succeed is an issue for summary judgment after full briefing, not for resolution through selected deposition excerpts offered in opposition to a procedural motion.

## V.    THE CONDITIONS PLAINTIFF REQUESTS WOULD OPERATE AS A MECHANISM TO ENGINEER A DEFAULT, NOT A MEANINGFUL REMEDY.

Plaintiff's request that the Court condition withdrawal on a fourteen-day deadline for NEHI to obtain representation ignores the practical reality established by Plaintiff's own submissions. Plaintiff has placed on the public record that NEHI has $37 in its bank account and has been denied consolidation loans by five financial institutions. Against that backdrop, a fourteen-day deadline to retain counsel is not a meaningful condition — it is a mechanism to engineer a default. The Court should impose whatever timeline is reasonable given the actual circumstances, not the timeline that benefits Plaintiff. *See*, *Nasreen*, 2021 WL 5310565, at *3–4 (granting withdrawal and simultaneously extending discovery deadline *sua sponte* to accommodate transition to new counsel, recognizing that the time required to secure new representation is a relevant factor in fashioning appropriate relief).

Plaintiff's Opposition itself underscores why Defendant should be afforded a reasonable opportunity to address its representation before the merits are adjudicated. Plaintiff devotes substantial portions of its brief to advancing merits arguments concerning Defendant's affirmative defenses and the legal significance of deposition testimony. If anything, Plaintiff's decision to devote substantial portions of its Opposition to the merits confirms why those issues should be addressed through the ordinary summary judgment process after Defendant has had a reasonable opportunity to address its representation.

The Court's authority to manage its docket is not served by compelling an attorney to continue representation under circumstances that render it unreasonably difficult. Should the Court grant the Motion to Withdraw, it may, consistent with the approach taken in *Nasreen*, modify the scheduling order on its own motion to afford Defendant a reasonable opportunity to secure

representation, without the need to impose the unrealistic fourteen-day deadline Plaintiff seeks. *See*, Nasreen, 2021 WL 5310565, at *3–4 (granting counsel's motion to withdraw and, although the case had been pending for approximately sixteen months, *sua sponte* extending the discovery deadline to accommodate the transition to new counsel). If the court in *Nasreen* found it appropriate to extend deadlines *sua sponte* after permitting withdrawal in a case that had already been pending for approximately sixteen months, there is even less reason to deny a similar accommodation here, where this action has been pending for only approximately six months.

## VI.    PLAINTIFF'S DESIRE FOR FURTHER EXPLANATION DOES NOT OVERRIDE COUNSEL'S ETHICAL OBLIGATIONS.

The specific circumstances giving rise to this withdrawal are protected from compelled disclosure by D.C. Rule of Professional Conduct 1.6, which prohibits counsel from disclosing confidential client information without client consent. This prohibition applies with full force in the withdrawal context. In *Continental Transfer Technique Ltd. v. Federal Government of Nigeria*, 234 F. Supp. 3d 206 (D.D.C. 2017), defense counsel declined to publicly explain why continued representation had been rendered impossible on the ground that to do so would reveal client confidences in violation of Rule 1.6(a). The court accommodated that obligation by ordering *in camera* submission of documentary proof rather than compelling public disclosure. Similarly, in *Sabre Int'l Security v. Torres Advanced Enter. Sol.,* LLC, 219 F. Supp. 3d 155 (D.D.C. 2016), the court permitted counsel to submit a confidential declaration under seal for *in camera* review, specifically recognizing that the basis for withdrawal implicated privileged communications that could not be placed on the public record.

In the instant case, during the parties' meet and confer on Defendant's Motion to Stay, Plaintiff's counsel requested that undersigned counsel disclose the reasons for withdrawal.

Undersigned counsel advised that those reasons are protected by the attorney-client privilege and declined to disclose them on that basis. Plaintiff's Opposition is, in effect, an effort to obtain through judicial compulsion what Rule 1.6 prohibits.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in the Motion to Withdraw, undersigned counsel respectfully requests that the Court grant the Motion to Withdraw as Counsel of Record.

Dated: July 3, 2026

Respectfully submitted,
/s/Dayna C. Cooper
Dayna C. Cooper (Bar No. 1033851)
1 Olympic Pl., Suite 900
Towson, MD 21204
(202) 642-5470 (office)
Dayna@CooperLegalSolutions.com
*Counsel for Defendant,*
*North East Housing Initiative, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this date, July 3, 2026, the foregoing document was filed electronically via the Court's CM/ECF system, which will serve a copy on all registered counsel of record, including:

Joel W. Ruderman
Jennifer L. Kneeland
WATT, TIEDER, HOFFAR & FITZGERALD, L.L.P.
jruderman@watttieder.com
jkneeland@watttieder.com

/s/Dayna C. Cooper/
Dayna C. Cooper

11