## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

NATIONAL HOUSING TRUST
COMMUNITY DEVELOPMENT FUND

Plaintiff,

v.

NORTH EAST HOUSING INITIATIVE, INC.,

Defendant.

Civil Action No.  1:26-CV-76

### PLAINTIFF'S OPPOSITION TO MOTION OF MARC E. SHACH, ESQ. TO WITHDRAW APPEARANCE AS COUNSEL FOR DEFENDANT

Plaintiff National Housing Trust Community Development Fund respectfully opposes the Motion of Marc E. Shach, Esq. to Withdraw Appearance as Counsel for Defendant, ECF No. 33. The motion is presented at a critical juncture: Plaintiff's summary judgment motion is pending, and Defendant's response deadline is imminent. Granting withdrawal now would prejudice Plaintiff by disrupting the Court-ordered dispositive-motion schedule and delaying adjudication of Plaintiff's pending summary judgment motion, to Plaintiff's detriment.

### FACTUAL BACKGROUND

Plaintiff filed this action to recover amounts due under loan agreements between Plaintiff and NEHI. ECF No. 1. Discovery has closed, and Plaintiff filed its motion for summary judgment pursuant to the Court's scheduling order. ECF Nos. 19, 26. Against that posture, both attorneys who have appeared for NEHI now seek to withdraw, while Defendant has separately moved to stay its summary judgment response deadline until new counsel appears. ECF Nos. 25, 27, 33.

### ARGUMENT

"As a fundamental premise, counsel is under an obligation to see the work through to completion when he agrees to undertake the representation of his client." *Ofisi v. Al Shamal Islamic Bank*, Civil Action No. 15-2010, 2021 WL 796273, at *2 (D.D.C. Mar. 2, 2021). Withdrawal by

Mr. Shach now, combined with the simultaneous withdrawal of Ms. Cooper, will cause this litigation to come to a halt.

Mr. Shach's motion confirms that Ms. Cooper also represents Defendant, but Ms. Cooper has separately moved to withdraw; thus, if both motions are granted, NEHI would be left without counsel. Because NEHI is a corporation, however, it may not appear *pro se* and must be represented by licensed counsel. *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–02 (1993).

The Court's scheduling order closed discovery on June 19, 2026, required Plaintiff to move for summary judgment by June 26, 2026, and requires Defendant's opposition and any cross-motion by July 10, 2026.  ECF No. 19.  Defendant has already moved to stay the summary judgment response deadline until after the withdrawal issues are resolved and, if withdrawal is granted, until new counsel appears.  ECF No. 27.

The prejudice is not merely that Defendant may be left without counsel; it is that Defendant seeks to use counsel's withdrawal to suspend dispositive briefing indefinitely. Discovery is closed, Plaintiff's summary judgment motion is pending, and Defendant's response is due imminently. Granting withdrawal without substitute counsel in place and without preserving the existing schedule would give Defendant the same delay it has already sought by motion, to Plaintiff's prejudice.

That is precisely the type of prejudice and disruption LCvR 83.6(d) is designed to avoid. The Court may deny withdrawal if it would unduly delay the case, unfairly prejudice any party, or otherwise not serve the interests of justice. *Byrd v. District of Columbia*, 271 F. Supp. 2d 174, 176 (D.D.C. 2003).  In *Byrd*, withdrawal near approaching deadlines would have brought the litigation to a "grinding halt" and unfairly prejudiced the opposing party.  271 F. Supp. 2d at 177.  *Barton* is especially instructive: the Court declined to allow immediate withdrawal where withdrawal would have left a pending dispositive motion unopposed, permitting withdrawal only after counsel filed

2

the required opposition brief. *Barton v. District of Columbia*, 209 F.R.D. 274, 277–79 (D.D.C. 2002).

The same result is warranted here. Defendant's proposed stay would suspend summary judgment briefing and, under its proposed order, give Defendant sixty days after substitute counsel appears to respond. ECF No. 27-1. Granting Mr. Shach's motion would transform the uncertainty created by counsel's withdrawal into the basis for delaying Plaintiff's pending summary judgment motion.

**CONCLUSION**

For these reasons, and those incorporated from Plaintiff's opposition to Ms. Cooper's withdrawal motion, Plaintiff respectfully requests that the Court deny Mr. Shach's Motion to Withdraw. At minimum, any withdrawal should be conditioned on preserving the existing summary judgment briefing schedule and on either substitute counsel entering an appearance by a date certain or Ms. Cooper remaining as counsel for Defendant.

Dated: July 8, 2026

Respectfully submitted,

/s/ Joel W. Ruderman
Joel W. Ruderman (Federal Bar No. 479385)
Jennifer L. Kneeland (Federal Bar No. 490522)
Watt, Tieder, Hoffar & Fitzgerald, LLP
1765 Greensboro Station Place, Suite 1000
McLean, Virginia 22102
(703) 749-1080
jruderman@watttieder.com
jkneeland@watttieder.com

*Counsel for Plaintiff National Housing Trust Community Development Fund*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record, including:

Dayna C. Cooper, Esquire
Cooper Legal, LLC
1 Olympic Place, Suite 900
Towson, MD 21204
dayna@cooperlegalsolutions.com

Marc E. Shach, Esquire
Coon & Cole, LLC
1301 York Road, Suite 400
Lutherville, MD 21093
mes@cooncolelaw.com

/s/ Joel W. Ruderman
Joel W. Ruderman

4