## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

NATIONAL HOUSING TRUST COMMUNITY *
DEVELOPMENT FUND

                         *

      *Plaintiff*

                         *     **Case No.:** 1:26-cv-00076-MAU

**v.**

                         *

NORTH EAST HOUSING INITIATIVE, INC.

                         *

      *Defendant*

*    *    *    *    *    *    *    *    *    *    *    *    *

## DEFENDANT'S MOTION FOR LEAVE TO PERMIT LIMITED APPEARANCE OF COUNSEL

Defendant, North East Housing Initiative, Inc. ("NEHI" or "Defendant"), by and through undersigned counsel, respectfully moves this Court for leave to permit Dayna C. Cooper, to enter a limited appearance on behalf of Defendant for the purpose of filing Defendant's Opposition to Plaintiff's Motion for Summary Judgment. In support of this Motion, Defendant states as follows:

## BACKGROUND

1.   On July 9, 2026, the Court granted the motion of Dayna C. Cooper, to withdraw as counsel of record for Defendant.

2.   As a corporation, NEHI cannot appear or defend itself *pro se* and must be represented by licensed counsel in all proceedings before this Court. *Rowland v. California Men's Colony*, 506 U.S. 194, 201–02 (1993).

3.   Plaintiff's Motion for Summary Judgment remains pending. Defendant's response is currently due August 10, 2026.

4.    Since the Court's order granting withdrawal, Defendant has been without counsel of record and has accordingly been unable to respond to the pending Motion for Summary Judgment or otherwise participate in this litigation.

5.    Since the Court's order granting withdrawal, undersigned counsel and Defendant have resolved certain issues related to undersigned counsel's withdrawal from this matter.[1] On that basis, and in light of Defendant's substantive defenses to Plaintiff's claims, undersigned counsel has agreed to this limited, discrete re-engagement for the purpose of filing Defendant's Opposition, in order to avoid the harsh and disproportionate result of a default judgment.

6.    Undersigned counsel stands prepared to file Defendant's Opposition to Plaintiff's Motion for Summary Judgment, together with a Response to Plaintiff's Statement of Undisputed Material Facts, a Declaration of Garrick R. Good, and a supporting Appendix of Exhibits, by the current response deadline referenced above.

## ARGUMENT

**I.    Permitting a Limited Appearance Serves Judicial Economy and Prevents Prejudice to Defendant.**

7.    Courts routinely permit counsel to enter a limited appearance for a discrete purpose, including the filing of a single brief or motion, where doing so serves the interests of judicial economy and avoids prejudice to a party. *See, Villar v. City of New York*, 540 F.Supp.3d 437, 439–40 (S.D.N.Y. 2021) (surveying and endorsing limited-scope appearance practice); *see also, e.g., Smith v. Hooks*, 2018 WL 6728042, at *1 n.1 (M.D.N.C. Dec. 21, 2018); *DiValentino v.*

---

[1] Undersigned counsel previously requested an opportunity to address the circumstances underlying the withdrawal and this request for re-engagement with the Court *in camera*, and remains available to do so at the Court's convenience should the Court find it helpful in resolving this Motion.

*Miller*, 2022 WL 2048211, at \*4 n.5 (S.D.N.Y. June 7, 2022); *Grano v. Weese*, 2017 WL 4162258, at \*1 n.1 (D.N.M. Sept. 18, 2017).

8.  Absent leave to permit this limited appearance, Defendant, a corporation that cannot proceed *pro se*, will be unable to oppose Plaintiff's pending dispositive motion by the response deadline, and the Motion may be resolved without the benefit of a response notwithstanding the existence of substantive defenses going to the merits.

9.  Permitting the limited appearance requested here allows the Court to consider Plaintiff's Motion for Summary Judgment on a complete record, consistent with the preference under Rule 56 that such motions be decided on their merits rather than by default.

## II.    The Relief Requested Is Narrow and Imposes No Additional Burden on the Court or Plaintiff.

10. The appearance requested is strictly limited to the purpose described above. This Motion seeks leave for that limited purpose only; it does not itself constitute, and should not be construed as, a general entry of appearance or an undertaking by undersigned counsel to represent Defendant beyond the filing of the Opposition.

11. Defendant respectfully requests that the Court permit the limited appearance requested herein so that Defendant's Opposition may be filed by the current response deadline, without disruption to the existing briefing schedule, including Plaintiff's opportunity to file any reply in support of its Motion for Summary Judgment.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant this Motion and permit Dayna C. Cooper, to enter a limited appearance for the purpose of filing

Defendant's Opposition to Plaintiff's Motion for Summary Judgment by the current response deadline.

Dated: August 7, 2026                    Respectfully submitted,

                                         /s/Dayna C. Cooper
                                         Dayna C. Cooper (Bar No. 1033851)
                                         1 Olympic Pl., Suite 900
                                         Towson, MD 21204
                                         (202) 642-5470 (office)
                                         Dayna@CooperLegalSolutions.com
                                         *Counsel for Defendant,*
                                         *North East Housing Initiative, Inc. (limited*
                                         *appearance sought)*

4

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing DEFENDANT'S MOTION FOR LEAVE TO PERMIT LIMITED APPEARANCE OF COUNSEL has been served via ECF to the following counsel of record this 7th day of August, 2026.

Joel W. Ruderman
Jennifer L. Kneeland
*WATT, TIEDER, HOFFAR & FITZGERALD, L.L.P.*
jruderman@watttieder.com
jkneeland@watttieder.com

/s/Dayna C. Cooper/
Dayna C. Cooper

5