# EXHIBIT A

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATIONAL HOUSING TRUST COMMUNITY DEVELOPMENT FUND<br><br>Plaintiff,<br><br>v.<br><br>NORTH EAST HOUSING INITIATIVE, INC.,<br><br>Defendant. | Civil Action No.  1:26-CV-76 |

**NATIONAL HOUSING TRUST COMMUNITY DEVELOPMENT FUND'S
OBJECTIONS AND ANSWERS TO DEFENDANT NORTH EAST HOUSING
INITIATIVE, INC.'S FIRST SET OF REQUESTS FOR ADMISSIONS**

COMES NOW Plaintiff National Housing Trust Community Development Fund ("Plaintiff") , by counsel, hereby submits its responses to Defendant North East Housing Initiative, Inc. ("Defendant") First Set of Requests for Admission, stating as follows:

**GENERAL OBJECTIONS**

1.      Plaintiff's answers to Defendant's Requests for Admissions are based on information reasonably available to Plaintiff at this time, after reasonable inquiry pursuant to Federal Rule of Civil Procedure 36. Plaintiff's investigation and discovery are ongoing, and Plaintiff reserves the right to supplement, amend, correct, or clarify its answers as appropriate under the Federal Rules of Civil Procedure.

2.      Plaintiff objects to Defendant's Definitions and Instructions to the extent they purport to impose obligations beyond those required by the Federal Rules of Civil Procedure, the Local Rules, or any applicable order of the Court.

3.      Plaintiff objects to each Request to the extent it is vague, ambiguous, compound, argumentative, misleading, assumes facts not established, mischaracterizes the pleadings,

A - 001

documents, testimony, communications, or other evidence, or uses undefined terms that are subject to multiple reasonable interpretations.

4.    Plaintiff objects to each Request to the extent it seeks an admission concerning matters outside the proper scope of Federal Rule of Civil Procedure 36 or matters that are not relevant to any party's claim or defense and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). By answering any Request, Plaintiff does not concede the relevance, materiality, admissibility, accuracy, or propriety of the Request, any assertion contained therein, or any subject matter referenced therein.

5.    Plaintiff objects to each Request to the extent it seeks a pure conclusion of law, a legal opinion unrelated to the facts of this case, or an admission concerning the legal effect, interpretation, or characterization of any document beyond the document's own terms.

6.    Plaintiff objects to each Request to the extent it seeks to characterize, summarize, paraphrase, or interpret any document, agreement, pleading, testimony, communication, or other record other than according to its terms. Subject to any specific answer, such materials speak for themselves.

7.    Plaintiff objects to each Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, common-interest doctrine, or any other applicable privilege, protection, immunity, or rule of confidentiality. Nothing in Plaintiff's answers is intended to waive, and Plaintiff does not waive, any privilege, protection, immunity, or confidentiality interest.

8.    Plaintiff objects to each Request to the extent it seeks information concerning counsel's mental impressions, legal theories, litigation strategy, or other protected work product.

A - 002

9.      Plaintiff objects to each Request to the extent it asks Plaintiff to admit facts or matters that Plaintiff cannot truthfully admit or deny after reasonable inquiry because the information known or readily obtainable by Plaintiff is insufficient to enable Plaintiff to admit or deny.

10.      Plaintiff objects to each Request to the extent it seeks admissions regarding information uniquely within Defendant's knowledge or possession, or seeks to shift to Plaintiff the burden of admitting facts more properly known to Defendant.

11.      Plaintiff objects to each Request to the extent it assumes or suggests that Defendant's repayment obligations under the Loan Documents were contingent upon, excused by, or otherwise dependent upon Defendant's receipt of public grant funds.

12.      Plaintiff objects to each Request to the extent it seeks to impose obligations on Plaintiff inconsistent with the written Loan Documents, or to characterize the Loan Documents in a manner inconsistent with their terms.

13.      Plaintiff objects to each Request to the extent it seeks admissions that would require disclosure of confidential, commercially sensitive, proprietary, or nonpublic information concerning Plaintiff's internal lending practices, underwriting methodologies, risk assessments, credit analyses, loan servicing practices, approval processes, or enforcement practices.

14.      Except where specifically objected to, Plaintiff has interpreted and answered the Requests according to their plain meaning and in a manner consistent with the Federal Rules of Civil Procedure.

15.      Any admission is made solely for purposes of this action and is subject to all qualifications, limitations, objections, and explanatory statements set forth in the specific answer.

A - 003

## SPECIFIC OBJECTIONS AND ANSWERS

**REQUEST NO. 1**: Admit that prior to executing the Initial Loan Agreement on March 7, 2022, Defendant informed Plaintiff that repayment of the Initial Loan would come primarily from a grant from the City of Baltimore.

**Answer**: Plaintiff objects to this Request to the extent the phrase "would come primarily from" is vague, undefined, and subject to multiple reasonable interpretations. Subject to and without waiving that objection, Plaintiff admits that Defendant represented that City of Baltimore grant funding was expected to be used as a potential source of repayment for the Initial Loan. Plaintiff further states that Plaintiff understood the AHTF grant funds could be the payment source, while sales proceeds from homes were also discussed as another possible payment source. Plaintiff denies that any such representation altered Defendant's repayment obligations under the written loan documents.

**REQUEST NO. 2**: Admit that Plaintiff underwrote the Initial Loan based in part on Defendant's representation that repayment would come primarily from the City of Baltimore Affordable Housing Trust Fund grant.

**Answer**: Plaintiff objects to this Request to the extent the phrase "underwrote the Initial Loan based in part on" is vague and subject to multiple reasonable interpretations. Subject to and without waiving that objection, Plaintiff admits that, in connection with underwriting the Initial Loan, it considered Defendant's representation that City of Baltimore AHTF grant funds were expected to be used as a source of repayment, and that Plaintiff reviewed grant-related documentation. Plaintiff further states that it also considered other potential repayment sources, including sales proceeds from homes, and denies that the written loan documents relieved Defendant of its obligation to repay the Initial Loan if grant funds were not received.

A - 004

**REQUEST NO. 3**: Admit that the Affordable Housing Trust Fund ("AHTF") grant was the principal anticipated source of repayment for the Initial Loan at the time of origination.

**Answer**: Plaintiff objects to this Request to the extent the phrase "principal anticipated source of repayment" is vague, undefined, and subject to multiple reasonable interpretations. Subject to and without waiving that objection, Plaintiff admits that, at the time of origination, Plaintiff expected the AHTF grant funds could be the repayment source for the Initial Loan. Plaintiff further states that sales proceeds from homes were also discussed as a possible repayment source. Plaintiff denies that the written loan documents made the AHTF grant the exclusive source of repayment or relieved Defendant of its obligation to repay the Initial Loan if AHTF grant funds were not received.

**REQUEST NO. 4**: Admit that prior to executing the Initial Loan Agreement, Plaintiff reviewed documentation related to the AHTF grant.

**Answer**: Plaintiff objects to this Request to the extent the phrase "documentation related to the AHTF grant" is vague and subject to multiple reasonable interpretations. Subject to and without waiving that objection, Plaintiff admits that, prior to executing the Initial Loan Agreement, it reviewed certain documentation concerning the AHTF grant.

**REQUEST NO. 5**:

Admit that Plaintiff was aware at the time of origination that the AHTF grant operated on a reimbursement basis, meaning funds were disbursed by the City only after expenditures were verified.

**Answer**: Plaintiff objects to this Request to the extent the phrase "operated on a reimbursement basis" is vague and subject to multiple reasonable interpretations, including to the extent it purports to characterize the City of Baltimore's internal disbursement or verification

process. Subject to and without waiving that objection, Plaintiff admits that it understood at the time of origination that AHTF grant funds were to be disbursed to Defendant on a reimbursement basis, and that Defendant was required to submit grant reimbursement requests and supporting documentation in connection with disbursements under the Initial Loan. Plaintiff lacks sufficient knowledge to admit or deny the City's internal process for verifying expenditures before disbursing AHTF grant funds.

**REQUEST NO. 6**: Admit that Plaintiff was aware at the time of each loan modification that the City of Baltimore had not yet fully disbursed the AHTF grant funds to Defendant.

**Answer**: Plaintiff objects to this Request to the extent the phrases "was aware" and "at the time of each loan modification" are vague and subject to multiple reasonable interpretations. Subject to and without waiving those objections, Plaintiff admits that, at the time of certain loan modifications, it understood—based on information provided by Defendant—that the City of Baltimore had not yet fully disbursed the AHTF grant funds to Defendant. Plaintiff denies the Request to the extent it seeks an admission that Plaintiff had first-hand knowledge, at the time of each loan modification, that the City had not fully disbursed all AHTF grant funds to Defendant.

**REQUEST NO. 7**:  Admit that the Collateral Assignment and Pledge Agreement executed in connection with the Fifth Loan Modification assigned to Plaintiff Defendant's rights to disbursement of the AHTF grant funds.

**Answer**: Plaintiff objects to this Request to the extent that  Request No. 7 requires a legal conclusion or determination as to Plaintiff's interest in the AHTF grant funds.  Plaintiff objects to this Request to the extent it seeks to characterize the Collateral Assignment and Pledge Agreement other than according to its terms, which speak for themselves. Subject to these objections and without waving any, Plaintiff admits that the Collateral Assignment and Pledge Agreement was

6

executed in connection with the Fifth Loan Modification.  Otherwise, Plaintiff denies Request No. 7.

**REQUEST NO. 8**:  Admit that after executing the Collateral Assignment, Plaintiff did not provide written notice to the City of Baltimore or DHCD of Plaintiff's security interest in the AHTF grant proceeds.

**Answer**: Plaintiff objects to this Request to the extent that  Request No. 8 requires a legal conclusion or determination as to Plaintiff's interest in the AHTF grant funds. Plaintiff objects to this Request to the extent it suggests that Plaintiff had a legal obligation to provide written notice to the City of Baltimore or DHCD or the City of Baltimore of DHCD were parties to the Collateral Assignment.  Plaintiff further avers that the Collateral Assignment and Pledge Agreement speaks for itself.  Subject to these objections and without waiving any, Plaintiff admits that it did not provide written notice of to the City of Baltimore or DHCD of the Collateral Assignment.  Otherwise, Plaintiff denies Request No. 8.

**REQUEST NO. 9**:  Admit that after executing the Collateral Assignment, Plaintiff took no steps to enforce its rights under the Collateral Assignment against the City of Baltimore or DHCD.

**Answer**: Plaintiff objects to this Request to the extent it suggests that Plaintiff was entitled to "enforce" the Collateral Assignment against the City of Baltimore or DHCD in light of the undisputed fact that neither the City of Baltimore nor DHCD are parties to the Collateral Assignment.  Plaintiff further avers that the Collateral Assignment speaks for itself. Subject to these objections and to the extent that Request No. 9 seeks an admission or denial of fact, Request No. 9 is admitted.

A - 007

**REQUEST NO. 10**:  Admit that Defendant tendered a check in the amount of $464,187.94 to Plaintiff in November 2024 as a payment toward the Initial Loan.

**Answer**: Plaintiff admits that Defendant tendered a check in the amount of $464,187.94 to Plaintiff in November 2024 as a purported payment toward the Initial Loan.  Plaintiff further states that the check was dishonored for insufficient funds.

**REQUEST NO. 11**: Admit that after receiving the returned $464,187.94 check, Plaintiff did not declare a default under the Initial Loan Documents.

**Answer**: Plaintiff objects to this Request to the extent the phrase "after receiving the returned $464,187.94 check" is vague and ambiguous as to the time period and causal relationship at issue. Subject to and without waiving that objection, Plaintiff denies Request No. 11.

**REQUEST NO. 12**: Admit that after receiving the returned $464,187.94 check, Plaintiff entered into the Seventh Loan Modification Agreement with Defendant in January 2025.

**Answer**: Admitted.

**REQUEST NO. 13**: Admit that after receiving the returned $464,187.94 check, Plaintiff entered into the Eighth Loan Modification Agreement with Defendant in September 2025.

**Answer**: Plaintiff admits that, after receiving the returned $464,187.94 check, Plaintiff and Defendant entered into an Eighth Loan Modification Agreement. Plaintiff denies that the Eighth Loan Modification Agreement was entered into in September 2025 and states that the Eighth Loan Modification Agreement speaks for itself as to its date and terms.

**REQUEST NO. 14**: Admit that the repayment source for the Enterprise Loan was represented by Defendant to be a grant from the State of Maryland.

**Answer**: Plaintiff objects to this request to the extent it assumes that the grant from the State of Maryland was the exclusive repayment source for the Enterprise Loan or relieved

Defendant of its obligation to repay the Enterprise Loan if grant funds from the State of Maryland were not received.  Subject to this objection, Plaintiff admits request No. 14.

**REQUEST NO. 15**: Admit that Plaintiff was aware, at the time each loan modification was executed, that Defendant's ability to repay was dependent on receipt of public grant funds.

**Answer**: Plaintiff objects to this Request to the extent the phrases "was aware" and "dependent on receipt of public grant funds" are vague and subject to multiple reasonable interpretations. Subject to and without waiving those objections, Plaintiff denies the Request, including any implication that Defendant's repayment obligations under the Loan Documents were contingent on or excused by the receipt or non-receipt of public grant funds.

**REQUEST NO. 16**: Admit that at the time of origination of the Initial Loan, Plaintiff did not consider or analyze the risk that the City of Baltimore or DHCD might withhold, delay, or deny disbursement of the AHTF grant funds.

**Answer**: Plaintiff objects to this Request to the extent the phrase "consider or analyze the risk" is vague and subject to multiple reasonable interpretations. Subject to and without waiving that objection, Plaintiff denies Request No. 16. Plaintiff states that, at the time of origination, its underwriting considered the risk that DHCD or the City of Baltimore might delay, withhold, or deny disbursement of AHTF grant funds. Plaintiff further states that, at origination, Plaintiff expected the AHTF grant funds could be the repayment source for the Initial Loan, while sales proceeds from homes were also discussed as a possible repayment source.

**REQUEST NO. 17**: Admit that at the time of origination of the Initial Loan, Plaintiff did not include any provision in the loan documents allocating to Defendant the risk that the AHTF grant funds would be withheld or delayed by a government entity.

A - 009

**Answer**: Plaintiff objects to this Request to the extent the phrase "allocating to Defendant the risk" is vague, calls for a legal conclusion, and seeks to characterize the Loan Documents other than according to their terms, which speak for themselves. Subject to and without waiving those objections, Plaintiff denies the Request. Plaintiff states that the Initial Loan Documents required Defendant to repay the Initial Loan according to their terms and did not make Defendant's repayment obligations contingent on the City of Baltimore's or DHCD's disbursement of AHTF grant funds.

**REQUEST NO. 18**: Admit that during the modification period, Plaintiff became aware that DHCD had not disbursed the AHTF grant funds to Defendant due to actions or decisions by the City of Baltimore.

**Answer**: Plaintiff objects to this Request to the extent the phrases "became aware," "during the modification period," and "due to actions or decisions by the City of Baltimore" are vague and subject to multiple reasonable interpretations. Subject to and without waiving those objections, Plaintiff denies the Request. Plaintiff states that any understanding it had regarding delays in disbursement of AHTF grant funds was based on information conveyed by Defendant to Plaintiff.

**REQUEST NO. 19**: Admit that at no point prior to declaring default did Plaintiff request or require Defendant to identify an alternative source of repayment other than the AHTF grant proceeds.

**Answer**: Plaintiff objects to this Request to the extent it is vague and ambiguous, including as to the phrase "request or require" and as to which loan it concerns. Subject to and without waiving that objection, Plaintiff denies the Request. Plaintiff states that, before default, Plaintiff and Defendant discussed potential alternative repayment or takeout sources, including sales proceeds from homes, refinancing through another lender, and/or other grant funding.

Dated:  June 17, 2026

Respectfully submitted,

NATIONAL HOUSING TRUST COMMUNITY
DEVELOPMENT FUND

By Counsel

        WATT, TIEDER, HOFFAR &
        FITZGERALD, L.L.P.

        *By:   /s/ Joel W. Ruderman*
        Joel W. Ruderman
        Federal Bar No. 479385
        Jennifer L. Kneeland
        Federal Bar No. 490522
        1765 Greensboro Station
        Place, Suite 1000
        McLean, Virginia, 22102
        (703) 749-1080 (telephone)
        E-Mail: jruderman@watttieder.com
        E-Mail: jkneeland@watttieder.com

        Counsel for Plaintiff, National Housing Trust
        Community Development Fund

A - 011

## VERIFICATION OF REQUEST RESPONSES

I, Alice Hamilton Evert, am authorized to execute this verification on behalf of National Housing Trust Community Development Fund ("Plaintiff"). I have read Plaintiff's Answers to Defendant's First Set of Requests for Admissions and believe, based on reasonable inquiry, that the answers set forth therein are true and correct to the best of my knowledge, information, and belief.

Pursuant to 28 U.S.C. § 1746, I verify under penalty of perjury that the foregoing is true and correct.

Executed on June 17, 2026.

Authorized Representative
National Housing Trust Community Development Fund

12

A - 012

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of June 2026 a true and correct copy of the

foregoing was sent via e-mail and caused to be placed in the U.S. Mail, First-Class Postage-Prepaid

to the following:


Dayna C. Cooper, Esquire
Cooper Legal, LLC
1 Olympic Place, Suite 900
Towson, MD 21204
dayna@cooperlegalsolutions.com



*/s/* Joel W. Ruderman
Joel W. Ruderman

A - 013