**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATIONAL HOUSING TRUST COMMUNITY DEVELOPMENT FUND<br>Plaintiff,<br>v.<br>NORTH EAST HOUSING INITIATIVE, INC.,<br>Defendant. | Civil Action No. 1:26-CV-76 |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**[1]

Plaintiff National Housing Trust Community Development Fund ("Plaintiff") respectfully submits this Reply (the "Reply") in Support of its Motion for Summary Judgment.[2]

## PRELIMINARY STATEMENT

This case is about two unpaid loans made by Plaintiff to North East Housing Initiative, Inc. ("Defendant"). The undisputed record establishes a straightforward breach of contract: Defendant

[1] On June 29, 2026, Defendant moved to stay its July 10, 2026 deadline to respond to Plaintiff's Motion for Summary Judgment based on counsel's pending withdrawal. Defendant argued that, because NEHI is a corporation and cannot appear *pro se*, it needed additional time to obtain substitute counsel and requested that the deadline remain stayed until new counsel entered an appearance. (ECF No. 27).

The Court granted counsel's withdrawal motions and extended Defendant's response deadline from July 10, 2026 to August 10, 2026. In doing so, the Court advised Defendant's President, Garrick R. Good, that NEHI could not proceed without counsel and that no further extensions would be granted. Defendant, however, never retained substitute counsel. Instead, on August 10, 2026, Defendant filed through former counsel a 39-page opposition to Plaintiff's Motion for Summary Judgment, together with a response to Plaintiff's statement of facts, a declaration, and thirteen supporting exhibits. (ECF No. 38). As a result, the extension effectively provided Defendant's counsel an additional thirty days to prepare and file its opposition, notwithstanding that Defendant never obtained substitute counsel, the stated basis for the requested relief.

[2] Plaintiff incorporates by reference herein all facts and arguments set forth in its Motion for Summary Judgment. (ECF No. 26). Capitalized terms not defined herein are defined in the same manner as in Plaintiff's Motion for Summary Judgment. Plaintiff's Motion for Summary Judgment contains Exhibits Nos. 1-8. Exhibits referenced herein start with Exhibit No. 9.

received the loan proceeds, failed to repay them at maturity, and admitted through its president and corporate designee, Garrick Good,[3] that the indebtedness remains due.[4]

Federal Rule of Civil Procedure 56 exists "to isolate and dispose of factually unsupported claims or defenses."[5] Defendant admits the debt and its nonpayment. Defendant's complete failure of proof on its defenses "renders all other facts immaterial" and mandates summary judgment.[6]

Defendant's Opposition to Plaintiff's Motion for Summary Judgment (ECF No. 38) (the "Opposition") rests on defenses Defendant never pleaded — waiver and equitable and promissory estoppel — and on other affirmative defenses that were recited by name only, without any supporting facts.[7] Defendant argues that Plaintiff was obligated to address in its Motion for Summary Judgment Defendant's factually unsupported affirmative defenses.[8] Defendant's approach reverses both settled pleading practice and Rule 56. Plaintiff is not required to disprove defenses that Defendant never pleaded or merely recited by name without factual support. Rule 56 requires Defendant — not Plaintiff — to present competent evidence establishing each defense it chose to assert.

Defendant also failed to comply with the Court's Summary Judgment Procedures Order and Local Civil Rule 7(h). While admitting nearly all of Plaintiff's material facts, Defendant identified no evidence supporting its affirmative defenses, even though the Court's procedures

---

[3] Mr. Good holds a juris doctorate from the University of South Carolina School of Law (1994) and a Master of Business Administration from Winthrop University (1991).
[4] Def.'s Resp. to Pl.'s Statement of Undisputed Material Facts, ECF No. 38-15, ¶¶ 1, 17-19, 27-30; Good Dep. 115:16-116:11.
[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).
[6] *Id.* at 322-23; Def.'s Resp. to Pl.'s Statement of Undisputed Material Facts, ECF No. 38-15, ¶¶ 17-18, 27-28.
[7] Def.'s Opp'n to Pl.'s Mot. for Summ. J., ECF No. 38, at 5-31; Answer, ECF No. 10, at 3.
[8] Def.'s Opp'n to Pl.'s Mot. for Summ. J., ECF No. 38, at 5-6.

expressly required it to do so.[9] Defendant's failure to comply with the Court's own summary judgment procedures is independently sufficient to defeat its Opposition and warrants summary judgment.

Nevertheless, each of Defendant's affirmative defenses fails on the merits. Mr. Good's testimony and the undisputed record confirm that Defendant offers no competent evidence to support any defense to Defendant's acknowledged and admitted unequivocable repayment obligations.[10]

Plaintiff's damages are established through the initial Evert Declaration, the Loan Documents, the October 2, 2025 Notices of Default, and the supplemental declaration submitted with this Reply. Defendant identifies no competent evidence creating a genuine dispute as to the amounts due.[11] Accordingly, Plaintiff requests the Court to enter summary judgment on liability and damages. In the alternative, if the Court concludes that further evidence is required as to the amount of damages, Plaintiff requests the Court to enter summary judgment on liability and conduct limited further proceedings solely as to the amount due.

## ARGUMENT

### A. Plaintiff Established Each Element of Its Breach-of-Contract Claim as a Matter of Law.

Under District of Columbia law, a plaintiff asserting a breach-of-contract claim must establish "(1) a valid contract between the parties; (2) an obligation or duty arising out of the

[9] Summary Judgment Procedures Order, ECF No. 20, ¶¶ 5, 8, 10-11; Def.'s Resp. to Pl.'s Statement of Undisputed Material Facts, ECF No. 38-15, ¶¶ 1-30.

[10] Good Dep. 115:16-116:11 (Ex. 9); Def.'s Resp. to Pl.'s Statement of Undisputed Material Facts, ECF No. 38-15, ¶¶ 17-18, 27-28.

[11] Def.'s Resp. to Pl.'s Statement of Undisputed Material Facts, ECF No. 38-15, ¶¶ 16, 26, 31-34.

contract; (3) a breach of that duty; and (4) damages caused by breach."[12] The undisputed record establishes each element of Plaintiff's claims for breach of contract.[13]

*Valid contracts.* Defendant, through Mr. Good, executed the Initial Loan and Note ($675,000, later increased to $705,000) and the Enterprise Loan and Note ($60,000), along with their successive modifications. Defendant admits execution of the Loan Documents and its receipt of $735,000 in loan proceeds.[14]

*Duty to repay.* Both Loan Agreements required Defendant to "make all payments of principal and interest under the Note as and when the same become due and payable, without notice or demand."[15] Upon default, the entire balance accelerates and bears default-rate interest.[16]

*Breach.* Defendant failed to pay the balances due when the Loans matured. On October 2, 2025, Plaintiff issued Notices of Default for both loans.[17]

*Damages.* Defendant's failure to repay caused Plaintiff damages in the amount of the unpaid loan balances. The October 2, 2025 Notices of Default identified balances of $570,782.30 on the Initial Loan and $61,072.59 on the Enterprise Loan, for a total of $631,854.89, exclusive of additional interest, costs, and attorneys' fees.[18]

Mr. Good's testimony confirms that there is no factual dispute on liability: Defendant understands it owes the funds under both Loans, and Defendant identifies no post-default payment or document reflecting repayment.[19]

---

[12] *Moini v. LeBlanc*, 456 F. Supp. 3d 34, 50 (D.D.C. 2020); *Tsintolas Realty v. Mendez*, 984 A.2d 181, 187 (2009).
[13] Def.'s Resp. to Pl.'s Statement of Undisputed Material Facts, ECF No. 38-15, ¶¶ 1-2, 7-12, 16-19, 21-23, 25-30.
[14] Def.'s Resp. to Pl.'s Statement of Undisputed Material Facts, ECF No. 38-15, ¶¶ 1, 9, 10, 19, 21, 29-30.
[15] Initial Loan Agreement § 3.1, ECF No. 1-1, at 6; Enterprise Loan Agreement § 3.1, ECF No. 1-3, at 6. Mr. Good confirmed that obligation at his deposition. Good Dep. 55:18-56:8 (Ex. 9).
[16] Def.'s Resp. to Pl.'s Statement of Undisputed Material Facts, ECF No. 38-15, ¶¶ 2, 8, 11-12, 22-23.
[17] Def.'s Resp. to Pl.'s Statement of Undisputed Material Facts, ECF No. 38-15, ¶¶ 16-17, 25-27.
[18] Def.'s Resp. to Pl.'s Statement of Undisputed Material Facts, ECF No. 38-15, ¶¶ 16, 26, 31.
[19] Good Dep. 36:9-18, 38:19-40:15, 115:16-116:11 (Ex. 9); Def.'s Resp. to Pl.'s Statement of Undisputed Material Facts, ECF No. 38-15, ¶¶ 17-18, 27-28.

Because Plaintiff established each element of its claims, Defendant can avoid summary judgment only by producing competent evidence supporting an affirmative defense. As shown below, it failed to do so.

### B. Rule 56 Requires Defendant — Not Plaintiff — to Produce Competent Evidence Establishing Each Affirmative Defense It Asserted.

Rule 56(c) requires Defendant to identify specific record evidence showing a genuine dispute for trial.[20] Plaintiff satisfied its Rule 56 burden in its opening motion. It established each element of its breach-of-contract claims through the Loan Documents, Defendant's admissions, the Notices of Default, and the Evert Declaration.[21]

Rule 56 does not require Plaintiff to anticipate and disprove every affirmative defense Defendant might later invoke. Once Plaintiff made its required showing, the burden shifted to Defendant to identify competent evidence supporting its defenses. Defendant cannot rest on its pleadings, denials, or attorney argument; it must designate specific facts showing a genuine issue for trial.[22]

Defendant fails to carry that burden. Defendant admitted the core liability facts and then invoked affirmative defenses without any competent supporting evidence.[23] That failure of proof renders the defenses immaterial.[24] Nor can evidence that is "merely colorable" or "not significantly probative" defeat summary judgment.[25] [26]

---

[20] Fed. R. Civ. P. 56(c)(1)(A).

[21] Def.'s Resp. to Pl.'s Statement of Undisputed Material Facts, ECF No. 38-15, ¶¶ 1-2, 7-12, 16-19, 21-23, 25-30; Evert Decl., ECF No. 26-2, ¶¶ 5-8.

[22] *Celotex*, 477 U.S. at 324; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 256 (1986); Fed. R. Civ. P. 56(e).

[23] Def.'s Resp. to Pl.'s Statement of Undisputed Material Facts, ECF No. 38-15, ¶¶ 1-2, 8-12, 16-19, 21-23, 26-30; Def.'s Opp'n to Pl.'s Mot. for Summ. J., ECF No. 38.

[24] *Celotex*, 477 U.S. at 322-23.

[25] *Anderson*, 477 U.S. at 249-50.

[26] Defendant's suggestion that Plaintiff improperly reserved affirmative-defense arguments for reply is meritless. Defendant's Opposition put those defenses at issue, and this Reply responds to those arguments rather than raising a new ground for summary judgment. Def.'s Opp'n to Pl.'s Mot. for Summ. J., ECF No. 38, at 5-31. Because Defendant

Defendant therefore fails to satisfy Rule 56. Its affirmative defenses cannot defeat summary judgment.

### C. Defendant's Defenses Fail Because They Were Either Not Plead or Recited by Name Only.

A party must plead its affirmative defenses before relying on them in a dispositive motion.[27] A defense not raised in the answer should not be considered on summary judgment absent amendment.[28]

Defendant pleaded only laches, excuse, inequitable relief, failure to mitigate, and unclean hands.[29] It did not plead waiver, equitable estoppel, promissory estoppel, or oral modification. *Id.* Defendant never amended its Answer to add those theories, yet they form the core of its Opposition.[30] These defenses are therefore forfeited and not properly before the Court.

The defenses Defendant did plead fare no better. Defendant recited its five pleaded defenses by name only — laches, excuse, inequitable relief, failure to mitigate, and unclean hands — without supporting facts.[31] Fed. Rule Civ. P. 8(c)(1)'s pleading requirement exists to give the opposing party fair notice of the defenses to be litigated and an opportunity to develop factual and legal responses.[32] Defendant's pleading did not provide that notice, and Defendant identified no competent evidence supporting those defenses.

Plaintiff is not required to negate defenses that Defendant never pleaded.[33] Nor is Plaintiff required to disprove defenses that Defendant pleaded by name only. Rule 56 does not require the

bears the burden on its affirmative defenses, Plaintiff may explain in reply that Defendant offered no competent evidence to support them. *Celotex*, 477 U.S. at 323-24.

[27] *Harris v. Sec'y, U.S. Dep't of Veterans Affs.*, 126 F.3d 339, 343-45 (D.C. Cir. 1997); Fed. R. Civ. P. 8(c)(1).

[28] *Jones v. District of Columbia Dep't of Corr.*, 429 F.3d 276, 279 (D.C. Cir. 2005).

[29] Answer, ECF No. 10, at 3.

[30] Def.'s Opp'n to Pl.'s Mot. for Summ. J., ECF No. 38, at 5-31.

[31] Answer, ECF No. 10, at 3.

[32] *Harris*, 126 F.3d at 345.

[33] *Harris*, 126 F.3d at 345; *Jones*, 429 F.3d at 279.

moving party to negate the nonmovant's unsupported position; summary judgment is proper when the nonmovant fails to make a sufficient showing on an element for which it bears the burden of proof.[34] Defendant's failure to prove its affirmative defenses is fatal. *Id.* at 322-23. The Court should therefore disregard Defendant's unpleaded defenses and reject its unsupported pleaded defenses.

**D. Defendant Failed to Comply with the Court's Summary-Judgment Procedures.**

The Court's Procedures Order required Defendant to support its factual assertions and defenses with specific record evidence. Facts in Plaintiff's statement are deemed admitted unless properly controverted.[35] Defendant must refute each fact directly with concise responses supported by specific citations to evidence.[36] The Court may disregard any fact not supported by record evidence, and any additional facts had to be set forth with record citations.[37]

Defendant did not satisfy those requirements. It admitted nearly all of Plaintiff's material facts, including the Loans, receipt of funds, maturity, default, and nonpayment.[38] It then invoked affirmative defenses without identifying record-supported facts establishing their required elements.[39]

Defendant's procedural failure is dispositive. Having failed to set forth record-supported facts establishing any affirmative defense, Defendant cannot rely on attorney argument or unsupported assertions to create a genuine dispute for trial.[40]

---

[34] *Celotex*, 477 U.S. at 322-24.
[35] Summary Judgment Procedures Order, ECF No. 20, ¶ 1; LCvR 7(h); Fed. R. Civ. P. 56(e).
[36] Summary Judgment Procedures Order, ECF No. 20, ¶¶ 8, 10.
[37] Summary Judgment Procedures Order, ECF No. 20, ¶¶ 5, 11.
[38] Def.'s Resp. to Pl.'s Statement of Undisputed Material Facts, ECF No. 38-15, ¶¶ 1-2, 7-12, 16-19, 21-23, 25-30.
[39] Summary Judgment Procedures Order, ECF No. 20, ¶¶ 5, 8, 10-11; Def.'s Resp. to Pl.'s Statement of Undisputed Material Facts, ECF No. 38-15, ¶¶ 31-34; Def.'s Opp'n to Pl.'s Mot. for Summ. J., ECF No. 38.
[40] *Celotex*, 477 U.S. at 324.

**E. Each of Defendant's Pleaded Affirmative Defenses Fails on the Merits.**

**1. Failure to Mitigate.**

Defendant pleaded failure to mitigate by name only, without supporting facts.[41] The defense also fails on the undisputed record. Mr. Good testified "No" when asked whether Plaintiff failed to mitigate damages, and, when asked to describe the factual basis for the defense, could identify none.[42] Defendant cannot avoid that testimony by recasting the question as a legal conclusion. The undisputed record independently defeats the defense.

Defendant's failure-to-mitigate theory rests on the premise that Plaintiff is required to pursue a Collateral Assignment and Pledge Agreement (the "Collateral Assignment"), the City of Baltimore, the Baltimore City Department of Housing and Community Development ("DHCD"), or the assigned grant proceeds from the City of Baltimore Affordable Housing Trust Fund ("AHTF") before enforcing the Loans against Defendant.[43] The Loan Documents say otherwise. They impose an unconditional repayment obligation on Defendant and preserve Plaintiff's cumulative remedies. Nothing required Plaintiff to pursue the Collateral Assignment, the City, DHCD, or any other collateral source before enforcing the debt.[44] The Collateral Assignment was security for the debt, not a substitute for Defendant's repayment obligation.[45]

Defendant also relies on Plaintiff's internal memoranda and discovery responses to argue that the AHTF grant and the Collateral Assignment support a mitigation defense.[46] They do not.

---

[41] Answer, ECF No. 10, at 3.
[42] Good Dep. 132:17-134:20 (Ex. 9).
[43] Def.'s Opp'n to Pl.'s Mot. for Summ. J., ECF No. 38, at 7-10.
[44] Initial Loan Agreement §§ 3.1, 5.1, 5.4, 5.5, ECF No. 1-1, at 6-8; Enterprise Loan Agreement §§ 3.1, 5.1, 5.4, 5.5, ECF No. 1-3, at 6, 8; Collateral Assignment and Pledge Agreement §§ 1, 3, 5, ECF No. 1-1, at 49-50; Def.'s Resp. to Pl.'s Statement of Undisputed Material Facts, ECF No. 38-15, ¶¶ 2, 8, 11-12, 22-23.
[45] Collateral Assignment and Pledge Agreement Recitals & § 1, ECF No. 1-1, at 49; *see also id.* § 3, ECF No. 1-1, at 50.
[46] Def.'s Opp'n to Pl.'s Mot. for Summ. J., ECF No. 38, at 7-10.

At most, that evidence shows that Plaintiff understood grant proceeds might be used to repay the Loans and accepted the Collateral Assignment as additional security.

The evidence does not show that the City or DHCD became the obligor, that Defendant is released from its repayment obligations, or that Plaintiff is required to pursue grant proceeds before enforcing the Loans.[47] Plaintiff's decision not to make demand upon the City or DHCD does not establish that doing so would have yielded recovery.

Defendant's mitigation defense fails as a matter of law. The Loan Documents imposed no duty to pursue collateral first, and Defendant identifies no evidence that pursuing the City or DHCD would have reduced the debt.[48]

**2. Unclean Hands and Inequitable Relief.**

Defendant pleaded unclean hands and inequitable relief by name only, without supporting facts.[49] The defenses also fail on the undisputed record. Mr. Good testified "No" when asked whether he was suggesting that Plaintiff's hands were unclean.[50] When asked for the factual basis for the defense, he could not identify one and stated, "I don't know how to explain that."[51] Defendant identifies no competent evidence that Plaintiff engaged in inequitable conduct relating to the Loans, the defaults, or enforcement of the Loan Documents. Unclean hands and inequitable relief therefore cannot defeat summary judgment.[52]

---

[47] Initial Loan Agreement §§ 3.1, 5.1, 5.4, 5.5, ECF No. 1-1, at 6-8; Enterprise Loan Agreement §§ 3.1, 5.1, 5.4, 5.5, ECF No. 1-3, at 6, 8; Collateral Assignment and Pledge Agreement §§ 1, 3, 5, ECF No. 1-1, at 49-50; Def.'s Resp. to Pl.'s Statement of Undisputed Material Facts, ECF No. 38-15, ¶¶ 2, 8, 11, 17-18, 22, 27-28.

[48] *See Anderson*, 477 U.S. at 249-50.

[49] Answer, ECF No. 10, at 3 .

[50] Good Dep. 136:16-137:5 (Ex. 9).

[51] Good Dep. 136:7-14 (Ex. 9).

[52] *See Anderson*, 477 U.S. at 248-50, 256.

**3. Laches.**

Defendant pleaded laches by name only, without supporting facts.[53] The defense also fails on the undisputed record. Under District of Columbia law, laches requires both undue delay and resulting prejudice — an "undue and unexplained delay" that "works an injustice" on the opposing party.[54] Defendant establishes neither.

Defendant's laches theory rests on Plaintiff's extensions, accommodations, and alleged delay in enforcing the Loans.[55] But Plaintiff sued promptly after Defendant failed to pay the Loans at final maturity and after Plaintiff issued the October 2, 2025 Notices of Default.[56] The extensions Defendant identifies were written modifications that gave Defendant additional time to perform, and Mr. Good admitted that Defendant executed them.[57]

Defendant identifies no evidence that Plaintiff unreasonably delayed enforcement after default. Nor does Defendant identify evidence that any delay caused prejudice. The unpaid debt, default, and repayment obligation existed regardless. Laches therefore cannot defeat summary judgment.[58]

**4. Excuse, Commercial Impracticability, and Frustration of Purpose.**

Defendant pleaded "excuse" by name only, without supporting facts, and did not separately plead commercial impracticability or frustration of purpose.[59] Defendant's Opposition

---

[53] Answer, ECF No. 10, at 3.
[54] *Archie v. U.S. Bank, N.A.*, 255 A.3d 1005, 1021 n.15 (D.C. 2021).
[55] Def.'s Opp'n to Pl.'s Mot. for Summ. J., ECF No. 38, at 21-24.
[56] Def.'s Resp. to Pl.'s Statement of Undisputed Material Facts, ECF No. 38-15, ¶¶ 16-17, 25-27; Complaint, ECF No. 1.
[57] Good Dep. 129:4-130:10, 131:20-132:9 (Ex. 9); Def.'s Resp. to Pl.'s Statement of Undisputed Material Facts, ECF No. 38-15, ¶¶ 7, 9, 21, 25.
[58] *See Anderson*, 477 U.S. at 248, 256.
[59] Answer, ECF No. 10, at 3.

nevertheless invokes excuse-based theories premised on delayed or unavailable grant funding.[60] Those theories fail as a matter of law.

Under District of Columbia law, impossibility and commercial impracticability are doctrines that excuse contractual nonperformance in narrow circumstances.[61] To establish impossibility or commercial impracticability, a party must show "(1) the unexpected occurrence of an intervening act; (2) the risk of the unexpected occurrence was not allocated by agreement or custom; and (3) the occurrence made performance impractical."[62] The doctrine applies only in "extreme circumstances" and requires objective impossibility — performance must be incapable of being rendered by anyone, not merely more difficult, more expensive, or unaffordable for the promisor. [63]Financial inability to perform "rarely, if ever" excuses nonperformance, and reliance on third-party funding does not convert financial inability into objective impossibility.[64]

The undisputed record forecloses Defendant's excuse-based theories. The Loan Documents do not condition repayment on Defendant's receipt of grant funds, DHCD funds, or any other third-party funding. At his deposition, Mr. Good pointed only to recitals in the Loan Documents describing the purpose and anticipated funding source for the Loans; he confirmed that repayment was not contingent on grant funding and identified no contractual provision making it so.[65] The alleged grant-delay risk was foreseeable and was not contractually shifted to Plaintiff. Where a foreseeable risk is omitted from the contract, the omission supports the inference that the promisor assumed that risk.[66] Defendant identifies no objective impossibility, no funding

[60] Def.'s Opp'n to Pl.'s Mot. for Summ. J., ECF No. 38, at 24-27.
[61] *East Capitol View Cmty. Dev. Corp. v. Robinson*, 941 A.2d 1036, 1040-41 (D.C. 2008).
[62] *Id.* at 1040.
[63] *Id.* at 1040-41.
[64] *Id.* at 1041-42; *Scollick ex rel. United States v. Narula*, No. 1:14-cv-1339-RCL, 2026 WL 1130311, at *4 (D.D.C. Apr. 27, 2026).
[65] Good Dep. 51:11-65:2, 70:8-22, 72:10-73:7, 76:18-79:22, 81:1-83:15 (Ex. 9); Def.'s Resp. to Pl.'s Statement of Undisputed Material Facts, ECF No. 38-15, ¶¶ 2, 8, 11-12, 22-23.
[66] *East Capitol View*, 941 A.2d at 1042.

condition, and no contractual reallocation of funding risk to Plaintiff. Its excuse-based defenses cannot defeat summary judgment.

**5. Waiver.**

Defendant did not plead waiver and never amended its Answer to add it.[67] Waiver is therefore not properly before the Court. Even if considered, it fails on the undisputed record.

Under District of Columbia law, waiver requires the intentional relinquishment of a known right.[68] But unlike *Tech 7*, where disputed evidence of intent precluded summary judgment on waiver, Defendant identifies no evidence that Plaintiff intentionally relinquished its right to repayment or enforcement of the Loan Documents.

The written modifications did not waive Plaintiff's remedies; they preserved the Loan Documents except as expressly modified.[69] The underlying Loan Documents likewise preserved Plaintiff's rights notwithstanding delay, extension, indulgence, or forbearance.[70] The Notices of Default also expressly reserved Plaintiff's rights.[71] Plaintiff's written extensions and knowledge that grant proceeds were an anticipated repayment source did not waive repayment. Because Defendant did not plead waiver and cannot show intentional relinquishment, waiver cannot defeat summary judgment.

**6. Equitable Estoppel and Promissory Estoppel.**

Defendant did not plead equitable estoppel or promissory estoppel and never amended its Answer to add either defense.[72] Those defenses are therefore not properly before the Court. Even if considered, both fail on the undisputed record.

[67] Answer, ECF No. 10, at 3.
[68] *Tech 7 Sys., Inc. v. Vacation Acquisition, LLC*, 594 F. Supp. 2d 76, 86 (D.D.C. 2009).
[69] Def.'s Resp. to Pl.'s Statement of Undisputed Material Facts, ECF No. 38-15, ¶¶ 7, 9, 21, 25.
[70] Initial Loan Agreement § 5.6, ECF No. 1-1, at 8; Amended Initial Note § 7(i), ECF No. 1-1, at 37; Enterprise Loan Agreement § 5.6, ECF No. 1-3, at 8; Enterprise Note § 6(i), ECF No. 1-3, at 18.
[71] Def.'s Resp. to Pl.'s Statement of Undisputed Material Facts, ECF No. 38-15, ¶¶ 16, 26.
[72] Answer, ECF No. 10, at 3.

Equitable estoppel requires reasonable reliance on a false representation or concealment of material fact and a prejudicial change in position.[73] Promissory estoppel requires a promise, reasonable reliance, and detrimental reliance.[74] Defendant identifies no definite promise or representation that repayment was excused, deferred indefinitely, or made contingent on grant funding.[75] Mr. Good could identify no written provision making repayment contingent on grant receipt.[76]

Any reliance on alleged oral assurances was unreasonable given the written Loan Documents.[77] Defendant also identifies no prejudicial change in position: the extensions gave Defendant more time to perform a repayment obligation it already owed. Because Defendant cannot show a definite promise, reasonable reliance, or prejudice, equitable estoppel and promissory estoppel cannot defeat summary judgment.

### F. Plaintiff's Damages Are Established by Competent Record Evidence.

Defendant's damages challenge fails because Plaintiff supplied competent record evidence establishing the amounts due. Plaintiff's opening motion relied on the initial Evert Declaration, the Loan Documents, and the October 2, 2025 Notices of Default, which identified balances of $570,782.30 on the Initial Loan and $61,072.59 on the Enterprise Loan, for a combined total of $631,854.89, exclusive of post-default interest, costs, and attorneys' fees. Defendant admitted that the Notices of Default stated those balances, and it identifies no payment, credit, offset, satisfaction, or competing calculation.[78]

---

[73] *Gonzalez v. Internacional de Elevadores, S.A.*, 891 A.2d 227, 241 (D.C. 2006).
[74] *Ascom Hasler Mailing Sys., Inc. v. U.S. Postal Serv.*, 885 F. Supp. 2d 156, 190 (D.D.C. 2012).
[75] Def.'s Resp. to Pl.'s Statement of Undisputed Material Facts, ECF No. 38-15, ¶¶ 2, 8, 11-12, 22-23.
[76] Good Dep. 62:8-65:2, 76:18-79:22, 81:1-83:15 (Ex. 9).
[77] Initial Loan Agreement §§ 5.6, 8.1, 8.4, ECF No. 1-1, at 8, 11; Amended Initial Note § 7(i), ECF No. 1-1, at 37; Enterprise Loan Agreement §§ 5.6, 8.1, 8.4, ECF No. 1-3, at 8, 11; Enterprise Note § 6(i), ECF No. 1-3, at 18; Def.'s Resp. to Pl.'s Statement of Undisputed Material Facts, ECF No. 38-15, ¶¶ 2-4, 7-8, 11-12, 22-23.
[78] Def.'s Resp. to Pl.'s Statement of Undisputed Material Facts, ECF No. 38-15, ¶¶ 16, 26, 31-34.

The Supplemental Declaration of Alice Hamilton Evert submitted with this Reply confirms and itemizes those damages. It identifies the loan history reports and business records supporting the amounts due, reconciles the outstanding principal balances to the amounts stated in the Notices of Default, and calculates default interest on each Loan through August 20, 2026.[79] Those records establish outstanding principal of $563,828.32 on the Initial Loan and $60,000.00 on the Enterprise Loan; accrued and unpaid non-default interest through August 15, 2025 of $6,953.98, and through July 28, 2025 of $1,072.59, respectively; and default interest from October 2, 2025 through August 20, 2026 of $122,527.44 on the Initial Loan and $5,734.82 on the Enterprise Loan.[80] They also confirm that Plaintiff has not included any separately assessed late fees.[81]

Plaintiff is contractually entitled to interest, attorneys' fees, and costs. Default-rate interest accrues under the Notes from the date of default.[82] The Loan Documents authorize recovery of reasonable costs of collection and attorneys' fees.[83] Defendant has produced no evidence that interest, attorneys' fees, or costs are unrecoverable.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in Plaintiff's Motion for Summary Judgment, Plaintiff respectfully requests that the Court grant summary judgment on liability and damages on both counts and enter judgment for Plaintiff in the amount of $631,854.89, plus default interest through August 20, 2026 in the amount of $128,262.26, together with additional interest accruing thereafter, and costs. In the alternative, to the extent the Court concludes that any further

[79] Supp. Evert Decl. ¶¶ 6-7, 12-14, 18-20 (Ex. 10).
[80] Id. ¶¶ 12-14, 18-20.
[81] Id. ¶ 21.
[82] Def.'s Resp. to Pl.'s Statement of Undisputed Material Facts, ECF No. 38-15, ¶¶ 12, 23; Amended Initial Note § 7(j); Enterprise Note § 6(j).
[83] ECF No. 38-15, ¶¶ 13, 24; Initial Loan Agreement § 7.2; Amended Initial Note § 7(h); Enterprise Loan Agreement § 7.2; Enterprise Note § 6(h).

proceedings are necessary as to damages, Plaintiff requests that the Court enter summary judgment on liability and conduct limited further proceedings solely as to the amount due.

Dated: August 21, 2026

Respectfully submitted,

*/s/ Joel W. Ruderman*

Joel W. Ruderman
Federal Bar No. 479385
Jennifer L. Kneeland
Federal Bar No. 490522
1765 Greensboro Station
Place, Suite 1000
McLean, Virginia, 22102
(703) 749-1080 (telephone)
E-Mail: jruderman@watttieder.com
E-Mail: jkneeland@watttieder.com

Counsel for Plaintiff, National Housing Trust
Community Development Fund

## CERTIFICATE OF SERVICE

I HEREBY certify that on August 21, 2026, I caused the foregoing to be served via CM/ECF:

i) Plaintiff's Reply in Support of Its Motion for Summary Judgment;

ii) Supplemental Declaration of Alice Hamilton Evert in Support of Plaintiff National Housing Trust Community Development Fund's Reply is Support of Its Motion for Summary Judgment

iii) Supplemental Appendix of Supporting Exhibits to National Housing Trust Community Development Fund; and

iv) Compiled Statement of Material Undisputed Facts, Responses and Replies

on:

Danya C. Cooper, Esquire
Cooper Legal, LLC
1 Olympic Place, Suite 900
Towson, MD 21204
dayna@cooperlegalsolutions.com

/s/ Joel W. Ruderman
Joel W. Ruderman