**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **NATIONAL HOUSING TRUST COMMUNITY DEVELOPMENT FUND** | * | |
| | * | |
| ***Plaintiffs*** | * | **Case No.: 1:26-CV-76-MAU** |
| **v.** | * | |
| **NORTH EAST HOUSING INITIATIVE, INC.** | * | |
| ***Defendant*** | | |

* * * * * * * * * * * * *

**DEFENDANT NORTH EAST HOUSING INITIATIVE, INC.'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER AND FOR LEAVE TO FILE A LIMITED SURREPLY**

# TABLE OF CONTENTS

I. BACKGROUND ..... 3
II. LEGAL STANDARD ..... 4
III. ARGUMENT ..... 5
A. Amendment is the proper procedural course under Rules 8 and 15, and courts in this district have granted leave to amend in precisely this posture. ..... 6
B. The proposed amendments will not prejudice Plaintiff. ..... 7
C. The amendments are not futile. ..... 11
D. NEHI's request is not the product of undue delay. ..... 15
E. Ruling on summary judgment should be deferred until this amendment motion is resolved. ..... 16
IV. PROPOSED AMENDMENT ..... 17
V. NEHI SHOULD ALSO BE GRANTED LEAVE TO FILE A LIMITED SURREPLY 17
CONCLUSION ..... 19

# TABLE OF AUTHORITIES

## CASES

*Butler v. White*,
67 F. Supp. 3d 59 (D.D.C. 2014) ........................................ 5, 7, 14
*Cassidy v. Owen*,
533 A.2d 253 (D.C. 1987) ........................................ 13
*Clark v. Clark*,
535 A.2d 872 (D.C. 1987) ........................................ 14
*Entrepreneur, Ltd. v. Yasuna,*
498 A.2d 1151 (D.C. 1985) ........................................ 13
*Foman v. Davis,*
371 U.S. 178 (1962) ........................................ 5
*Harris v. Secretary, U.S. Department of Veterans Affairs*,
126 F.3d 339 (D.C. Cir. 1997) ........................................ 5, 6, 7, 16
*Jones v. Castro*,
200 F. Supp. 3d 183 (D.D.C. 2016) ........................................ 11
*Jones v. District of Columbia Department of Corrections,*
429 F.3d 276 (D.C. Cir. 2005) ........................................ 5
*Kauffman v. Int'l Bhd. of Teamsters*,
950 A.2d 44 (D.C. 2008) ........................................ 13
*Nat'l Shopmen Pension Fund v. Burtman Iron Works, Inc*.,
148 F. Supp. 2d (D.D.C. 2001) ........................................ 7, 12, 14
*Nurriddin v. Goldin*, 382 F. Supp. 2d 79 (D.D.C. 2005) ........................................ 6, 15
*Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. De C.V.*,
247 F. Supp. 3d 76 (D.D.C. 2017) ........................................ 17
*Puma v. Sullivan,*
746 A.2d 871 (D.C. 2000) ........................................ 14
*Sacks v. Rothberg*,
569 A.2d 150 (D.C. 1990) ........................................ 13
*Stancil v. First Mount Vernon Indus. Loan Ass'n,*
131 A.3d 867 (D.C. 2014) ........................................ 14
*Stanford v. Potomac Elec. Power* Co.,
394 F. Supp. 2d 81 (D.D.C. 2005) ........................................ 17
*Tech 7 Sys., Inc. v. Vacation Acquisition, LLC*,
594 F. Supp. 2d 76 (D.D.C. 2009) ........................................ 12
*U.S. Equal Emp. Opportunity Comm'n v. R&R Janitorial Painting & Bldg. Servs., Inc.,*
2025 WL 2409751 (D.D.C. Aug. 20, 2025) ........................................ 17
*United States v. Olano*,
507 U.S. 725 (1993) ........................................ 5
*University of Colorado Health at Memorial Hospital v. Burwell*,
233 F. Supp. 3d 69 (D.D.C. 2017). ........................................ 6, 15

## RULES

Federal Rule of Civil Procedure 15(a)(2) ........................................ *passim*
Federal Rule of Civil Procedure 8(c) ........................................ 4, 6
Local Civil Rule 7(m) ........................................ 3

## INTRODUCTION

Defendant, North East Housing Initiative, Inc. ("NEHI"), by and through undersigned counsel, [1] moves pursuant to Federal Rule of Civil Procedure 15(a)(2) for leave to file the First Amended Answer attached as Exhibit 1 and for leave to file a limited surreply addressing matters raised for the first time in Plaintiff's Reply.

Plaintiff's Reply identifies a pleading issue that is readily curable under Rule 15. Although the facts underlying waiver, equitable estoppel, and promissory estoppel were developed in discovery and fully presented in NEHI's summary judgment Opposition, NEHI's original Answer did not separately identify those doctrines by name. NEHI also seeks to add factual detail concerning a subsequent modification theory already explored in discovery and briefed by both sides. NEHI promptly seeks leave to cure these omissions so that Plaintiff's pending Motion for Summary Judgment is decided on the merits of the parties' actual dispute rather than on a pleading-label objection first raised in a Reply.

The proposed amendment causes no cognizable prejudice. It adds no new claim, transaction, witness, or factual theory. Plaintiff conducted discovery into the very facts

[1] Plaintiff's suggestion that the procedural history surrounding counsel's withdrawal and subsequent return, and the resulting timing of NEHI's Opposition, reflects gamesmanship is contradicted by the record. Undersigned counsel's Motion to Withdraw, filed June 24, 2026, expressly disclosed that "the present withdrawal need not preclude future representation if appropriate circumstances arise." Mtn. to Withdraw, ECF No. 25, at 2 n.1. That disclosure was made two days before Plaintiff filed its Motion for Summary Judgment on June 26, 2026, undercutting any suggestion that counsel's eventual return was devised in reaction to Plaintiff's Motion or undertaken to manipulate the summary judgment briefing schedule. The Court subsequently granted the Motion to Withdraw, later denied a separate request for a limited appearance, and undersigned counsel thereafter entered a new, unrestricted Notice of Appearance. The circumstances necessitating counsel's return implicate privileged attorney-client communications, as undersigned counsel previously explained in connection with the withdrawal proceedings. Reply ISO Mtn. to Withdraw, ECF No. 29, at 10. Undersigned counsel continues to maintain that privilege and, to the extent the Court considers those circumstances relevant to Plaintiff's allegation of gamesmanship, remains prepared to address them *in camera* rather than waive the privilege through a public filing.

underlying these defenses, questioning NEHI's corporate representative directly on the Notes' anti-waiver and integration clauses, the parties' course of dealing regarding extensions, and the specific July 2024 conversation with Plaintiff's representative concerning a further extension. In addition, Plaintiff produced documents concerning them, and has now devoted substantial portions of its Reply to arguing the defenses on their merits. Plaintiff therefore cannot plausibly claim surprise or an inability to respond. And, Plaintiff's own authorities confirm that amendment under Rule 15, not forfeiture of an otherwise litigated defense, is the appropriate procedural mechanism for addressing the pleading issue it has identified.

NEHI separately seeks leave to file a limited five-page surreply because Plaintiff's Reply does substantially more than identify a pleading objection. As to NEHI's originally pleaded affirmative defenses, Plaintiff's opening Motion did not address their legal or factual sufficiency at all. Plaintiff instead advances those merits arguments for the first time in Reply, after NEHI's opportunity to respond had passed, notwithstanding that the defenses appeared on the face of NEHI's Answer and were available to Plaintiff when it filed its Motion. As to waiver, equitable estoppel, and promissory estoppel, Plaintiff could not have addressed those defenses until NEHI's Opposition placed them at issue; but once Plaintiff elected to respond to them on the merits in Reply and to seek summary judgment on those newly articulated grounds, NEHI likewise has had no opportunity to address Plaintiff's actual arguments. Finally, Plaintiff's Reply attempts to supplement its original evidentiary showing by submitting new damages evidence, reconciliations, and calculations that were not part of Plaintiff's opening summary judgment record and that directly respond to deficiencies NEHI identified in its Opposition. A limited surreply is therefore necessary not to repeat NEHI's opposition, but to afford NEHI a fair opportunity to respond to new merits arguments and new evidence upon which Plaintiff now asks the Court to enter judgment.

## CERTIFICATE OF CONFERRAL PURSUANT TO LCvR 7(m)

Pursuant to Local Civil Rule 7(m), undersigned counsel conferred with counsel for Plaintiff by written correspondence dated August 24, 2026 regarding the relief sought in this Motion. Plaintiff's counsel indicated that Plaintiff opposes this Motion as of the date of this filing.

## I. BACKGROUND

NEHI filed its Answer on February 19, 2026, asserting the affirmative defenses of laches, excuse, inequitable relief, failure to mitigate damages, and unclean hands. Answer, ECF No. 10, at 3. Plaintiff thereafter moved for summary judgment seeking judgment based on the Loan Documents, maturity, and nonpayment, without addressing whether NEHI's affirmative defenses independently precluded judgment. NEHI filed its Opposition on August 10, 2026, explaining that Plaintiff's *prima facie* showing of breach did not resolve those defenses and arguing that genuine disputes of material fact precluded summary judgment based on, among other things, laches, excuse, and failure to mitigate, as well as waiver, equitable estoppel, and promissory estoppel. Def.'s Opp'n to Pl.'s Mtn. Summ. J., ECF No. 38.

Plaintiff's August 21, 2026 Reply then raised a procedural objection that NEHI's Opposition relied on "defenses Defendant never pleaded — waiver and equitable and promissory estoppel — and on other affirmative defenses that were recited by name only, without any supporting facts." Pl.'s Reply ISO Mtn. Summ. J., ECF No. 39, at 2. Plaintiff further argued that NEHI's Opposition failed to comply with the Court's Summary Judgment Procedures Order. *Id.* at 7. At the same time, Plaintiff acknowledged that "Defendant's Opposition put those defenses at issue," ECF No. 39, at 5 n.26, and proceeded to address waiver, equitable estoppel, and promissory estoppel on their merits, asserting they "fail[ ] on the undisputed record." *Id.* at 12.

Plaintiff's June 26, 2026 summary judgment motion seeks judgment on two loans and requests a money judgment of not less than $631,854.89, plus $55,449.63 in attorneys' fees, plus accruing interest, costs, and fees. Pl.'s Mem. Supp. Summ. J., ECF No. 26-1; Pl.'s SUMF, ECF No. 26-3.

Plaintiff's Statement of Undisputed Material Facts and the parties' compiled statement show that the parties executed eight loan modifications on the Initial Loan and five loan modifications on the Enterprise Loan, while NEHI admitted the existence of the loans and nonpayment but disputed certain legal implications and damages issues. Pl.'s SUMF, ECF No. 26-3, ¶¶ 9, 21; Def.'s Resp. to Pl.'s SUMF, ECF No. 38-15.

After NEHI challenged Plaintiff's damages showing, Plaintiff filed a Reply supported by a supplemental declaration, loan-history reports, reconciliations of principal to the notices of default, and default-interest calculations through August 20, 2026. Pl.'s Reply ISO Mtn. for. Summ. J., ECF No. 39.

The proposed amendment does not introduce a new factual universe. It concerns the same two loans, the same modification history, the same default notices, and the same course of dealing Plaintiff itself placed at issue in its summary judgment filings.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(c) requires a party to affirmatively state avoidance and affirmative defenses, including estoppel, laches, and waiver.

Under Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleading with leave of court, and "[t]he court should freely give leave when justice so requires." When deciding leave to amend, courts consider undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, and futility, and the opposing party bears the burden of showing

why amendment should not be allowed. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Butler v. White*, 67 F. Supp. 3d 59, 66 (D.D.C. 2014).

## III. ARGUMENT

In *Harris v. Secretary, U.S. Department of Veterans Affairs*, the D.C. Circuit held that affirmative defenses must be raised through the pleading structure required by Rules 8(c) and 15(a), but also explained that failure to plead an affirmative defense is a curable forfeiture rather than an incurable abandonment when leave to amend is sought. 126 F.3d 339, 343-45 (D.C. Cir. 1997); *see also, United States v. Olano*, 507 U.S. 725, 733 (1993) ("Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right."). Plaintiff relies on *Harris* to argue that unpleaded affirmative defenses cannot be raised through summary judgment briefing alone. NEHI is following the precise procedure *Harris* contemplates by promptly seeking leave to amend under Rule 15, rather than resting on the arguments in its Opposition alone.

Plaintiff's Reply relies on *Jones v. District of Columbia Department of Corrections* for the proposition that an unpleaded defense should not be considered on summary judgment absent amendment. 429 F.3d 276, 279 (D.C. Cir. 2005). *Jones* confirms the relief NEHI now seeks is the correct procedural path, not an improper one. There, the D.C. Circuit reversed summary judgment that had been granted on an affirmative defense the defendant failed to plead, and held that on remand "the Department may move to amend its answer," and that "[i]f the trial court permits the amendment, then the Department may renew its motion for summary judgment[.]" *Id.* at 280. Plaintiff's own authority thus confirms that amendment, followed by renewed consideration of the summary judgment motion, is precisely how a court in this Circuit should address an affirmative defense omitted from the pleadings. That is precisely the posture presented here. NEHI invokes Rule 15(a)(2) before the Court has ruled on summary judgment and asks that the pleadings be conformed to defenses the parties have already

litigated. Plaintiff cannot simultaneously rely on *Jones* to identify the procedural defect and resist the very procedure Jones identifies for curing it.

### *A. Amendment is the proper procedural course under Rules 8 and 15, and courts in this district have granted leave to amend in precisely this posture.*

NEHI files this motion because formal amendment is the proper response when a party wishes to clarify or add affirmative defenses during summary judgment proceedings. Fed. R. Civ. P. 8(c); Fed. R. Civ. P. 15(a)(2); *Harris*, 126 F.3d at 343-45.

Courts in this district have repeatedly confirmed that a party may seek leave to amend even after first arguing an affirmative defense in summary judgment briefing, so long as a formal motion to amend follows. *In Butler v. White*, the court granted the defendant's motion to amend its answer to add affirmative defenses, holding that "[i]t is clearly the motion to amend that is crucial, not its timing," and that a party's prior briefing of a defense before formally moving to amend does not bar amendment under *Harris*. 67 F. Supp. 3d at 67 (citing *Nurriddin v. Goldin*, 382 F. Supp. 2d 79, 91-92 (D.D.C. 2005)). In *Nurriddin*, Judge Bates granted leave to amend an answer to add an exhaustion defense that had already been argued in the defendant's summary judgment motion, explaining that "[w]ithout this amendment, defendant could not assert the exhaustion arguments contained in its motion for summary judgment." 382 F. Supp. 2d 79, 91 (D.D.C. 2005). And, in *University of Colorado Health at Memorial Hospital v. Burwell*, the court granted leave to supplement an answer to add an affirmative defense of preclusion that the movant had raised only in reply briefing on a cross-motion for summary judgment, holding that a ten-month delay in seeking amendment was not undue and that the non-movant suffered no prejudice sufficient to justify denial. 233 F. Supp. 3d 69, 82-83 (D.D.C. 2017).

That is materially similar to this case, where Plaintiff's own filings establish an extended modification history before default and NEHI seeks to clarify defenses grounded in

course of dealing and enforcement conduct. The closest case on the underlying substance is *Nat'l Shopmen Pension Fund v. Burtman Iron Works, Inc*., in which the defendant raised a waiver defense at summary judgment without having pleaded it in its answer or sought leave to amend. 148 F. Supp. 2d 60, 66 (D.D.C. 2001). The court, applying *Harris*, did not treat the pleading omission as fatal; instead, it granted the defendant twenty days to file an amended answer, recognizing that "this procedural error need not necessarily cause loss of the defense." *Id*. at 66 (quoting *Harris*, 126 F.3d at 341). The court proceeded to deny summary judgment on the underlying issue because the defendant's evidence raised a genuine factual dispute as to whether the plaintiff had waived its rights through its own course of conduct — the same kind of prior conduct evidence NEHI has offered here.

### ***B. The proposed amendments will not prejudice Plaintiff.***

Under the Rule 15/*Foman* prejudice inquiry, the question is whether Plaintiff has been unfairly disadvantaged or deprived of the opportunity to present facts or evidence it would have offered had the amendment been made earlier. *Butler*, 67 F. Supp. 3d at 68. That is not this case.

Plaintiff's Reply shows actual notice and no surprise. Plaintiff argued that NEHI's Opposition "rests on defenses Defendant never pleaded — waiver and equitable and promissory estoppel — and on other affirmative defenses that were recited by name only, without any supporting facts," and further acknowledged that "Defendant's Opposition put those defenses at issue, and this Reply responds to those arguments rather than raising a new ground for summary judgment." Pl.'s Reply ISO Mtn. Summ. J., ECF No. 39, at 5 n.26. Plaintiff then addressed those theories on the merits, asserting that waiver was "not properly before the Court" but that "[e]ven if considered, it fails on the undisputed record," and that equitable estoppel and promissory estoppel were likewise "not properly before the Court" but

that "both fail on the undisputed record." *Id.* at 12. Those are not the statements of a party caught by surprise; they show Plaintiff clearly understood the theories and was able to answer them substantively. Indeed, Plaintiff's Reply itself demonstrates the absence of prejudice more effectively than any characterization by NEHI could. Plaintiff identified the defenses, identified the evidence on which NEHI relies, identified the governing legal standards, and argued why each defense purportedly fails. Whatever disagreement exists over the merits, Plaintiff plainly possessed both notice of the theories and the information necessary to address them. Rule 15 prejudice is therefore absent.

The amendment therefore clarifies, rather than expands, the issues. NEHI's Opposition tied its defenses to the same loan modification history, the same alleged extension-related representations by NHT's representatives, and the same Collateral Assignment and enforcement conduct already litigated in the summary judgment briefing. *See,* Def.'s Opp'n to Pl.'s Mtn. Summ. J.

Discovery gave Plaintiff actual notice of the factual basis for the proposed amended defenses well before NEHI filed its Opposition. Plaintiff deposed NEHI's corporate representative, Garrick Good, on the parties' repeated extensions and whether those extensions were requested by NEHI or initiated by NHT; Mr. Good testified that the extensions were granted based on communications between NHT, NEHI, and the City, and that the modifications were initiated by NHT. Good Dep. Tr. 129-130, ECF No. 39-2. Plaintiff also examined Mr. Good on the Fifth Loan Modification and his understanding of what would occur if AHTF grant funds were not received by July 5, 2024; Mr. Good testified that he understood there would be an additional amendment, while acknowledging that the modification's written text did not so state. Good Dep. Tr. 78:4-79:22, ECF No. 39-2. Plaintiff further examined Mr. Good directly on the Notes' anti-waiver and integration clauses. Good Dep. Tr. 93:13-95:4,

ECF No. 26-2. Plaintiff also examined Mr. Good on the AHTF grant-funded repayment structure underlying the Loans, including the recitals describing the Loans as bridge financing pending AHTF reimbursement, and on the factual basis for NEHI's pleaded excuse defense. Good Dep. Tr. 51:11-65:2, 70:8-22, 72:10-73:7, 76:18-79:22, 81:1-83:15, ECF No. 26-2. Plaintiff separately examined Mr. Good on the factual basis for NEHI's pleaded mitigation defense.[2] Good Dep. Tr. 132:17-134:20, ECF No. 39-2. Plaintiff's interrogatory responses further confirm that no new discovery is required. Plaintiff explained its reasons for approving the loan modifications, including its stated practice of extending "patient capital" and working "collaboratively" with borrowers, and separately addressed what steps, if any, it took after January 2024 to enforce or act upon its rights under the Collateral Assignment. Ex. 3, Pl.'s Resp. to Rog. Nos. 4, 5. In addition, NEHI's document requests to Plaintiff sought communications between Plaintiff and the City or DHCD concerning NEHI and the AHTF grant, documents concerning workout, restructuring, or settlement discussions with NEHI, and documents concerning the Collateral Assignment, including any steps taken to enforce or perfect it. Ex. 4, Pl.'s Resp. to Def.'s First RFP Nos. 5, 6, 8. Plaintiff's own document production in this case exceeded 27,000 pages, including internal communications, memoranda, and records concerning the loan modifications, extension decisions, and course of dealing directly at issue in NEHI's amended defenses. Plaintiff cannot credibly claim that amendment now would require it to locate or develop new evidence when its own already-produced records speak directly to these facts. Plaintiff cannot credibly claim surprise or prejudice where it examined NEHI's corporate representative on the precise course of dealing, reliance, and grant-funded repayment facts underlying the proposed amended defenses, and where its own written discovery responses and document production addressed the same

[2] NEHI cites this testimony only to establish that the topic was explored in discovery; NEHI does not concede that questions calling for a legal conclusion, to which NEHI objected on the record, provide a proper or complete basis for resolving the defense on the merits.

subject matter. No new transactions, no new witnesses, and no new documentary universe are introduced by the amendment; it supplies legal labels for the same modification, reliance, and enforcement facts already developed through discovery and already briefed by both sides.

Nor is there unfair surprise from the present timing, because Plaintiff itself expanded the summary judgment record in reply by submitting new loan history reports, new reconciliations, and new interest calculations. Pl.'s Reply ISO Mtn. Summ. J., ECF No. 39; Supplemental Decl. of A. Evert, ECF No. 39-2, Ex. 10.

Plaintiff separately argues in its Reply that NEHI's Opposition failed to comply with the Court's Summary Judgment Procedures Order because NEHI did not file a separate statement of additional facts supporting its affirmative defenses. That argument does not bear on prejudice from this amendment. The Order's mandatory provisions, at paragraphs 6 through 10, govern how an opposing party must respond to the movant's numbered facts. The separate mechanism at paragraph 11, by contrast, provides only that an opposition "***may*** also include a separate statement of genuine issues . . . that lists any additional facts that the opponent contends are material," ECF No. 20 ¶ 11 (emphasis added) — a permissive option, not a mandatory prerequisite to raising affirmative defenses. This argument is fully addressed and resolved here; NEHI raises it in this section only to confirm that nothing in the Order bears on whether Plaintiff had notice of, or is prejudiced by, the amendment NEHI now seeks.

Plaintiff's Reply also asserts that NEHI's originally pleaded defenses of laches, excuse, inequitable relief, failure to mitigate damages, and unclean hands were "recited by name only, without any supporting facts." Pl.'s Reply ISO Mtn. Summ. J., ECF No. 39, at 2. That argument does not support denying leave to amend, for two independent reasons. First, Plaintiff's

decision not to challenge the sufficiency of NEHI's originally pleaded defenses[3] before conducting discovery does not waive Plaintiff's present pleading argument, but it is highly relevant to prejudice. Plaintiff proceeded through discovery, examined NEHI's corporate representative concerning the facts underlying those defenses, and raised no contention that it lacked sufficient notice to investigate them. That history further demonstrates that amendment now would not deprive Plaintiff of discovery or otherwise impair its ability to defend against the amended pleading. Second, and regardless, the proposed First Amended Answer resolves this complaint on its own terms; it supplies express factual allegations supporting each of NEHI's originally pleaded defenses, in addition to waiver, equitable estoppel, promissory estoppel, and the defense/theory of subsequent oral modification expressly added. Whatever force Plaintiff's labels-only argument might otherwise have had, the amendment now before the Court moots it.

### *C. The amendments are not futile.*

Plaintiff cannot establish futility merely by repeating its contention that the proposed defenses ultimately fail on the merits. Futility warrants denial only if the proposed pleading could not survive the applicable dispositive standard. Here, NEHI has already identified record evidence supporting the proposed defenses, and District of Columbia authority recognizes each doctrine under circumstances sufficiently analogous to make the defenses legally viable. The Court need not, and should not, resolve the parties' competing factual inferences in deciding whether amendment itself is permissible. *See, Jones v. Castro*, 200 F. Supp. 3d 183, 188 n.4 (D.D.C. 2016) ("[I]t is prudent not to descend into the factual morass entailed in assessing the

---

[3] Plaintiff did not move to strike NEHI's originally pleaded affirmative defenses under Rule 12(f) at any point during the six months between NEHI's Answer and Plaintiff's Reply. NEHI does not contend this bars Plaintiff's present pleading-sufficiency argument as a matter of law. But having proceeded through full discovery without ever raising that argument, Plaintiff should not now be permitted to use its own six months of silence as a sword — treating the very delay it chose not to act on as evidence supporting its position.

materials attached by the parties and their various arguments regarding those materials."); *id.* at 189 n.5 (declining to "canvass the record more broadly, or attempt to resolve the factual issues raised by the parties," in assessing futility). Indeed, Plaintiff's own Reply demonstrates why futility cannot be resolved merely by labeling these defenses legally insufficient. Plaintiff asks the Court to draw competing inferences from the parties' modification history, communications, and course of dealing—the very factual disputes NEHI contends preclude summary judgment. Those competing inferences are properly addressed on the merits, not converted into a basis for denying amendment as futile.

NEHI does not ask the Court to adjudicate the ultimate merits of the amended defenses in this motion. It asks only that the pleadings be conformed to the issues the parties are actually litigating. As set forth below, controlling and persuasive District of Columbia authority establishes that the proposed defenses are legally cognizable and sufficiently supported by the existing record to survive a futility challenge.

The proposed waiver defense is not futile. District of Columbia law recognizes that waiver may arise from a party's course of conduct and that the intent underlying waiver ordinarily presents a factual question inappropriate for resolution where competing inferences may reasonably be drawn from the record. *See Tech 7 Sys., Inc. v. Vacation Acquisition, LLC*, 594 F. Supp. 2d 76, 86 (D.D.C. 2009); *Nat'l Shopmen Pension Fund v. Burtman Iron Works, Inc.*, 148 F. Supp. 2d 60, 65–66 (D.D.C. 2001). NEHI's proposed defense rests not on a single missed deadline or isolated indulgence, but on Plaintiff's repeated formal modifications and extensions, its continued accommodation following missed maturity dates and payment failures, and its contemporaneous records concerning the anticipated repayment source and continued patience with the Loans. Plaintiff disputes the inference NEHI draws from that

conduct, but that disagreement demonstrates why the defense is not futile; it does not establish that the defense fails as a matter of law.

The proposed equitable estoppel defense is likewise not futile. Equitable estoppel under D.C. law requires (1) a false representation or concealment of material fact, (2) made with actual or constructive knowledge of the true facts and the intention that another act in reliance, (3) the other party's lack of knowledge of the truth, (4) reliance on the representation, and (5) a resulting prejudicial change of position. *Cassidy v. Owen*, 533 A.2d 253, 255 (D.C. 1987). The D.C. Court of Appeals has held a creditor estopped from accelerating a note based on its own prior practice of notifying the debtor of deficient payments, rejecting the argument that the absence of a contractual notice duty defeats the estoppel claim. *Sacks v. Rothberg*, 569 A.2d 150, 156-57 (D.C. 1990). NEHI's proposed defense rests on the same kind of course of dealing evidence: Plaintiff's representative's statement regarding a further extension, made against a backdrop of eight prior modifications,  and a contractual anti-waiver clause does not foreclose that analysis. *Entrepreneur, Ltd. v. Yasuna,* 498 A.2d 1151, 1163 (D.C. 1985).

The proposed promissory estoppel defense is not futile for the same reason. Promissory estoppel under District of Columbia law requires a promise, made with the expectation that the promisee would rely on it, reasonable and foreseeable reliance by the promisee, and injustice absent enforcement. *Kauffman v. Int'l Bhd. of Teamsters*, 950 A.2d 44, 49 (D.C. 2008). At the amendment stage, NEHI need not prove the promise-based defense; it need only show that the proposed defense is not facially futile. The existing record includes testimony concerning extension-related communications and NEHI's understanding that further accommodation would occur if grant funds were not received. Plaintiff's own filed excerpts also show that NHT questioned Mr. Good about the extension history, including whether Plaintiff granted extensions and whether those extensions were requested by NEHI or initiated by NHT. Good

Dep. Tr. 129:4–132:9, ECF No. 39-2. NEHI's proposed defense is grounded in Plaintiff's representative's alleged extension-related assurances, the parties' repeated course of accommodation, and NEHI's reliance on that course of dealing. At minimum, those allegations and the existing record make the proposed defense plausible enough to defeat futility at the amendment stage.

The proposed subsequent oral modification defense is not futile either. It is settled District of Columbia law that a written contract may be orally modified or rescinded by a subsequent oral agreement even where the contract expressly bars oral modification, because "the existence of an express bar against oral modification does not remove the parties' continuing rights to contract anew on the subject." *Stancil v. First Mount Vernon Indus. Loan Ass'n,* 131 A.3d 867, 872 (D.C. 2014) (quoting *Clark v. Clark*, 535 A.2d 872, 876 (D.C. 1987)). The D.C. Court of Appeals has reversed summary judgment on precisely this basis, holding that a genuine issue of material fact existed as to whether a note's maturity date was orally extended notwithstanding the written instrument's terms. *Puma v. Sullivan,* 746 A.2d 871 (D.C. 2000). NEHI need only establish the oral modification by a preponderance of the evidence. Notably, although Plaintiff's Reply challenges waiver, equitable estoppel, and promissory estoppel on the merits, it does not separately argue that the subsequent oral modification theory fails on the merits if properly before the Court. In any event, Mr. Good's testimony concerning his communications with Plaintiff's representative and his resulting understanding regarding a further extension supplies, at minimum, a factual basis sufficient to defeat a claim of futility at the amendment stage.

At minimum, these authorities show the proposed amendment is not facially futile and should be allowed so the issues can be resolved on a complete pleading record. *Butler*, 67 F. Supp. 3d at 67; *National Shopmen*, 148 F. Supp. 2d at 65-66.

***D. NEHI's request is not the product of undue delay.***

There is no undue delay. NEHI filed its Answer on February 19, 2026 and seeks amendment within days of Plaintiff's Reply—the first filing to assert that waiver, equitable estoppel, and promissory estoppel cannot be considered because they were not separately pleaded. The approximately six-month period since the original Answer is shorter than delays found permissible in materially similar circumstances. *See Nurriddin v. Goldin*, 382 F. Supp. 2d 79, 91 (D.D.C. 2005) (eleven-month delay not undue); *Univ. of Colo. Health at Mem'l Hosp. v. Burwell*, 233 F. Supp. 3d 69, 82–83 (D.D.C. 2017) (ten-month delay not undue). More importantly, NEHI did not wait for an adverse ruling; it presented the substance and evidentiary bases of these defenses in its Opposition and promptly sought amendment when Plaintiff's Reply identified the pleading objection.

There is no evidence of bad faith or dilatory motive. The amendment does not follow an adverse ruling, seek to reopen discovery, introduce new witnesses or transactions, or alter NEHI's factual theory. No trial date has been set in this case, and granting leave now would not disrupt any trial preparation or delay resolution of this action. The amendment supplies express legal labels and additional factual detail, drawn from the discovery record Plaintiff itself developed, including deposition testimony concerning the parties' extension history, City/AHTF funding issues, mitigation and excuse facts, and workout-related conduct, for issues Plaintiff already explored in discovery and addressed on the merits in its Reply.

The Court's Scheduling Order did not establish a deadline for amendment of pleadings. ECF No. 19. That Order sets deadlines for the commencement and close of discovery (May 5, 2026 and June 19, 2026, respectively) and for summary judgment briefing, but includes no corresponding deadline governing amendment. *Id.* at 1. NEHI has therefore not missed any Court-ordered amendment deadline, and its request is governed by Rule 15(a)(2)'s liberal

amendment standard rather than by the heightened good cause showing that applies when a party seeks to modify an expired scheduling-order deadline.

### *E. Ruling on summary judgment should be deferred until this amendment motion is resolved.*

Harris holds that "[t]he District Court must not simply consider the [unpleaded] defense in deciding the summary judgment motion" without first addressing a Rule 15 motion for leave to amend, because "the procedural requirement that the District Court await a request for leave to amend, and grant or deny leave based on the circumstances of the case, is not empty formalism but the logical consequence of a system of rules that strives to achieve fairness without rigidity." *Harris v. Sec'y, U.S. Dep't of Veterans Affs.,* 126 F.3d 339, 345 (D.C. Cir. 1997).

That sequencing is particularly important here. Plaintiff seeks a final money judgment and simultaneously asks the Court to disregard several of NEHI's defenses because they were not formally pleaded. If amendment is permitted, that procedural premise disappears and the Court must evaluate summary judgment against the operative amended pleading. The Rule 15 question therefore logically precedes any ruling that depends upon the absence of those defenses from NEHI's original Answer. Plaintiff's Reply further expands the summary judgment record with new damages and accounting materials, providing an additional reason not to enter judgment before the procedural record is complete.

Accordingly, the Court should defer ruling on Plaintiff's summary judgment motion until this motion is resolved. If leave is granted, the proposed Amended Answer should be deemed filed, and any summary judgment ruling should proceed on the amended pleadings.

## IV. PROPOSED AMENDMENT

NEHI seeks leave to file a First Amended Answer that clarifies the factual bases for its existing pleaded defenses and expressly adds waiver, equitable estoppel, promissory estoppel, and the defense/theory of subsequent oral modification. The proposed amended defenses do not introduce new transactions or new factual issues; they plead the legal consequences of the same modification history, course of dealing, Collateral Assignment, and grant-funded repayment structure already litigated in the summary judgment record. NEHI attaches the proposed First Amended Answer as Exhibit 1 to this Motion. For the Court's convenience, NEHI also attaches as Exhibit 2 a redline comparing the proposed First Amended Answer against NEHI's original Answer

## V. NEHI SHOULD ALSO BE GRANTED LEAVE TO FILE A LIMITED SURREPLY

Surreplies are generally disfavored in this district and are available only by leave of Court, ordinarily where the movant's reply raises new issues or evidence the non-movant had no earlier opportunity to address. *Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. De C.V.*, 247 F. Supp. 3d 76 (D.D.C. 2017); *Stanford v. Potomac Elec. Power* Co., 394 F. Supp. 2d 81 (D.D.C. 2005). Leave is appropriate where, as here, the non-movant otherwise lacks any opportunity to contest matters raised for the first time in reply. *U.S. Equal Emp. Opportunity Comm'n v. R&R Janitorial Painting & Bldg. Servs., Inc.,* No. CV 21-2539 (RC), 2025 WL 2409751 (D.D.C. Aug. 20, 2025).

NEHI has addressed Plaintiff's Summary Judgment Procedures argument above to show that it does not support denial of amendment. To the extent the Court considers that reply-stage argument as an independent basis for summary judgment, NEHI respectfully requests leave to address it in the limited surreply. NEHI seeks leave to address two remaining categories of material raised for the first time in Plaintiff's Reply. First, as to NEHI's originally

pleaded defenses of laches, excuse, inequitable relief, failure to mitigate damages, and unclean hands, Plaintiff's opening Motion did not address the merits of those defenses at all, even though it had every opportunity to do so; Plaintiff's Reply now argues why each purportedly fails. NEHI has had no opportunity to respond to those new merits arguments. As to waiver, equitable estoppel, and promissory estoppel, Plaintiff's Reply likewise argues, that each defense "fails on the undisputed record" even if the Court considers it. NEHI has not previously had occasion to respond to those specific arguments. To the extent the Court intends to consider any of these reply-stage merits arguments as an independent basis for judgment, NEHI should be afforded a limited opportunity to address Plaintiff's actual arguments. Second, Plaintiff attempts to cure in reply the precise evidentiary deficiency NEHI identified in opposition by submitting a supplemental declaration and new loan-history reports, reconciliations, and default-interest calculations that were not part of Plaintiff's opening summary judgment record. Those materials are offered as affirmative evidence supporting the amount of the judgment Plaintiff asks the Court to enter. NEHI could not possibly have addressed evidence that Plaintiff did not submit until reply, and fundamental fairness warrants a limited opportunity to respond before that new evidence is considered.

A five-page surreply confined to these two issues would neither reopen summary judgment briefing nor afford NEHI a second opposition. It would simply permit NEHI to answer legal grounds and evidentiary materials Plaintiff chose to present for the first time after NEHI's ordinary opportunity to respond had closed. NEHI accordingly requests leave to file a surreply not exceeding five (5) pages, addressing only: (1) Plaintiff's reply merits arguments against NEHI's originally pleaded and amended defenses; and (2) Plaintiff's new reply damages materials.

## CONCLUSION

NEHI respectfully requests that the Court: (1) grant leave under Federal Rule of Civil Procedure 15(a)(2) to file the First Amended Answer attached as Exhibit 1 and deem it filed as of the date of the Court's Order; (2) grant NEHI leave to file a limited surreply, not exceeding five (5) pages for the reasons set forth in Section V above; and (3) defer ruling on Plaintiff's pending Motion for Summary Judgment until NEHI's First Amended Answer has been deemed filed and NEHI has filed its permitted surreply, and thereafter consider Plaintiff's Motion in light of the operative amended pleading and the completed summary judgment briefing.

Dated: August 25, 2026

Respectfully submitted,
/s/Dayna C. Cooper

Dayna C. Cooper (Bar No. 1033851)
1 Olympic Pl., Suite 900
Towson, MD 21204
(202) 642-5470 (office)
Dayna@CooperLegalSolutions.com
*Counsel for Defendant,*
*North East Housing Initiative, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 25, 2026, I caused the foregoing Motion to be served via CM/ECF on all counsel of record.

/s/ Dayna C. Cooper
Dayna C. Cooper