# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**NATIONAL HOUSING TRUST COMMUNITY DEVELOPMENT FUND** *

*

**PlaintiffsPlaintiff**

* **Case No.: 1:26-CV-76**

**v.**

*

**NORTH EAST HOUSING INITIATIVE, INC.**

*

**Defendant**

* * * * * * * * * * * * *

## DEFENDANT'S FIRST AMENDED ANSWER TO COMPLAINT

Defendant, North East Housing Initiative, Inc.,. ("NEHI"), by and through their undersigned counsel, hereby submitsfiles this First Amended Answer to the Complaint filed by Plaintiff, National Housing Trust Community Development Fund, in the above-captioned matter. and states as follows:

Defendant denies each and every allegation in the Complaint except as specifically admitted herein.

## RESPONSES TO ALLEGATIONS

1. Defendant is without sufficient knowledge to admit or deny, and therefore, denies.
2. Admitted.
3. Allegation 3 is a conclusion of law, which does not require admission or denial.
4. Allegation 4 is a conclusion of law, which does not require admission or denial.
5. Admitted.
6. Admitted.

7. Allegation 7 refers to a documents, which speaks for themselves.
8. Allegation 8 refers to a document, which speaks for itself.
9. Allegation 9 refers to a document, which speaks for itself.
10. Allegation 10 refers to a document, which speaks for itself.
11. Allegation 11 refers to a document, which speaks for itself.
12. Allegation 12 refers to a document, which speaks for itself.
13. Allegation 13 refers to a document, which speaks for itself.
14. Allegation 14 refers to a document, which speaks for itself.
15. Allegation 15 refers to a document, which speaks for itself.
16. Allegation 16 refers to a document, which speaks for itself.
17. Allegation 17 refers to a document, which speaks for itself.
18. Allegation 18 refers to a document, which speaks for itself.
19. Allegation 19 refers to a document, which speaks for itself.
20. Admitted.
21. Allegation 21 refers to a document, which speaks for itself.
22. Allegation 22 refers to a document, which speaks for itself.
23. Admitted.
24. Admitted.
25. Allegation 25 refers to a document, which speaks for itself.
26. Allegation 26 refers to a document, which speaks for itself.
27. Admitted.
28. Admitted.
29. Admitted.

30. Admitted.

31. Admitted.

32. Allegation 32 refers to a document, which speaks for itself.

33. Allegation 33 refers to a document, which speaks for itself.

34. Allegation 34 refers to a document, which speaks for itself.

35. Allegation 35 refers to a document, which speaks for itself.

36. Allegation 36 refers to a document, which speaks for itself.

37. Allegation 37 refers to a document, which speaks for itself.

38. Allegation 38 refers to a document, which speaks for itself.

39. Allegation 39 refers to a document, which speaks for itself.

40. Admitted.

41. Admitted.

42. Allegation 43 refers to a document, which speaks for itself.

43. Admitted.

44. Allegation 44 refers to a document, which speaks for itself.

45. Allegation 45 is a conclusion of law, which does not require admission or denial.

46. Allegation 46 is a conclusion of law, which does not require admission or denial.

47. Defendant is without sufficient knowledge to admit or deny, and therefore, denies.

**AFFIRMATIVE DEFENSES**

~~1. Laches.~~

~~2. Excuse.~~

~~3. The relief sought is inequitable.~~

4. Failure to mitigate damages.

5. Unclean Hands.

Without assuming any burden not otherwise imposed by law, NEHI asserts the following affirmative defenses:

1. **Laches**. Plaintiff's claims are barred or limited by laches to the extent Plaintiff delayed strict enforcement while repeatedly extending the Loans and continuing communications regarding repayment before issuing the October 2, 2025 default notices, and NEHI was prejudiced by continuing to pursue grant funding, refinancing, fundraising, and workout efforts in reliance on that course of conduct. Plaintiff admitted that the parties executed eight loan modification agreements on the Initial Loan and five loan modification agreements on the Enterprise Loan, and Plaintiff further stated in discovery that it did not immediately declare a default after Defendant's November 2024 check was returned but instead continued to communicate with Defendant regarding the status of funds and anticipated receipt of those funds.
2. **Excuse / Impracticability / Frustration of Purpose.** Plaintiff's requested relief is barred or limited to the extent NEHI's performance was affected by mitigating factors and grant-funding issues that Plaintiff understood were tied to the anticipated repayment source for the Loans. Plaintiff admitted that City of Baltimore AHTF grant funds were expected to be used as a potential source of repayment for the Initial Loan, that Plaintiff reviewed grant-related documentation, and that Plaintiff understood at origination that AHTF grant funds

were to be disbursed on a reimbursement basis. Mr. Good also testified that mitigating factors prevented NEHI from making payments in accordance with the agreements.

3. **Inequitable Relief.** The relief Plaintiff seeks is inequitable because Plaintiff expected grant funds could be a repayment source, required a Collateral Assignment and Pledge Agreement in connection with the Fifth Loan Modification, and then took no steps to give written notice of that collateral assignment to the City of Baltimore or DHCD and no steps to enforce its rights under that assignment.

4. **Failure to Mitigate Damages.** Plaintiff's damages are barred or reduced because Plaintiff failed to take reasonable steps to mitigate its claimed losses. Plaintiff admitted that after executing the Collateral Assignment it did not provide written notice to the City of Baltimore or DHCD of Plaintiff's security interest in the AHTF grant proceeds and took no steps to enforce its rights under the Collateral Assignment against the City of Baltimore or DHCD.

5. **Unclean Hands.** Plaintiff's claims are barred or limited by unclean hands to the extent Plaintiff seeks strict enforcement after repeated extensions, continued accommodation, and retention of a collateral assignment tied to AHTF grant proceeds that Plaintiff did not notice, pursue, or enforce before filing suit. Plaintiff admitted that after receiving the returned November 2024 check, it entered into the Seventh and Eighth Loan Modification Agreements.

6. **Waiver.** Plaintiff waived, in whole or in part, strict enforcement of the maturity and payment provisions through its repeated written extensions and course of dealing. Plaintiff admitted the multiple loan modifications, and Mr. Good testified that up to the default-letter period Plaintiff had granted extensions based on communications with the City and

NEHI and that the modifications were initiated by Plaintiff. Plaintiff also stated in discovery that it did not immediately declare default after the November 2024 returned check.

7. **Equitable Estoppel.** Plaintiff is equitably estopped, in whole or in part, from enforcing the Loans in the manner now asserted because Plaintiff understood that AHTF grant funds could be a repayment source, understood that those funds were to be disbursed on a reimbursement basis, understood at certain modifications that the City had not yet fully disbursed the grant funds, and nonetheless continued the parties' modification and accommodation course while requiring collateral tied to those grant proceeds. NEHI reasonably relied on Plaintiff's representations, modifications, and course of conduct by continuing to pursue grant funding, refinancing, fundraising, and workout efforts rather than treating Plaintiff's accommodation as terminated, and NEHI was prejudiced when Plaintiff later sought strict enforcement without first pursuing the collateral rights it had required.

8. **Promissory Estoppel.** Plaintiff is barred or limited by promissory estoppel to the extent Plaintiff, through its representatives and course of dealing, made promises or assurances that further extension, accommodation, or workout treatment would continue while grant funding remained pending, including assurances that induced NEHI to continue grant-funding, refinancing, fundraising, and repayment efforts rather than treating the lending relationship as terminated. Mr. Good testified that NEHI pursued refinancing through JPMorgan Chase and U.S. Bank and continued other funding efforts, and Plaintiff stated that after the November 2024 returned check it continued to communicate with Defendant regarding when funds would be received.

9. **Subsequent Modification / Agreement.** To the extent amendment is required to preserve this theory, and in the alternative, NEHI alleges that the parties' obligations were affected by subsequent agreements, understandings, and workout-related conduct reflected in the repeated written loan modifications and continuing communications concerning pending grant funds and repayment timing. Plaintiff admitted that the parties executed eight modifications on the Initial Loan and five on the Enterprise Loan.

Dated: August 25, 2026

Respectfully submitted,

/s/ Dayna C. Cooper
Dayna C. Cooper, Esq.
Federal Bar No. 1033851
Cooper Legal, LLC
1 Olympic Place, Suite 900
Towson, MD 21204
(202) 642-5470
Dayna@cooperlegalsolutions.com

~~and~~

~~/s/ Marc E. Shach~~
~~Marc E. Shach, Esq. (*pro hac vice* pending)~~
~~Coon & Cole, LLC~~
~~1301 York Road, Suite 400~~
~~Lutherville, Maryland 21093~~
~~Direct: 410-630-4428~~
~~Firm: 410-244-8800~~
~~Fax: 410-825-5941~~
~~mes@cooncolelaw.com~~

*Counsel for Defendant, Northeast Housing Initiative, Inc.*