# EXHIBIT 3

Plaintiff's underwriting and servicing records for Defendant's prior loan from Plaintiff. Plaintiff understood that AHTF grant funds were expected to be a potential repayment source for the Initial Loan, while sales proceeds from the homes were also discussed as another possible repayment source.

**INTERROGATORY NO. 3:** Identify all documents Plaintiff reviewed or relied upon in connection with the origination and approval of the Initial Loan, including but not limited to any materials referencing the AHTF grant or any City of Baltimore funding.

**Response:** Plaintiff objects to Interrogatory No. 3 to the extent it seeks a narrative compilation of documents equally identifiable from Plaintiff's loan-origination, approval, and loan-file records, and to the extent it seeks privileged, work-product, confidential, proprietary, or commercially sensitive information.

Subject to and without waiving these objections, Plaintiff states that it reviewed or relied upon nonprivileged materials provided by Defendant in connection with the origination and approval of the Initial Loan, including Defendant's loan application, financial statements, staff resumes, housing acquisition and development pipeline information, grant award letters issued in connection with anticipated public funding for the project, and Plaintiff's underwriting and servicing records for Defendant's prior loan from Plaintiff. Plaintiff further states that it reviewed grant award letters issued by the City of Baltimore to Defendant relating to the AHTF grant. Plaintiff will produce or has produced nonprivileged responsive documents, and further identifies those records pursuant to Federal Rule of Civil Procedure 33(d) to the extent the answer may be derived from them.

**INTERROGATORY NO. 4:** For each of the eight loan modifications to the Initial Loan and each of the five modifications to the Enterprise Loan, state: (a) the reason Plaintiff agreed to

the modification; (b) what Plaintiff understood about the status of the AHTF grant disbursement at the time; (c) what Plaintiff understood about the reason the grant had not been disbursed; and (d) the identity of all Plaintiff personnel involved in approving the modification.

**Response:** Plaintiff objects to Interrogatory No. 4 to the extent it is overbroad, unduly burdensome, seeks confidential or proprietary internal credit-review information, or seeks privileged or work-product material.

Subject to and without waiving these objections, Plaintiff states that it approved modifications to the Initial Loan and Enterprise Loan because, as a nonprofit CDFI lender, Plaintiff endeavors to provide patient capital and work collaboratively with borrowers in furtherance of the project for which the loan was made. In connection with the modifications, Plaintiff considered, among other things, the status and progress of the project, Defendant's financial condition, Defendant's representations with respect to the timing of Defendant's anticipated ability to make payments, the status of the AHTF grant, and other financial information available at the time. Plaintiff understood that the AHTF grant operated on a reimbursement basis and that there were ongoing delays with the City of Baltimore, including delays related at least in part to Defendant's noncompliance with grant terms. Plaintiff further states that the modifications were supported by loan write-ups or credit memoranda and were approved by Plaintiff's vice president, president, loan committee, or Executive Committee of the Board of Directors depending on the modification.

**INTERROGATORY NO. 5:** Identify all steps, if any, taken by Plaintiff after January 2024 to enforce, notify, preserve, or otherwise act upon its rights under the Collateral Assignment and Pledge Agreement, and identify all communications between Plaintiff and the City of Baltimore, DHCD, or any other governmental entity regarding the Collateral Assignment, the AHTF grant, or Defendant's loan obligations, including for each communication: (a) the date; (b)

the form; (c) the identity of all participants; (d) the substance; and (e) the identity of all documents reflecting the communication.

**Response:** Plaintiff objects to Interrogatory No. 5 as overbroad, vague, unduly burdensome, and not proportional to the needs of the case, including to the extent it seeks "all communications" with the City of Baltimore, DHCD, or any other governmental entity. Plaintiff further objects because the phrase "to enforce, notify, preserve, or otherwise act upon its rights" is vague, ambiguous, undefined, and calls for legal interpretation. Plaintiff further objects to the extent the Interrogatory implies that Plaintiff was in privity with the City of Baltimore, DHCD, or any other governmental entity. Plaintiff further objects to this Interrogatory to the extent it suggests that Plaintiff had a legal obligation to provide written notice to the City of Baltimore or DHCD or the City of Baltimore of DHCD were parties to the Collateral Assignment and Pledge Agreement. Plaintiff further objects to the extent the Interrogatory seeks privileged or work-product material, legal conclusions, counsel's mental impressions, or information not relevant to any claim or defense.

Subject to and without waiving the foregoing objections, Plaintiff states as follows: Plaintiff was included in certain communications involving Defendant and representatives of the City of Baltimore and/or DHCD concerning the AHTF grant, including: (a) in or around July 2024, by Microsoft Teams meeting or call, involving representatives of NEHI, NIIF, Plaintiff, and City/DHCD staff, concerning the status of the AHTF grant and related disbursements, including the City/DHCD's position that it was moving forward with or approving disbursement of approximately $500,000 in grant proceeds while holding back other funds to address a grant-compliance issue; and (b) in or around fall 2024, by email communications including NEHI, Plaintiff, and the City/DHCD, concerning the City/DHCD's statement that it was disbursing the

funds. Plaintiff's understanding was that the funds were disbursed, although Plaintiff did not know what actions were taken by the City. Documents reflecting these communications include nonprivileged meeting invitations, calendar entries, notes, and emails in Plaintiff's possession, custody, or control, including emails among Plaintiff, Defendant, and City/DHCD representatives concerning the AHTF grant disbursement. These documents are included in Plaintiff's document production to Defendant.

Plaintiff is not aware of any communications with the City of Baltimore or DHCD, without Defendant's involvement, regarding the Collateral Assignment, the AHTF grant, or Defendant's loan obligations. Plaintiff did not provide written notice to the City or DHCD concerning the Collateral Assignment and Pledge Agreement and did not contact the City independently regarding the Collateral Assignment and Pledge Agreement from January 2024 to present.

**INTERROGATORY NO. 6:** Describe in detail the basis for the damages calculation set forth in the Declaration of Alice Hamilton Evert, including: (a) the date from which default interest began accruing; (b) the specific default interest rate applied; and (c) the legal authority for that rate under District of Columbia law.

**Response:** Plaintiff objects to Interrogatory No. 6 to the extent it seeks legal argument, legal research, attorney work product, or information already reflected in Plaintiff's loan documents, payment records, and damages materials. Subject to and without waiving these objections, Plaintiff states that the damages calculation set forth in the Declaration of Alice Hamilton Evert is based on the outstanding principal and accrued interest due under the Initial Loan and Enterprise Loan, as reflected in the applicable loan documents, payment history, and servicing records. Plaintiff further states that the amounts identified in the Declaration do not include default interest. Because the amounts identified in the Declaration do not include default