# EXHIBIT 4

**REQUEST NO. 4:** All internal communications regarding the origination, approval, underwriting, or modification of the Initial Loan and Enterprise Loan.

**Response:** Plaintiff objects to Request No. 4 because it is overbroad, unduly burdensome, and disproportionate to the needs of the case, as it seeks all internal communications regarding the origination, approval, underwriting, or modification of both loans without limitation as to custodian, time period, or subject matter. Defendant's asserted defenses do not make Plaintiff's internal communications concerning underwriting, approval, or loan modification relevant or discoverable under Rule 26(b)(1). Plaintiff further objects to the extent the request seeks confidential, commercially sensitive, and proprietary information, including nonpublic underwriting criteria, risk-assessment methods, and internal approval processes, as well as documents protected by the attorney-client privilege or work-product doctrine. Subject to and without waiving these objections, Plaintiff will produce nonprivileged, relevant, and responsive documents.

**REQUEST NO. 5:** All communications between Plaintiff and Defendant from the date of origination of the Initial Loan through the date of this request.

**Response:** Plaintiff objects to Request No. 5 as overbroad, disproportionate to the needs of the case, and not limited to communications relevant to any claim or defense under Rule 26(b)(1), because it seeks all communications between Plaintiff and Defendant from origination through the date of the request without limitation by subject matter. Plaintiff further objects to the extent the request seeks documents equally available to Defendant. Subject to and without waiving these objections, Plaintiff will produce nonprivileged, relevant, and responsive documents.

**REQUEST NO. 6:** All documents related to each loan modification, including internal communications, approval records, and any analysis of Defendant's financial condition or repayment prospects at the time of each modification.

**Response:** Plaintiff objects to Request No. 6 to the extent it seeks all documents related to each loan modification, including all internal communications, approval records, and analyses of Defendant’s financial condition or repayment prospects, because the request is overbroad, disproportionate to the needs of the case, and seeks materials not relevant to any claim or defense under Rule 26(b)(1). To the extent the request seeks Plaintiff’s internal analyses, underwriting assessments, risk evaluations, or approval processes relating to any loan modification, it improperly seeks confidential, commercially sensitive, and proprietary information concerning Plaintiff’s internal lending practices and methodologies. Defendant’s asserted defenses do not make Plaintiff’s internal evaluation of Defendant’s financial condition, creditworthiness, or repayment prospects relevant or discoverable. Plaintiff further objects to the extent the request seeks documents protected by the attorney-client privilege or work-product doctrine. Subject to and without waiving these objections, Plaintiff will produce nonprivileged, relevant, and responsive documents.

**REQUEST NO. 7:** All documents related to the Collateral Assignment and Pledge Agreement, including all communications with or about the City of Baltimore or DHCD regarding the assignment or the AHTF grant proceeds.

**Response:** Plaintiff objects to Request No. 7 to the extent it seeks all documents “related to” the Collateral Assignment and Pledge Agreement without reasonable limitation because the request is overbroad, disproportionate to the needs of the case, and may encompass materials not relevant to any claim or defense under Rule 26(b)(1). Plaintiff further objects to the extent the

request seeks communications with or about the City of Baltimore or DHCD regarding the assignment or AHTF grant proceeds, because such materials are not relevant to Defendant's asserted defenses. Plaintiff further objects to the extent the request seeks documents protected by the attorney-client privilege or work-product doctrine. Subject to and without waiving these objections, Plaintiff will produce nonprivileged, relevant, and responsive documents concerning the Collateral Assignment and Pledge Agreement.

**REQUEST NO. 8:** All documents reflecting any steps taken by Plaintiff after January 2024 to enforce, notify, or otherwise act upon its rights under the Collateral Assignment.

**Response:** Plaintiff objects to Request No. 8 because it seeks documents not relevant to any claim or defense under Rule 26(b)(1) and is disproportionate to the needs of the case. Plaintiff further objects because the phrase "to enforce, notify, preserve, or otherwise act upon its rights" is vague, ambiguous, undefined, and calls for legal interpretation. Any steps Plaintiff may or may not have taken after January 2024 to enforce, notify, or otherwise act upon its rights under the Collateral Assignment concern Plaintiff's post-default enforcement strategy and do not bear on Defendant's payment obligations under the loan documents or Defendant's asserted defenses. Plaintiff further objects to the extent the request seeks documents protected by the attorney-client privilege or work-product doctrine.

**REQUEST NO. 9:** All documents and communications regarding the $464,187.94 check tendered by Defendant in November 2024, including internal communications regarding whether to declare a default.

**Response:** Plaintiff objects to Request No. 9 because it seeks materials not relevant to any claim or defense under Rule 26(b)(1) and is disproportionate to the needs of the case, including internal communications regarding whether to declare a default. Plaintiff's internal