**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATIONAL HOUSING TRUST COMMUNITY DEVELOPMENT FUND<br><br>Plaintiff,<br><br>v.<br><br>NORTH EAST HOUSING INITIATIVE, INC.,<br><br>Defendant. | Civil Action No. 1:26-CV-76 |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE A FIRST AMENDED ANSWER AND FOR LEAVE TO FILE A LIMITED SURREPLY**

Plaintiff National Housing Trust Community Development Fund ("Plaintiff") respectfully submits this Opposition to Defendant's Motion for Leave to File a First Amended Answer and for Leave to file a Limited Reply.

**PRELIMINARY STATEMENT**

After discovery concluded and the parties fully briefed Plaintiff's Motion for Summary Judgment, Defendant North East Housing Initiative, Inc. ("Defendant") filed a Motion for Leave to File a First Amended Answer and for Leave to File a Limited Surreply (the "Motion").[1] The Motion should be denied.

First, granting Defendant's Motion now would substantially prejudice Plaintiff. Amendment would require Plaintiff, at substantial financial cost, to address newly pleaded defenses after discovery has closed and brief again a dispositive motion concerning a debt Defendant has admitted is owed.

[1] Motion for Leave to File a First Amended Answer and for Leave to File a Limited Surreply (ECF No. 40).

Second, Defendant's Motion is the product of undue delay, bad faith, and dilatory motive. It is Defendant's obligation to plead its defenses properly and timely yet Defendant failed to do so and now, at such a late stage in the case, without justification, seeks to do so.

Third, Defendant failed to identify any undisputed material facts supporting its proposed defenses or disputing Plaintiff's damages.

Fourth, a surreply is unwarranted. Plaintiff's Reply raised no new matter; it responded to defenses and damages objections Defendant presented in its Opposition.

## I. Granting Leave to Amend Would Substantially Prejudice Plaintiff

Granting leave at this stage would impose substantial procedural and financial prejudice on Plaintiff. Discovery has closed, and Plaintiff's Motion for Summary Judgment is fully briefed and ripe for decision. Defendant, without justification and without a showing that new facts have been discovered, nevertheless seeks to add affirmative defenses that would require Plaintiff, at substantial financial cost, to address new allegations after discovery has concluded and rebrief its dispositive motion. This is the type of "undue prejudice to the opposing party" that the Supreme Court recognized in *Foman v. Davis* as supporting denial of leave to amend. [2]

That prejudice is particularly acute because Defendant admitted the underlying debt. Defendant's Rule 30(b)(6) designee testified that Defendant owes the amounts due under both loans and that Defendant's defenses do not dispute the money owed.[3] Defendant also admitted executing the loan agreements, receiving $735,000 in loan proceeds, and failing to repay either loan at maturity.[4]

[2] *Foman v. Davis*, 371 U.S. 178, 182 (1962).
[3] Good Dep. 115:16 – 116:11 (ECF No. 26-2, Ex. 5).
[4] *See* Def.'s Resp. to Pl.'s Statement of Undisputed Material Facts ¶¶ 1, 7–10, 16–17, 19, 21, 25–27, 29–30 (ECF No. 38-15)

Amendment would therefore do more than alter the pleadings. It would reopen completed proceedings and require Plaintiff to incur additional expense litigating newly pleaded defenses to an admitted debt and further limit Plaintiff's ability to recover the debt. The Court should deny leave on that basis.

**II. Defendant's Undue Delay, Bad Faith, and Dilatory Motive Warrant Denial**

The obligation to plead the proposed affirmative defenses rested solely with Defendant. "Rule 8(c) means what it says": affirmative defenses must be asserted in a responsive pleading.[5] Although Defendant listed several affirmative defenses in its Answer, it pleaded each by name only, without supporting facts, and did not plead waiver, equitable estoppel, promissory estoppel, or oral modification.[6] Plaintiff is not required to move to strike defenses that were not properly pleaded or to anticipate defenses defendant chose to omit.

Under *Foman*, denial is also warranted when a defendant's conduct demonstrates "undue delay, bad faith or dilatory motive."[7] Defendant had repeated opportunities to plead the proposed defenses. It obtained a consensual extension of the deadline to answer,[8] filed its Answer without the proposed defenses[9] participated in discovery, and received a thirty-day extension to oppose Plaintiff's Motion for Summary Judgment.[10] Defendant then filed its Opposition without seeking amendment. ECF No. 38. Yet Defendant waited until after Plaintiff's Reply to seek leave. Such strategic delay supports denial because "denying leave to amend to such a strategic litigant who intentionally neglected to plead a defense would serve, not impede, substantive justice."[11]

[5] *Harris v. Secretary, U.S. Department of Veterans Affairs*, 126 F.3d 339, 345 (D.C. Cir. 1997).
[6] Answer p. 3, (ECF No. 10).
[7] *Foman, supra,* 371 U.S. at 182.
[8] Court's Minute Order, February 12, 2026.
[9] Answer (ECF No. 10).
[10] Court's Minute Order, July 9, 2026.
[11] *Harris*, 126 F.3d at 345.

Defendant's present request also should not be viewed in isolation. It follows other conduct that delayed resolution of Plaintiff's admitted claim, including the issuance of a check that was returned unpaid,[12] and motions by Defendant's counsel to withdraw and stay the deadline to respond to summary judgment citing the need for substitute counsel,[13] only for counsel to reappear after receiving a thirty-day extension.[14] That history confirms that the present motion is the product of undue delay, bad faith, and dilatory motive—not a good-faith effort to correct an inadvertent omission.

Defendant's reliance on *Harris* and *Jones* is misplaced. Neither decision makes amendment automatic. *Harris* holds that, after an affirmative defense has been forfeited, the defendant may seek leave to amend, but the district court must grant or deny that request under the circumstances identified in *Foman*.[15] *Jones* likewise permits a defendant to move for leave to amend; it does not require the court to grant leave.[16] Both cases involved a defendant that obtained summary judgment on an unpleaded affirmative defense and innocent plaintiff that objected. Here, by contrast, Defendant did not plead its defenses and now claims prejudice from the consequences of its own failure. *Harris* expressly recognizes that denying leave to "a strategic litigant who intentionally neglected to plead a defense would serve, not impede, substantive justice."[17] Neither decision requires amendment under these circumstances.

Defendant also cites *University of Colorado Health at Memorial Hospital v. Burwell* and *Nurriddin v. Goldin* to support its request for leave to amend, but those decisions arose in

---

[12] Compl., ¶ 20 (ECF No. 1); Answer, ¶ 20 (admitted) (ECF No. 10).
[13] Motion of Dayna C. Cooper, Esq. to Withdraw Appearance as Counsel for Defendant (ECF No. 25); Defendant's Motion to Stay the Deadline to Respond to Plaintiff's Motion for Summary Judgment Pending Resolution of Counsel's Motion to Withdraw, or, in the Alternative, for an extension of Time (ECF No. 27); Motion of Marc E. Shach, Esq. to Withdraw Appearance as Counsel for Defendant (ECF No. 33).
[14] Defendant's Opposition to Plaintiff's Motion for Summary Judgment (ECF No. 38).
[15] *Harris v. Secretary, U.S. Department of Veterans Affairs*, 126 F.3d 339, 343–46 (D.C. Cir. 1997).
[16] *Jones v. District of Columbia Department of Corrections*, 429 F.3d 276, 283–84 (D.C. Cir. 2005).
[17] *Harris*, 126 F.3d at 345.

materially different circumstances. In *University of Colorado Health*, the proposed preclusion defenses became available only after judgments were entered in related litigation shortly before the defendant asserted them.[18] No comparable circumstance exists here. Defendant knew the underlying facts before filing its Answer but waited until after discovery closed and summary judgment was fully briefed to seek amendment. *Nurriddin* is similarly distinguishable because the decision does not address whether leave to amend is appropriate where, as here, the defendant knew the facts underlying the proposed defenses but waited until after discovery closed and summary judgment was fully briefed to assert them.[19] Neither case excuses Defendant's failure to plead known defenses until this late stage.

### III. Defendant Did Not Identify Any Material Facts To Support Its Affirmative Defenses or Disputing Plaintiff's Damages, and the Proposed Amendment Is Futile

The Court's Summary Judgment Procedures Order required Defendant to identify, with specific record citations, the material facts supporting its affirmative defenses and creating a genuine dispute for trial.[20] Defendant did not do so. Its response neither identifies evidence supporting its affirmative defenses nor presents facts disputing the amounts Plaintiff seeks to recover.[21] Defendant cannot use an amended pleading to obtain a second opportunity to supply facts it was required—but failed—to plead or present in opposing summary judgment.

Defendant's own admissions confirm the absence of a genuine factual dispute. Defendant admits that it executed the loan agreements, received $735,000 in loan proceeds, and failed to

[18] *University of Colorado Health at Memorial Hospital v. Burwell,* 223 F. Supp. 3d 56 (D.D.C. 2016).
[19] *Nurriddin v. Goldin,* 382 F. Supp. 2d 79 (D.D.C. 2005).
[20] Summary Judgment Procedures Order ¶¶ 5-8, 10, 11 (ECF No. 20).
[21] Defendant's Response to Plaintiff's Statement of Undisputed Material Facts (ECF No. 38).

repay either loan at maturity.[22] Its Rule 30(b)(6) designee further testified that Defendant owes the amounts due under both loans and that its defenses do not dispute the money owed.[23]

Nor did Defendant identify any fact disputing Plaintiff's damages. Plaintiff set forth the amount due in its opening Motion for Summary Judgment, supported by the Evert Declaration.[24] That calculation rests on Defendant's missed payments and the application of the interest set forth under the loan agreements.[25] The supplemental declaration submitted with Plaintiff's Reply did not introduce a new damages claim; it supplied additional support for the same calculation after Defendant challenged the sufficiency of Plaintiff's evidence and updated the interest through August 26, 2026.[26] Defendant still identifies no competing calculation, payment, interest error, or other fact creating a genuine dispute over the amount owed.[27]

Defendant's proposed amendment is futile. Defendant identifies no record evidence supporting its affirmative defenses, and, as Plaintiff demonstrated in its Reply, those defenses fail on the merits. Defendant likewise identifies no factual basis for disputing Plaintiff's damages or explaining how the proposed defenses would create a genuine dispute for trial.[28]

The proposed amendment would not change the summary-judgment record or affect the disposition of Plaintiff's Motion. The Court, therefore, should deny leave to amend and decide Plaintiff's Motion for Summary Judgment on the existing record.

---

[22] Answer ¶¶ 7, 20, 28, 32, 43 (ECF No. 10); Pl.'s Statement of Undisputed Material Facts ¶¶ 1, 15, 17, 19, 27, 29–30 (ECF No. 26-1).
[23] Good Dep. 115:16 – 116:11 (ECF No. 26-2, Ex. 5).
[24] Plaintiff's Motion for Summary Judgment at 9-11 (ECF No. 26-1, Ex. No. 5); Evert Decl. ¶¶ 6–7 (ECF No. 26-2, Ex. No. 8).
[25] Loan Agreements (ECF No. 26-2, Exs. 2 and 3).
[26] Supplemental Decl. of Alice Hamilton Evert (ECF No. 39-2, ¶¶ 13–26).
[27] Both loan agreements authorize payment of attorney fees. Plaintiff does not include attorney's fees in its request for judgment, notwithstanding that those fees now exceed $100,000.
[28] *Foman v. Davis*, 371 U.S. 178, 182 (1962) (identifying "futility of amendment" as a ground for denying leave).

### IV. A Surreply Is Unwarranted Because Plaintiff's Reply Raised No New Matter

Surreplies are disfavored and generally appropriate only when a reply raises a new argument or evidence that the opposing party did not have the opportunity to address.[29] Plaintiff's Reply raised no new matter; it responded to the affirmative defenses and damages objections Defendant presented in its Opposition. Defendant cannot raise an unpleaded defense and then obtain a surreply merely because Plaintiff responded to Defendant's argument.[30]

Nor did the Supplemental Evert Declaration raise a new issue. It provided additional support for the damages stated in Plaintiff's opening Motion after Defendant challenged the sufficiency of that evidence; it asserted neither a new theory nor a different amount.[31] Because Plaintiff's Reply addressed only matters Defendant placed at issue, the Court should deny leave to file a surreply.[32]

## CONCLUSION

Defendant seeks to add unsupported defenses after discovery closed and summary judgment was fully briefed. Defendant had repeated opportunities to plead and develop those defenses. Amendment now would prejudice Plaintiff and reward Defendant's undue delay and dilatory conduct. Defendant identifies no material fact disputing either liability or damages. Nor is a surreply warranted, because Plaintiff's Reply addressed only matters Defendant raised in its Opposition. The Court should therefore deny Defendant's motion for leave to file a First Amended Answer and for leave to file a surreply.

---

[29] *Banner Health v. Sebelius*, 905 F. Supp. 2d 174, 187 (D.D.C. 2012).
[30] *See Crummey v. Social Security Administration*, 794 F. Supp. 2d 46, 62–63 (D.D.C. 2011) (denying leave where the reply remained within the scope of matters raised in opposition).
[31] *See Banner Health*, 905 F. Supp. 2d at 187 (considering whether the proposed surreply would assist resolution of the pending motion and whether denial would cause undue prejudice).
[32] *See Crummey*, 794 F. Supp. 2d at 62–63.

Dated: September 4, 2026

Respectfully submitted,

*/s/ Joel W. Ruderman*
Joel W. Ruderman
Federal Bar No. 479385
Jennifer L. Kneeland
Federal Bar No. 490522
1765 Greensboro Station
Place, Suite 1000
McLean, Virginia, 22102
(703) 749-1080 (telephone)
E-Mail: jruderman@watttieder.com
E-Mail: jkneeland@watttieder.com

Counsel for Plaintiff, National Housing Trust
Community Development Fund

## CERTIFICATE OF SERVICE

I HEREBY certify that on September 4, 2026, I caused the foregoing Opposition to Defendant's Motion for Leave to File a First Amended Answer and for Leave to file a Limited Reply on:

Danya C. Cooper, Esquire
Cooper Legal, LLC
1 Olympic Place, Suite 900
Towson, MD 21204
dayna@cooperlegalsolutions.com

/s/ Joel W. Ruderman
Joel W. Ruderman