**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **NATIONAL HOUSING TRUST COMMUNITY DEVELOPMENT FUND** | * | |
| | * | |
| ***Plaintiff*** | * | **Case No.: 1:26-CV-76-MAU** |
| **v.** | * | |
| **NORTH EAST HOUSING INITIATIVE, INC.** | * | |
| ***Defendant*** | | |

* * * * * * * * * * * * *

**DEFENDANT NORTH EAST HOUSING INITIATIVE, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER AND FOR LEAVE TO FILE A LIMITED SURREPLY**

# TABLE OF CONTENTS

**I. NEHI DID NOT UNDULY DELAY, AND PLAINTIFF IDENTIFIES NO EVIDENCE OF BAD FAITH OR DILATORY MOTIVE. ....... *2***

**II. PLAINTIFF IDENTIFIES NO COGNIZABLE PREJUDICE FROM THE AMENDMENT. ....... *5***

**III. PLAINTIFF'S RULE 56 MERITS ARGUMENTS DO NOT ESTABLISH FUTILITY ....... *8***

**IV. PLAINTIFF'S OPPOSITION CONFIRMS THAT A LIMITED SURREPLY IS WARRANTED ....... *12***

**CONCLUSION ....... *14***

# TABLE OF AUTHORITIES

**Cases**

*U.S. v. All Assets Held at Bank Julius, Baer* & Co.,
229 F. Supp. 3d 62 (D.D.C. 2017). .......... 7
*Banner Health v. Sebelius*,
905 F. Supp. 2d 174 (D.D.C. 2012) .......... 13
*Barkley v. U.S. Marshals Serv. ex rel. Hylton,*
766 F.3d 25 (D.C. Cir. 2014) .......... 6
*Black Lives Matter D.C. v. Trump,*
720 F. Supp. 3d 1 (D.D.C. 2024) .......... 7
*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986) .......... 12
*City of Moundridge v. Exxon Mobil Corp*.,
250 F.R.D. 1 (D.D.C. 2008). .......... 6
*Crummey v. Soc. Sec. Admin*,
794 F. Supp. 2d 46 (D.D.C. 2011) .......... 13
*Harris v. Secretary, U.S. Department of Veterans Affairs,*
126 F.3d 339 (D.C. Cir. 1997) .......... 3
*Jones v. Castro,*
200 F. Supp. 3d 183 (D.D.C. 2016); .......... 10
*Mwani v. Al Qaeda*,
600 F. Supp. 3d 36 (D.D.C. 2022). .......... 9
*National Shopmen Pension Fund v. Burtman Iron Works, Inc*.,
148 F. Supp. 2d 60 (D.D.C. 2001) .......... 4
*Nurriddin v. Goldin*,
382 F. Supp. 2d 79 (D.D.C. 2005) .......... 4
*Tucker v. Rubio,*
2025 WL 689179 (D.D.C. Mar. 4, 2025). .......... 10
*University of Colorado Health at Memorial Hospital v. Burwell,*
233 F. Supp. 3d 69 (D.D.C. 2017). .......... 4
*Williams v. Fort Myer Constr. Corp.,*
2025 WL 2779953 (D.D.C. Sept. 30, 2025) .......... 9

**Rules**

Fed. R. Civ. P. 56. .......... 13

## INTRODUCTION

Plaintiff's Opposition confirms rather than defeats the basis for amendment. NEHI's August 10, 2026 Opposition raised waiver, equitable estoppel, and promissory estoppel, and Plaintiff's August 21, 2026 Reply objected that those defenses had not been separately pleaded. Plaintiff's Reply also contended that NEHI's originally pleaded affirmative defenses lacked sufficient factual allegations. Four days later, on August 25, 2026, NEHI moved to amend. There was no strategic delay in seeking to cure pleading objections first asserted in Plaintiff's Reply.

In addition, Plaintiff fails to identify cognizable prejudice. It identifies no discovery it would have taken differently, no witness it was prevented from examining, no document it would have sought, and no factual issue newly introduced by the proposed amendment. To the contrary, Plaintiff conducted discovery concerning the same modification history, course of dealing, grant-funded repayment structure, Collateral Assignment, and extension-related communications underlying the proposed defenses, and it has already addressed those defenses extensively on their merits.

Plaintiff's futility argument likewise asks the Court to decide the pending summary judgment dispute under the guise of Rule 15. Whether NEHI ultimately proves its defenses is not the question presented by this Motion. The proposed amendment supplies additional factual allegations and expressly pleads defenses arising from an already developed record. Plaintiff's disagreement with the inferences NEHI draws from that record does not render amendment futile.

Finally, Plaintiff's Opposition reinforces the need for the requested limited surreply. Plaintiff characterizes the Supplemental Evert Declaration as supplying "additional support" for

the same damages calculation and updating interest through August 26, 2026.[1] Pl.'s Opp'n at 6, ECF No. 41. However characterized, that evidentiary material was not part of Plaintiff's opening summary judgment record, and NEHI has not had an opportunity to respond to it. The requested five-page surreply would permit a response to that new evidence and to merits grounds first advanced in Plaintiff's Reply without reopening summary judgment briefing generally.

## I. NEHI DID NOT UNDULY DELAY, AND PLAINTIFF IDENTIFIES NO EVIDENCE OF BAD FAITH OR DILATORY MOTIVE.

Plaintiff's accusation of "undue delay, bad faith, and dilatory motive" rests principally on the fact that NEHI did not seek amendment before Plaintiff filed its summary judgment Reply. Pl.'s Opp'n at 3-5. That chronology omits the event that prompted the present Motion.

NEHI filed its Opposition to summary judgment on August 10, 2026, raising waiver, equitable estoppel, and promissory estoppel and identifying the existing record on which those defenses rested. Plaintiff's August 21 Reply then objected that those defenses could not be considered because they had not been separately pleaded and further contended that NEHI's originally pleaded defenses were deficient because they were "recited by name only, without any supporting facts." Pl.'s Reply ISO Mtn. Summ. J., ECF No. 39, at 2, 6. NEHI sought leave to amend on August 25, 2026, four days later, and before any ruling on summary judgment. The proposed amendment directly responds to those pleading objections.

[1] Plaintiff's summary judgment Reply states that the Supplemental Evert Declaration calculated default interest through August 20, 2026. Pl.'s Reply ISO Mtn. Summ. J., ECF No. 39, at 14. Plaintiff's Opposition to NEHI's Motion to Amend later characterizes the same supplemental declaration as updating interest through August 26, 2026. Pl.'s Opp'n, ECF No. 41, at 6. NEHI need not resolve that discrepancy here. Under either characterization, the supplemental damages material and updated interest calculation were not part of Plaintiff's opening summary judgment record and were submitted only after NEHI challenged Plaintiff's damages proof.

That is not strategic withholding. NEHI did not conceal these theories until after an adverse ruling or seek to inject an unrelated defense based on newly asserted facts. Its Opposition openly argued waiver and estoppel and identified the existing record on which those defenses rested. Notably, Plaintiff responded to those defenses on their merits. NEHI then invoked Rule 15 promptly after Plaintiff asserted that the pleadings themselves presented an obstacle to their consideration.

Plaintiff's pleading objections concern two distinct categories that should not be conflated. As to laches, excuse, inequitable relief, failure to mitigate, and unclean hands, Plaintiff contends that the defenses appearing in NEHI's Answer lacked sufficient factual detail. As to waiver, equitable estoppel, and promissory estoppel, Plaintiff contends that the defenses were not separately pleaded at all. The proposed amendment cures both asserted deficiencies. It supplies additional factual allegations supporting the defenses already pleaded, and it expressly pleads the additional defenses already litigated in NEHI's summary judgment Opposition.

Plaintiff's reliance on *Harris v. Secretary, U.S. Department of Veterans Affairs* does not establish bad faith or undue delay. *Harris* recognized that amendment may properly be denied to "a strategic litigant who *intentionally* neglected to plead a defense." 126 F.3d 339, 345 (D.C. Cir. 1997) (emphasis added). Plaintiff identifies no evidence that NEHI intentionally withheld these defenses for strategic advantage. To the contrary, NEHI placed waiver, equitable estoppel, and promissory estoppel squarely at issue in its Opposition and sought leave to amend promptly after Plaintiff raised the objection that those defenses had not been separately pleaded. *Harris* itself reversed the judgment entered on an unpleaded defense and remanded so that the defendant could seek leave to amend. *Id.* at 341, 345.

Plaintiff's Opposition completely ignores *National Shopmen Pension Fund v. Burtman Iron Works, Inc.* despite its direct application here. 148 F. Supp. 2d 60 (D.D.C. 2001). There, as here, waiver was raised at summary judgment without having been pleaded as an affirmative defense. *Id*. Rather than deem the defense forfeited because the case had reached summary judgment, the court afforded the defendant twenty days to amend its answer. *Id.* Plaintiff neither distinguishes *National Shopmen* nor explains why the same Rule 15 procedure should be unavailable here.

Plaintiff's attempts to distinguish *University of Colorado Health at Memorial Hospital v. Burwell and Nurriddin v. Goldin* fare no better. Plaintiff asserts that in *University of Colorado Health* "the proposed preclusion defenses became available only after judgments were entered in related litigation shortly before the defendant asserted them." Pl.'s Opp'n at 5, ECF No. 41. But the *University of Colorado Health* court granted leave to add an affirmative defense that the movant had raised only in reply briefing on a cross-motion for summary judgment, expressly holding that a ten-month delay in seeking amendment was not undue. 233 F. Supp. 3d 69, 82-83 (D.D.C. 2017). That delay is longer than the delay at issue here. In *Nurriddin*, the defendant sought leave to amend to add a defense it already raised in its own pending summary judgment motion. 382 F. Supp. 2d 79, 91-92 (D.D.C. 2005) ("[w]ithout this amendment, defendant could not assert the exhaustion arguments contained in its motion for summary judgment").

Plaintiff's remaining bad-faith argument rests on an inference drawn from the history of undersigned counsel's withdrawal and subsequent return, coupled with an unrelated returned loan payment check. Pl.'s Opp'n at 3-4, ECF No. 41. NEHI does not dispute that counsel moved to withdraw and later reentered an appearance. But NEHI's Motion to Withdraw expressly disclosed, before Plaintiff filed its Motion for Summary Judgment, that "the present withdrawal need not preclude future representation if appropriate circumstances arise." Mtn. to Withdraw, ECF No. 25,

at 2 n.1. The specific circumstances underlying counsel's withdrawal and subsequent return implicate privileged attorney-client communications, as previously explained to the Court in connection with the withdrawal proceedings. Reply ISO Mtn. to Withdraw, ECF No. 29, at 10. Undersigned counsel continues to maintain that privilege and remains prepared to address those circumstances *in camera* if the Court considers them relevant to any issue presented here. Plaintiff identifies no connection between this history and any decision regarding NEHI's pleadings, and none exists. Nor does Plaintiff explain what a returned check for a loan payment has to do with counsel's intent in pleading affirmative defenses. Plaintiff identifies no connection, and none exists.

## II. PLAINTIFF IDENTIFIES NO COGNIZABLE PREJUDICE FROM THE AMENDMENT.

Plaintiff next argues that amendment would cause "substantial procedural and financial prejudice" because discovery has closed and Plaintiff would incur expense addressing the amended defenses. Pl.'s Opp'n at 2-3, ECF No. 41. But Plaintiff never identifies what discovery it actually lacks. Plaintiff identifies no additional deposition it would have taken, no witness it would have examined differently, no interrogatory or document request it was prevented from serving, and no evidence rendered unavailable by the timing of amendment. That omission is significant because the proposed amendment introduces no new transaction, witness, or factual universe. It concerns the same repeated loan modifications, extension-related communications, AHTF grant structure, Collateral Assignment, course of dealing, and enforcement conduct already explored during discovery and litigated at summary judgment. This is particularly true of waiver, equitable estoppel, promissory estoppel, excuse, and the defenses concerning the Collateral Assignment, each of which is directly supported by the deposition testimony and discovery responses cited

below. Given the amendment relies on evidence already developed during discovery, rather than newly discovered facts, amendment is if anything more readily justified than in cases involving late-discovered evidence, since there is no risk that further discovery would be required or that the factual record would need to be reopened. No trial date has been set in this case, and no scheduling deadline stands in the way of amendment.

Plaintiff's assertions that amendment would "reopen completed proceedings," require it to "rebrief its dispositive motion," and impose "substantial financial cost," *Id*. are conclusory and unsupported by the record. Plaintiff does not identify what would need to be rebriefed, what proceeding would need to reopen, or what specific cost it would incur beyond the ordinary expense that attends the litigation of any amended pleading. Indeed, Plaintiff's Reply devoted substantial argument to the merits of these very defenses, undermining any suggestion that further litigation of them would impose cognizable prejudice. If the ordinary expense of litigating an amendment were sufficient to defeat a motion under Rule 15, no pleading could ever be amended, since every amendment necessarily requires the opposing party to expend some additional effort in response. *City of Moundridge v. Exxon Mobil Corp*., 250 F.R.D. 1, 7 (D.D.C. 2008) (denying leave to amend because it "may result in additional discovery or expense" "would contradict the standard of granting leave freely when justice requires"); *see also*, *Jiggetts v. Cipullo*, 285 F. Supp. 3d 156, 163 (D.D.C. 2018) ("[T]o employ a policy of denying []  leave to amend in every situation where an amended [pleading] may result in additional discovery or expense[] . . . would fail to abide by the legal standard of granting leave 'freely ... when justice so requires.'")(citations omitted). Moreover, Plaintiff's prejudice argument also fails as a matter of law, because the additional expense of litigating an amended pleading is not, by itself, undue prejudice under Rule 15. *See, Barkley v. U.S. Marshals Serv. ex rel. Hylton,* 766 F.3d 25, 38-39 (D.C. Cir. 2014); *Black Lives*

*Matter D.C. v. Trump,* 720 F. Supp. 3d 1 (D.D.C. 2024); *U.S. v. All Assets Held at Bank Julius, Baer* & Co., 229 F. Supp. 3d 62 (D.D.C. 2017).

Indeed, Plaintiff examined NEHI's corporate representative concerning the parties' repeated extensions, the anti-waiver and integration provisions, the parties' course of dealing, the AHTF grant-funded repayment structure, and the extension-related communications now underlying the amended defenses. Good Dep. Tr. 70:8-22, 72:10-73:7, 76:18-81:22, ECF No. 39-2 (AHTF grant-funded repayment structure and modification history); *id*. at 93:13-94:9, 94:11-95:4, ECF No. 26-2 (anti-waiver and integration provisions); *id*. at 129:4-130:10, ECF No. 39-2 (course of dealing and extension-related communications). Plaintiff's discovery responses likewise addressed its reasons for granting modifications, its understanding of the AHTF grant process and City delays, and its conduct concerning the Collateral Assignment. Pl.'s Resp. to ROG. Nos. 4-5, ECF No. 40-3 at 2-5. The amendment therefore does not deprive Plaintiff of an opportunity to investigate an unfamiliar factual theory; it supplies additional factual allegations and legal labels for matters Plaintiff already investigated.

Plaintiff also mischaracterizes NEHI's argument concerning Rule 12(f). NEHI obviously did not contend that Plaintiff was required to anticipate or move to strike defenses NEHI omitted from its Answer. The point concerned the defenses NEHI actually pleaded, which Plaintiff's Reply characterized as bare labels. NEHI has never argued that Plaintiff's failure to move to strike those defenses legally bars Plaintiff's present objection; the point goes to notice and prejudice, because Plaintiff proceeded through the entirety of discovery without ever challenging the sufficiency of those pleaded defenses. That history is inconsistent with Plaintiff's present contention that amendment supplying factual detail to those same pleaded defenses leaves it without a fair opportunity to respond.

Plaintiff's own position further undermines its prejudice argument. Plaintiff simultaneously contends that amendment will require substantial additional litigation and that it has already "demonstrated in its Reply" that the proposed defenses fail on the merits. Pl.'s Opp'n at 6, ECF No. 41. Those positions are difficult to reconcile. Plaintiff identifies no discovery that must be reopened and, by its own account, has already marshaled the existing record and presented its substantive response to the defenses. That is not prejudice; it is evidence that Plaintiff has had, and has used, a full opportunity to respond. *See, Williams v. Fort Myer Constr. Corp.,* No. 23-cv-3466 (DLF), 2025 WL 2779953, at *4 (D.D.C. Sept. 30, 2025) (amendment to add an affirmative defense caused no undue prejudice where the opposing party "had notice of [the] defense" and "argued against the merits of the defense in his summary judgment motion") (citing *Lenkiewicz v. Castro,* 145 F. Supp. 3d 140, 147-49 (D.D.C. 2015) (allowing amendment to add an undue hardship defense where the plaintiff "fully argued against the merits" of the defense in summary judgment briefing).

Plaintiff's repeated emphasis that NEHI does not dispute execution of the loans, receipt of the proceeds, or nonpayment does not establish futility. *See*, Pl.'s Opp'n at 2, 5-6, ECF No. 41. The very purpose of the affirmative defenses is to identify circumstances that, even assuming Plaintiff's *prima facie* contract showing, may preclude or limit the relief Plaintiff seeks.

**III. PLAINTIFF'S RULE 56 MERITS ARGUMENTS DO NOT ESTABLISH FUTILITY.**

Plaintiff's futility argument largely repackages its pending summary judgment Reply. It argues that NEHI failed to identify material facts sufficient to prove its defenses, emphasizes NEHI's admissions concerning the underlying loans, and concludes that the proposed amendment would not alter the summary judgment result. Pl.'s Opp'n at 5-6, ECF No. 41. That asks the Court

to resolve the merits of the parties' Rule 56 dispute in deciding whether the pleading may be amended.

NEHI does not dispute that it bears the ultimate burden of proof on its affirmative defenses. That allocation of the ultimate burden, however, does not excuse Plaintiff from addressing defenses already appearing in the operative pleading when seeking summary judgment disposing of its claims in their entirety. Plaintiff's opening Motion did not identify an absence of evidence as to any element of those defenses or otherwise articulate a basis for judgment notwithstanding them. Plaintiff did so for the first time in Reply.

In any event, Plaintiff's futility argument applies the wrong lens. The question presented by this Motion is whether the proposed defenses are legally futile, not whether NEHI will ultimately prevail on them under Rule 56. In the Rule 15 context, futility ordinarily turns on whether the proposed amended pleading could survive the applicable Rule 12 challenge. *Mwani v. Al Qaeda*, 600 F. Supp. 3d 36, 49 (D.D.C. 2022). Since NEHI seeks to amend an answer to plead affirmative defenses, the analogous inquiry is whether the proposed defenses are facially insufficient or legally unavailable under Rule 12(f). Fed. R. Civ. P. 12(f). A defendant's answer need only affirmatively state an affirmative defense, and courts in this District have recognized that even a single sentence can suffice. *Williams v. Fort Myer Constr. Corp.,* No. 23-CV-3466 (DLF), 2025 WL 2779953, at *5 (D.D.C. Sept. 30, 2025)(citations omitted). The Rule 12(f) inquiry does not require the Court to resolve competing evidence or determine whether NEHI ultimately will carry its burden under Rule 56.

NEHI does not contend that it may avoid Rule 56 by relying on pleading allegations alone. If the Court reaches summary judgment, NEHI must support its defenses with competent record

evidence. But that merits question is distinct from whether the proposed Amended Answer pleads legally available, facially sufficient defenses under Rule 15. Plaintiff's contention that NEHI's evidence ultimately will not carry those defenses is a summary judgment argument; it does not establish that the proposed defenses are futile at the pleading stage. Courts in this District have declined to turn Rule 15 futility review into a broad evidentiary inquiry where doing so would require resolving competing factual materials or merits disputes. *Jones v. Castro,* 200 F. Supp. 3d 183, 188 n.4 (D.D.C. 2016); *Tucker v. Rubio,* No. CV 22-1854 (CKK), 2025 WL 689179, at *5 (D.D.C. Mar. 4, 2025). The Court should likewise decline to transform this Rule 15 motion into a premature adjudication of whether NEHI's Rule 56 submission ultimately defeats summary judgment.

Even if the Court looks beyond the sufficiency of the proposed pleading, Plaintiff's futility argument still fails on its own premise. This is not a case in which NEHI has identified no evidence supporting its defenses. NEHI's Opposition cited the parties' repeated loan modifications, Plaintiff's internal records and discovery responses concerning the AHTF grant and City delays, the Collateral Assignment and Plaintiff's admitted conduct concerning it, and testimony concerning the parties' communications and course of dealing. Plaintiff's Reply confirms that such evidence exists and devotes substantial briefing explaining why that evidence purportedly does not establish mitigation, waiver, estoppel, and the other defenses. Plaintiff therefore conflates an alleged failure of evidence with a dispute over the legal significance and sufficiency of identified evidence. The former may support a straightforward *Celotex* disposition where no evidence exists on an essential element. The latter requires consideration of the actual evidentiary record and the reasonable inferences it permits. Plaintiff may ultimately prevail on some or all of those arguments, but its disagreement with NEHI over the significance of an existing record does not establish that

amendment itself is futile. The length of Plaintiff's own merits response demonstrates the distinction — Plaintiff does not identify an evidentiary vacuum; it argues at length that the evidence NEHI identified should be given a different legal effect.

Plaintiff's reliance on paragraphs 5 and 10 of the Summary Judgment Procedures Order compounds the problem. Paragraph 5 appears under the Order's "**<u>Movant's</u> Statement of Facts"** heading and governs what the Court may disregard from the movant's factual assertions; it imposes no obligation on NEHI. ECF No. 20. (Emphasis added). Paragraph 10 governs whether an opposing party adequately responded to the movant's numbered facts, an obligation NEHI satisfied in its thirty-four paragraph response to Plaintiff's Statement of Undisputed Material Facts. *Id*. Neither paragraph requires an opposing party to independently substantiate its affirmative defenses in any particular format, and Plaintiff cites neither for what it actually says.

Likewise, paragraph 11 fails to support Plaintiff's position. Paragraph 11 provides that an opposing party "***may*** also include" a separate statement identifying additional material facts. *Id*. at ¶ 11 (emphasis added). Plaintiff thus treats the Order's permissive "may" as mandatory and seeks to impose a forfeiture consequence, loss of NEHI's affirmative defenses, that appears nowhere in the Order.

Plaintiff's contention that NEHI identified no fact disputing damages is contradicted by NEHI's response to Plaintiff's Statement of Undisputed Material Facts. *See,* Pl.'s Opp'n at 6. NEHI disputed Plaintiff's claimed principal balance, default-interest accrual, and attorneys' fees on the ground that Plaintiff's opening evidence supplied no underlying payment history, accounting record, or interest calculation. Def.'s Resp. to Pl.'s SUMF ¶¶ 31-32, 34, ECF No. 38-15; *see also*, Def's Opp'n at 32-36, ECF No. 38. Plaintiff, as the movant seeking judgment on a

specific dollar figure, bears the burden of producing competent evidence supporting that figure in the first instance. *See, Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Rule 56 permits a non-movant to oppose a factual assertion by showing that the movant's cited materials do not establish the absence of a genuine dispute; NEHI therefore was not required to supply its own damages calculation merely to challenge whether Plaintiff's opening evidence adequately established the amount for which Plaintiff sought judgment. Fed. R. Civ. P. 56(c)(1)(B). Whether NEHI has demonstrated a genuine dispute as to that amount, and what further threshold issues bear on Plaintiff's damages calculation, are matters NEHI's requested surreply would address.

The Court can address the ultimate sufficiency of NEHI's evidence when deciding summary judgment on a complete and procedurally fair record. Rule 15 does not require the Court to resolve those disputed merits questions as the price of allowing NEHI to conform its pleading to defenses already being litigated.

## IV. PLAINTIFF'S OPPOSITION CONFIRMS THAT A LIMITED SURREPLY IS WARRANTED.

Plaintiff argues that its Reply raised "no new matter" because it merely responded to NEHI's Opposition. Pl.'s Opp'n at 7. That characterization does not resolve the issue.

As to NEHI's originally pleaded defenses, Plaintiff's opening Motion did not seek judgment on the ground that those defenses failed for the specific legal and evidentiary reasons first articulated in its Reply, and Plaintiff's Opposition to this Motion does not respond to that omission. NEHI has never had an opportunity to respond to the specific merits grounds Plaintiff first raised in its Reply, yet Plaintiff asks the Court to rely on those grounds in entering summary

judgment. The requested surreply is limited precisely to avoiding a ruling based on arguments to which NEHI has had no opportunity to respond.

The need is even clearer as to damages. Plaintiff characterizes the Supplemental Evert Declaration as "suppl[ying] additional support for the same calculation after Defendant challenged the sufficiency of Plaintiff's evidence" and updating the interest through August 26, 2026. Pl.'s Opp'n at 6, ECF No. 41. However characterized, that evidentiary material was not part of Plaintiff's opening summary judgment record, and NEHI has never had an opportunity to respond to it. A five-page surreply is a narrow means of permitting that response.

Plaintiff's reliance on *Banner Health and Crummey* confirms rather than defeats NEHI's request. Both decisions denied leave to file a surreply because the reply arguments at issue merely rehashed a position the movant had already taken in its opening brief, or responded directly to a concession the non-movant had already made in its own opposition. *See, Crummey v. Soc. Sec. Admin*, 794 F. Supp. 2d 46, 63 (D.D.C. 2011) (denying leave where the movant "largely rehashed its prior argument, citing to the evidence submitted with its opening memorandum"); *Banner Health v. Sebelius*, 905 F. Supp. 2d 174, 188 (D.D.C. 2012) (denying leave where the reply argument was "well within the bounds of a proper reply" because it responded to the non-movant's own "repeated, unambiguous denials" made in opposition). Here, by contrast, Plaintiff's opening Motion contained no merits argument as to NEHI's originally pleaded defenses for its Reply to rehash, and the Supplemental Evert Declaration is not evidence "submitted with its opening memorandum" revisited in Plaintiff's Reply; it is new material that did not exist until Plaintiff's Reply.

The requested relief is narrow and limited to five pages addressing reply-stage merits arguments and new damages evidence. It would not reopen discovery or afford NEHI another general opposition. It would ensure only that, if the Court considers those materials and arguments in deciding summary judgment, both sides have had an opportunity to address them.

## CONCLUSION

For the foregoing reasons, and those stated in its opening Motion, NEHI respectfully requests that the Court grant leave to file the proposed First Amended Answer and deem it filed as of the date of the Court's Order; grant NEHI leave to file a limited surreply not exceeding five pages addressing Plaintiff's reply-stage merits arguments and new damages evidence; and defer ruling on Plaintiff's Motion for Summary Judgment until the amended pleading is deemed filed and the permitted surreply has been submitted.

Dated: September 10, 2026

Respectfully submitted,
/s/Dayna C. Cooper

Dayna C. Cooper (Bar No. 1033851)
1 Olympic Pl., Suite 900
Towson, MD 21204
(202) 642-5470 (office)
Dayna@CooperLegalSolutions.com
*Counsel for Defendant,*
*North East Housing Initiative, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2026, I caused the foregoing Reply to be served via CM/ECF on all counsel of record.

/s/ Dayna C. Cooper
Dayna C. Cooper